UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC d/b/a MACMILLAN
LEARNING, *et al.*,

    Plaintiffs,

v.

SHOPIFY INC.,

    Defendant.

Case No. 1:21-cv-01340-CMH-JFA

**PROPOSED JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26 of the Local Rules of the United States District Court for the Eastern District of Virginia, and the Court's March 1, 2022 Order, Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc., Macmillan Holdings, LLC, and Elsevier B.V (collectively, "Plaintiffs") and Shopify, Inc. ("Shopify" or "Defendant") submit this Joint Discovery Plan.

**I.     Meeting**

On March 15, 2022, the parties conferred to consider the nature and basis of their claims and defenses, the possibility of a prompt settlement or resolution of the case, and trial before a Magistrate Judge; to arrange for the disclosures required by Rule 26(a)(1); and to develop this Joint Discovery Plan.

**II.    Initial Disclosures**

The parties have agreed to serve their initial disclosures pursuant to Federal Rule of Civil

1

Procedure 26(a)(1) on or before March 25, 2022.

### III.     Discovery Plan

The parties jointly propose the following Discovery Plan. Where the parties' views as to the appropriate schedule or scope of discovery differ, Plaintiffs' proposals and Defendant's proposals are listed separately.

### A.   Subjects for Discovery

The scope of discovery will be governed by Federal Rule of Civil Procedure 26(b), the Local Rules, and this Court's March 1, 2022 Order (ECF No. 33), except as proposed to be modified herein.

The Parties anticipate discovery will focus primarily on, first, Plaintiffs' allegations that Defendant: induced and/or knowingly materially contributed to its merchants' infringement of Plaintiffs' copyrights; had the right and ability to supervise and derived a direct financial benefit from its merchants' infringement of Plaintiffs' copyrights; continued to supply its services to merchants it knew or had reason to know had infringed Plaintiffs' trademarks; and acted willfully, profited from its unlawful activities, caused harm, and needs to be deterred.

Second, the Parties anticipate discovery will focus primarily on Defendant's defenses that it has acted in compliance with the Digital Millennium Copyright Act, 17 U.S.C. § 512(c), in addressing and/or removing such content, and has acted lawfully throughout, and that Plaintiffs do not hold valid rights in certain works subject to this suit.

### B.   Parties' Discovery

1. Per the Court's March 1, 2022 Order (ECF No. 33), all fact discovery, including fact depositions, must be completed by Friday, July 15, 2022.

    a. **Plaintiffs' Position**: As this is a complex case that the parties envision will require

significant discovery of electronically stored information, production and analysis of large datasets, numerous witnesses being deposed, and multiple experts, Plaintiffs respectfully request that the deadline to complete fact discovery be extended to September 30, 2022. Crucial evidence in this case regarding the repeatedly infringing merchants on Shopify's platform, as well as regarding Shopify's knowledge of and benefit from infringement, is exclusively in Shopify's hands. Shopify and its experts have had months to analyze that information, while Shopify proposes that Plaintiffs have a mere matter of days after completing production of that information (assuming Shopify produces all relevant data, which Shopify has not yet agreed to do) to review, synthesize, and analyze that information, depose key witnesses, and serve expert reports. Such a schedule is unworkable and would unduly prejudice Plaintiffs. Accordingly, the limited extension Plaintiffs request is justified. Contrary to Defendant's suggestion that the parties wait to request extensions in the future, the case will proceed in a more orderly and efficient manner if the parties realistically recognize the need to extend discovery at the outset.

b. **<u>Defendant's Position</u>**: Defendant believes that any request for an extension of the discovery deadlines is premature. Defendant proposes deadlines in accordance with the Court's March 1, 2022 Order (ECF No. 33), such that fact discovery is to be completed by Friday, July 15, 2022, without prejudice to either Party's ability to request reasonable extensions in the future should the specific facts and circumstances warrant. Plaintiffs chose more than four months ago to file in this Court, where it is widely known that cases move on an expedited basis. Defendant

      is prepared to participate fully in discovery to meet the timetable requested by the Court.

2. The parties agree that Fed. R. Civ. P. 30(a)(2)(A)(i)'s limit of 10 depositions per side without leave of Court is appropriate. A deposition pursuant to a notice under Fed. R. Civ. P. 30(b)(6) shall not count against this limit, regardless of whether the receiving party designates more than one witness to testify as to the topics in the notice.

3. The parties agree that the Court's March 1, 2022 Order (ECF No. 33) should be modified as follows: Absent good cause, each side may not exceed five (5) non-party, non-expert witness depositions nor serve on the other side more than thirty (30) interrogatories, including parts and subparts, without leave of Court. However, for purposes of interrogatories, a substantially similar interrogatory served on multiple parties or on behalf of multiple parties shall count as one interrogatory.

    **C. Expert Discovery**

1. Expert depositions will not count toward Fed. R. Civ. P. 30(a)(2)(A)(i)'s limit of 10 depositions per side without leave of Court.

    a. **Plaintiffs' Position**: Per the Court's March 1, 2022 Order (ECF No. 33), all expert depositions must be completed by July 15, 2022. As this is a complex case that the parties envision will involve significant discovery of electronically stored information, production and analysis of large datasets, numerous witnesses being deposed, and multiple experts, Plaintiffs respectfully request that the deadline to complete expert discovery be extended to September 30, 2022. As explained above, the extra time is necessary for experts to review, analyze, and synthesize the anticipated large volumes of information that will be produced in discovery.

>   Contrary to Defendant's suggestion that the parties wait to request extensions in the future, the case will proceed in a more orderly and efficient manner if the parties realistically recognize the need to extend discovery at the outset.
>
>   b. **Defendant's Position**: Defendant believes that any request for an extension of the discovery deadlines is premature. Defendant proposes deadlines in accordance with the Court's March 1, 2022 Order (ECF No. 33), such that expert discovery is to be completed by Friday, July 15, 2022, without prejudice to either Party's ability to request reasonable extensions in the future should the specific facts and circumstances warrant. Defendant proposes that document productions will be substantially complete by May 1, 2022, allowing both parties' experts time to review produced documents and prepare reports in time to meet the timeline in the Court's Order. To the extent further modest extensions of time are needed in the future, such requests could be addressed based on the facts as they actually exist, rather than as Plaintiffs speculate they might exist.
>
> 2. The parties have differing views on the ordering and timing of expert reports.
>
>    a. **Plaintiffs' Position**: The parties will serve all affirmative expert report(s) as required by Fed. R. Civ. P. 26 no later than August 5, 2022 (eight weeks before Plaintiffs' proposed close of discovery). The parties will serve all rebuttal expert report(s) as required by Fed. R. Civ. P. 26 no later than September 2, 2022 (four weeks before Plaintiffs' proposed close of discovery). Defendant's proposal of a three-stage expert report disclosure process (Plaintiffs' affirmative reports, followed by Defendant's affirmative and rebuttal reports, followed by Plaintiffs' rebuttal reports), unnecessarily consumes additional time in a tight schedule, leaves

minimal time to conduct expert depositions, and, by requiring to Plaintiffs to serve affirmative reports 30 days before Defendant, unfairly prejudices Plaintiffs, as: (i) Plaintiffs would have only two weeks after the deadline for substantial completion of document productions to serve affirmative reports, while Defendant would have six weeks; and (ii) discovery will be less complete at the time of Plaintiffs' affirmative reports, requiring Plaintiffs' experts to rely on limited information (much of which is exclusively in Defendant's possession, custody, or control) and/or serve supplemental reports incorporating subsequently produced information after the deadline. Defendant insists that Plaintiffs serve expert reports first because Plaintiffs bear the burden of proof on their claims, but Defendant overlooks that Defendant has pled 24 affirmative defenses on which Defendant bears the burden of proof. For these reasons, a schedule under which the parties simultaneously serve expert reports is more appropriate.

b. **Defendant's Position**: This Court's Rules provide default rules for the timing of expert disclosures. (*See* L.R. 26(C)(2).) Specifically, the disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made first by Plaintiffs by May 16, 2022 (60 days before the completion of discovery). The disclosures required by Fed. R. Civ. P. 26(a)(2) shall then be made by Defendant by June 15, 2022 (30 days later). Plaintiffs shall disclose by June 30, 2022 (15 days later) any evidence that is solely contradictory or rebuttal evidence to Defendant's disclosure. Defendant believes that these default rules are appropriate in this case, as they appropriately place the burden on Plaintiffs, as the claimants in this case, to prepare the first set of expert reports. Plaintiffs' proposal that Defendant, who has no affirmative claims, prepare

its expert reports without knowing what experts Plaintiffs intend to rely upon to prove its case in chief, is unduly prejudicial to Defendant. The ordinary schedule, in which Plaintiffs submit opening reports, Defendant then submits its reports, and Plaintiffs have an opportunity to rebut Defendant's reports if needed is appropriate.

### D. Summary Judgment

1. The parties have differing views on the timing of motions for summary judgment.

    a. **Plaintiffs' Position**: Plaintiffs propose that summary judgment motions be due by November 11, 2022 (six weeks after Plaintiffs' proposed close of fact discovery). Defendant's proposal that the parties file summary judgment motions before the close of fact discovery is unworkable, both because the record will not yet be closed at that time and the parties' efforts will be consumed with completing discovery (fact and expert) by the deadline.

    b. **Defendant's Position**: Defendant proposes that summary judgment motions be due by July 11, 2022 (just four days before the close of discovery, more than two months after the substantial completion of document productions, and after completion of all expert reports), so that their timing and impact on the schedule may be addressed, if necessary, at the pre-trial conference. Plaintiffs' proposal that the motions be filed months after the completion of discovery is inefficient and will unduly delay trial of this case.

### E. Final Pre-Trial Conference

1. Per the Per the Court's March 1, 2022 Order (ECF No. 33), the final pre-trial conference is scheduled for July 21, 2022.

    a. **Plaintiffs' Position**: Plaintiffs respectfully request that the Court postpone the Final

7

>
> Pre-Trial Conference until after the parties complete summary judgment briefing. Both parties in this case anticipate substantial summary judgment briefing, and deferring that hearing will allow the Court and the parties to focus the Final Pre-Trial Conference and related disclosures on the issues needed to be tried.
>
> b. **Defendant's Position**: In accordance with typical practice in this Court and the Court's March 1, 2022 Order (ECF No. 33), Defendant currently believes that it is appropriate to maintain the Final Pre-Trial Conference on July 21, 2022 at present, subject to the Court's consideration of additional factors, including any motions for summary judgment, at the time the conference is scheduled.

## IV. STIPULATIONS

### A. Electronically Stored Information

The parties contemplate producing electronically stored information ("ESI") that may be relevant to this matter and agree to produce ESI pursuant to a Stipulated Order Approving the Protocol for Producing Documents and Electronically Stored Information ("Stipulated Order"). The parties anticipate finalizing this Stipulated Order for the Court's review by March 28, 2022.

### B. Rolling Production

1. The parties will produce documents on a rolling basis.

    a. **Plaintiffs' Position**: Document productions shall be substantially complete by June 15, 2022 except for productions responsive to document requests served after May 18, 2022. Defendant's proposal allowing less than six weeks from service of objections to substantial completion of production leaves insufficient time for the parties to meet-and-confer (including over Defendant's 77 Requests for Production so far, many of which request "All Documents and Communications" concerning

      a variety of extremely broad subjects), negotiate resolutions, and collect, review, and produce documents responsive to the agreed scope.

   b. **Defendant's Position**: The Parties have already served Requests for Production of Documents.  To ensure adequate time for depositions and expert discovery (including Plaintiffs' expert reports due May 16, 2022), the Parties shall make initial productions of documents by April 15, 2022, and each side's productions shall be substantially complete by May 1, 2022.  Defendant's proposal allows two months, from March 1 to May 1, 2022, for substantial completion of document productions. Plaintiffs' statement that substantial production cannot be completed in that time frame is concerning.  Defendant's requests focused mostly on Plaintiffs' ownership, registration, and chain of title of the copyrights and trademarks listed on exhibits A and B to Plaintiffs' complaint and on Plaintiffs' basis for the allegations in their complaint, all of which is information that should have been in Plaintiffs' ready possession prior to this action's filing.  While Defendant agrees that a two month schedule will require the parties to engage fully and cooperatively in the meet and confer process, Defendant believes the time period is sufficient.

  **C. Privilege Logs**

1. Communications between a party and counsel of record in this litigation do not need to be included on the log.

2. Privileged communications, or protected work product, created on or after the commencement of this action do not need to be included on the log.

3. The parties agree that, subject to the Court's determination on the possible exception identified below, in creating a privilege log, the parties may log privileged communications by

9

stating the category or categories of documents being withheld, and the basis for withholding, without separately listing each such communication on the log.

    a. **Plaintiffs' position**: Documents discussing and/or implementing Shopify's DMCA and trademark policies, or Shopify's response to DMCA or trademark notices, should be logged on a document-by-document basis in light of the centrality of these issues to the case. To be clear, Plaintiffs agree that Defendant may categorically log documents regarding other issues over which Defendant asserts a claim of privilege (*e.g.*, communications regarding lawsuits, responding to subpoenas, document preservation, etc.).

    b. **Defendant's position**: Plaintiffs propose that Defendant must incur the burden of producing a document-by-document privilege log but they should be excused from the same burden. The suggestion that the "exception" proposed would apply only to one category of documents is, intentionally or not, misleading: it encompasses the bulk of the case (as virtually all responsive documents in this DMCA/trademark litigation will in some way discuss Shopify's DMCA/trademark policies or its implementation of those policies). Plaintiffs identify no precedent in this Court's practice or the law for such a one-sided approach, and Defendant is likewise aware of none. Defendant agrees that the burdens of document-by-document privilege logs are not necessary for either side to incur in this case—but if the Court disagrees, then it should impose the burden evenly, on both sides.

    D. **Documents Received from Non-Parties**

Any Party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other Party, at the other Party's cost.

### E. Service

For all motions and other Court filings, the parties agree to rely on automated service through ECF. For service of documents not filed through ECF, the parties agree to serve, and accept service, by e-mail. The parties agree to exchange Word copies of all discovery requests on the date the discovery is served.

### F. Protective Order

The parties shall confer on the terms of an appropriate protective order that may be deemed necessary to protect confidential, proprietary information that may be exchanged during the course of discovery. The parties will file an appropriate motion for entry of a protective order on or before March 28, 2022.

### G. Discovery Concerning Shopify Merchants

The parties expect that discovery will include information concerning certain Shopify merchants. Merchants' identities and related information can be sufficiently protected via the terms of the Protective Order in section "F" above, and, with respect to any filings, this Court's standard practices for protection and/or sealing of personally identifying information (*e.g.*, L.R. 5, 7(C)), and the Federal Rules (*e.g.*, Fed. R. Civ. P. 5.2).

### H. Amendments to Pleadings

1. The parties agree that any request to join parties or amend the narrative complaint or claims or other pleadings shall be by motion and for good cause only.

    a. **Plaintiffs' Position**: Plaintiffs may file amended versions of Exhibit A (list of copyrights at issue) and/or Exhibit B (list of trademarks at issue) to the Complaint by June 3, 2022. Defendant's proposed date of April 1, 2022 is unrealistic, as Plaintiffs will not have received any discovery from Shopify before the deadline to

11

amend. Substantial information about the infringed copyrighted works and trademarks and Shopify merchants at issue—including infringement notices from others concerning those merchants and how various Shopify merchants relate to one another—is exclusively within Shopify's possession, custody, and control. Plaintiffs need time to review and analyze that information once Defendant produces it. Accordingly, Plaintiffs have proposed a date four weeks after Defendant's proposed date for substantial completion of document productions. In addition, Plaintiffs do not believe it is either necessary nor practicable to limit amendment to Exhibits A or B to preclude adding works or marks where the infringement accrued after March 1, 2022. Contrary to Defendant's arguments about a "moving target," the outer scope of the copyrights and trademarks listed in Exhibits A and B will be fixed no later than June 3, 2022.

b. **Defendant's Position**: To allow sufficient time for fact and expert discovery, any motion to join parties or amend the narrative complaint or claims or other pleadings shall be filed on or before April 1, 2022. Plaintiffs may, as of right, file amended versions of Exhibit A (list of copyrights at issue) and/or Exhibit B (list of trademarks at issue) to the Complaint by that date to conform those Exhibits to information learned in discovery or to narrow those lists. However, <u>in no instance shall Plaintiffs be permitted to add new works where claims of infringement accrued after March 1, 2022</u>. Plaintiffs' statement that Defendant will not have provided any discovery by the amendment date is false, as Defendant's responses to Plaintiffs' initial interrogatories and requests for production are due before that date. Regardless, Defendants do not agree that Plaintiffs need discovery to amend

their complaint to add additional works.  To the contrary, items for sale by Shopify Merchants are publicly available and, in fact, Plaintiffs submit new notifications of alleged infringement to Shopify each week.  Thus, Plaintiffs already possess the information needed to amend.  On the other hand, Plaintiff's proposal contemplates that they could add hundreds, perhaps thousands, of new works to the case as late as June 3, 2022—just five weeks before the discovery cutoff and after Defendant's proposed deadline for substantial completion of document productions.  Defendant would then need to take discovery on Plaintiff's new works, including the works' ownership, chain of title, copyright registration, and the like, and would also need to review and produce a substantial volume of documents related to those new works.  Permitting expansion of the core claims in the case at such a late date would create a "moving target" and unreasonably impair Defendant's ability to prepare for trial.

### I. Settlement Negotiations

The parties will discuss settlement opportunities and consider the possibility of a settlement conference as the case progresses.

### J. Trial

A jury trial has been demanded. Plaintiffs anticipate that trial of this matter will last three weeks. Defendant believes an estimate of no more than two weeks is more appropriate.  The parties have not consented to trial before a Magistrate Judge.

| | |
|---|---|
| Dated:  March 16, 2022 | Respectfully submitted, |
| /s/ David L. Johnson | /s/ Scott A. Zebrak |
| David L. Johnson (VSB No. 89289)<br>Sarang Vijay Damle (*pro hac vice*) | Matthew J. Oppenheim (*pro hac vice*)<br>Scott A. Zebrak (38729) |

Elana Nightingale Dawson (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice* application pending)
Nicholas L. Schlossman (*pro hac vice* application pending)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax
Email: david.johnson@lw.com
Email: sy.damle@lw.com
Email: elana.nightingaledawson@lw.com
Email: nicholas.schlossman@lw.com

Andrew M. Gass (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison L. Stillman (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200 / (212) 751-4864 Fax
Email: alli.stillman@lw.com

Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice* application pending)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5000 / (424) 653-5501 Fax
Email: jessica.stebbinsbina@lw.com
Email: elizabeth.greenman@lw.com

*Attorneys for Defendant Shopify, Inc.*

Michele H. Murphy (*pro hac vice*)
Corey Miller (*pro hac vice)*
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
scott@oandzlaw.com
michele@oandzlaw.com
corey@oandzlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVCE**

I HEREBY CERTIFY that on March 16 2022, I caused the foregoing document to be

filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

<i><u>/s/ Scott A. Zebrak</u></i><br>
Scott A. Zebrak