# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC d/b/a MACMILLAN
LEARNING, *et al.*,

      Plaintiffs,

v.

SHOPIFY INC.,

      Defendant.

Case No. 1:21-cv-01340-CMH-JFA

## PLAINTIFF PEARSON EDUCATION, INC.'S RESPONSES TO DEFENDANT SHOPIFY INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Pearson Education, Inc. ("Plaintiff" or "Pearson"), by and through its attorneys, responds as follows to Defendant Shopify Inc.'s ("Defendant" or "Shopify") First Set of Requests for Production. Plaintiff will produce non-privileged documents as indicated below on a rolling basis until such production is complete.

## PRELIMINARY STATEMENT

1.     Plaintiff makes a reasonable effort to respond to Defendant's requests as Plaintiff understands and interprets each request. If Defendant subsequently asserts any interpretation of any request that differs from Plaintiff's interpretation, Plaintiff reserves the right to supplement and amend its responses.

2.     All responses are based on information presently known to Plaintiff after reasonable investigation. Plaintiff's responses as set forth herein are made without prejudice to Plaintiff's right to assert any different, additional, or supplemental responses as additional information

becomes known to Plaintiff.

3.    Nothing contained herein is an admission relative to the existence of any information or documents sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request. For example, even where a response below states that Plaintiff will produce responsive, non-privileged documents following a reasonable search of its records, Plaintiff's response is not an admission that such responsive, non-privileged documents exist.

4.    Subject to and without waiving the objections served on March 17, 2022, Plaintiff will produce electronically stored information ("ESI") according to the Stipulated Order Approving the Protocol for Producing Documents and Electronically Stored Information.

5.    Notwithstanding Plaintiff's objections herein, Plaintiff is willing to meet and confer with Defendant in order to attempt to mutually agree upon a reasonable scope of non-objectionable discovery that can be provided without undue or disproportionate burden.

## GENERAL OBJECTIONS

1.    The following General Objections apply to each and every request and should be considered part of Plaintiff's objections to each and every request. Any specific objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection. In addition, the failure to include any specific objection to a request is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's rights to assert that or any other objection at a later date.

2.    Plaintiff objects to the "Definitions" and "Instructions" in Defendant's requests to the extent they purport to impose upon Plaintiff any duty or obligation that is inconsistent with or

in excess of Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rule or court order. Plaintiff will interpret and respond to the requests in the manner prescribed by the same.

3.      Plaintiff objects to the definition of "Document" to the extent it is contrary to the Stipulated Order Approving the Protocol for Producing Documents and Electronically Stored Information.

4.      Plaintiff objects to definitions of the terms "you," "your," "Pearson Education," "Cengage Learning," "Elsevier," "Elsevier B.V.," "Macmillan Holdings," "Macmillan Learning," "McGraw Hill," "Publishers," "Plaintiff," and "Plaintiffs." These terms render the relevant requests overly broad, unduly burdensome, not proportional to the needs and scope of the case, and designed to seek information that is not relevant to the claims or defenses in the litigation, insofar as these terms encompass not only the Plaintiffs who initiated this action, but also purport to encompass their parents, subsidiaries, affiliates, divisions, predecessors, successors, assignees, principals, officers, investors, employees, directors, agents, consultants, attorneys, and "all other persons acting or purporting to act on its behalf or under the control of any of the foregoing." Plaintiff responds to these requests with respect to Pearson only.

5.      Plaintiff objects to these requests to the extent they call for the production of documents and/or information that Plaintiff is prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

6.      Plaintiff objects to any request that seeks information not within Plaintiff's present possession, custody, or control, or seeks information that already is in the possession of Defendant or that is equally available to Defendant from other sources.

7.      Plaintiff objects to the requests to the extent they are duplicative or redundant of

each other.

8.    Plaintiff objects to the requests to the extent they require Plaintiff to draw legal conclusions in order to respond.

9.    Plaintiff objects to the requests to the extent that compliance with them would impose upon Plaintiff undue burden, oppression, and/or expense. As used herein, these terms include: (i) requests that, so characterized, require a search for information not relevant to this lawsuit or to the particular matters at issue between Plaintiff and Defendant; or (ii) that the value, if any, of the locating of such documents is far outweighed by the burden or cost of producing them.

10.    Plaintiff objects to the requests to the extent they are overly broad, vague, ambiguous, and/or incomprehensible. As used herein, the phrase "overly broad" includes requests that, so characterized, seek, at least in part, documents, things, or information irrelevant in scope, subject matter, and/or time period to this lawsuit or to the particular matters at issue in this lawsuit.

11.    Plaintiff objects to the definitions, instructions and requests as overly broad and unduly burdensome to the extent they require Plaintiff to produce documents or information beyond what Plaintiff locates from a reasonable and diligent search of its files.

12.    Plaintiff objects to the requests that do not specify a time period governing the requested information. These requests are overly broad, unduly burdensome, not proportional to the needs and scope of the case, and, at least in part, seek information that is not relevant to the claims or defenses in the litigation.

13.    Plaintiff objects to the use of the word "all" in the requests, as it makes the requests overly broad, unduly burdensome, and disproportionate to the needs of the instant action. It is impossible to represent, even after a reasonably diligent search, that "all" documents or

information falling within a description can be or has been located, particularly for a large corporation such as Plaintiff with various offices, divisions, and departments. Therefore, Plaintiff cannot warrant or represent that it has produced "all" documents or information, only that it has produced that which could be located after a reasonably diligent search. Plaintiff objects to any further requirement as unduly burdensome.

14.     Plaintiff objects to the requests that can be read to seek information from Plaintiff pertaining to its co-Plaintiffs. All responses are provided as to Pearson only, and not the other Plaintiffs in this action. For instance, various requests use the defined terms of Copyrighted Works and Trademarks, which include all the works in Exhibit A to the Complaint and all the marks in Exhibit B to the Complaint. Pearson interprets those requests to apply only with respect to Pearson's copyrights and trademarks as listed on those exhibits to the Complaint.

15.     Plaintiff further objects to the use of the defined terms of Copyrighted Works and Trademarks to the extent that it seeks identification of each of Plaintiff's works or marks infringed with Shopify's assistance. The full scope of that infringement is not known at this time. Information showing which works or marks are available on Shopify's platform is more readily within Shopify's possession, custody, or control. A more complete picture of that infringement will be determined during discovery, and Plaintiff reserves the right to rely upon or assert claims regarding Shopify's infringement of any of Plaintiff's copyrighted works or trademarks.

16.     Plaintiff objects to the requests that seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/prosecution or common interest privilege, or any other applicable privilege or immunity. The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any

4

ground for objection, or of the right of Plaintiffs to object to the use of such information during subsequent proceedings.

17.     Plaintiff objects to the requests for production to the extent they seek confidential or proprietary information pertaining to Plaintiff's business, technology, or economic relationships. Plaintiff will only provide such responsive information or documents once a stipulated protective order is in place, and the parties agree that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Virginia, and upon receipt of permission from third parties, if necessary. Plaintiff will produce all confidential and highly confidential documents and information in response to Defendant's requests pursuant to the terms of a Protective Order entered by the Court.

18.     Plaintiff's responses to the requests for production will be made without waiver of, and with the intentional preservation of:

a. All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

b. The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c. The right to object at any time to responses to requests for production on any ground; and

d. The right to revise, correct, supplement, or clarify the objections propounded herein at any time.

19.     Identification or production of documents or information responsive to any discovery request should not be construed as:

a.  An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.  A waiver by Plaintiffs of any of their objections as set forth herein; or

c.  An agreement that requests for similar information will be treated in a similar manner.

20.     Plaintiff objects to the requests to the extent that compliance with them would impose upon Plaintiff undue burden or expense; require a search for information not relevant to the claims and defenses in this lawsuit; or require efforts to respond that are not proportional to the needs and scope of the case. In each such case, the value of producing the requested information is either non-existent or is outweighed by the burden or expense of producing it.

21.     Plaintiff objects to the requests as a whole as unduly burdensome, oppressive, unnecessarily duplicative, and not proportional to the needs and scope of the case. At 73 requests for production, many of which seek "all documents and communications" regarding their respective subject matter, Defendant's requests, collectively, impose an undue and unreasonable burden on Plaintiff that has and will continue to unnecessarily consume resources, outweighing the likely benefit, if any, as many of the requests seek no relevant information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications, Including with Third Parties, Concerning Your copyright ownership for each Copyrighted Work, Including Your ownership percentage, and any alleged transfer or assignment of any copyright interest in any Copyrighted Work to You, any Plaintiff, or any Third Party.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document ever produced by Plaintiff in obtaining and subsequently exercising its ownership rights for each Copyrighted Work and in each Copyrighted Work, and there is no limitation in time or scope. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Copyrighted Works; and (ii) for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications sufficient to identify the ownership percentage for

each Copyrighted Work for any Person other than You.

**OBJECTIONS:**

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request on the grounds that it is unreasonably duplicative of other requests. Plaintiff further objects to this request on the ground that this request is vague and ambiguous as to whether "ownership percentage for each Copyrighted Work" means something other than whether Plaintiff is the sole copyright owner of each Copyrighted Work under its name as listed in Exhibit A to the Complaint. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff asserts that, based on information currently available to it, it is unaware of any document responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications sufficient to show the entire chain-of-title for the copyright of each Copyrighted Work.

**OBJECTIONS:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 1, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff similarly objects because the request also seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information may be necessary or relevant to the issues in the case. Plaintiff further objects to this request on the grounds that this request is vague, ambiguous and calls for a legal conclusion as to "entire chain of title." Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Copyrighted Works; and (ii) for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 4:**

All licenses and other agreements Concerning each Copyrighted Work, Including any licenses or agreements with any Person.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll licenses and other agreements . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every license and agreement that is remotely connected to a Copyrighted Work, in full or in part, and there is no limitation in time, scope, or licensees. Any license or other agreement executed between Plaintiff and a nonparty to this case is not at issue in the present case and has no relevance to, nor bearing on, the claims and defenses asserted in this case. Moreover, the request is entirely overbroad in that it seeks information pertaining to any license or other agreement, as Plaintiff is a major textbook publisher that maintains relationships with various entities concerning all stages of the creation, manufacture, sale, and distribution of its copyrighted material. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent it seeks documents or information outside of Plaintiff's U.S. higher education business. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, production of which would not be justified even under an agreed-upon protective order. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to this request as unreasonably duplicative of other requests.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Once Defendant has produced to Plaintiff information sufficient to identify the Shopify merchants who sold infringing copies of Plaintiff's Copyrighted Works, Plaintiff will produce any licenses or agreements for the Copyrighted Works it has with those merchants, to the extent any such licenses or agreements exist and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications, Including with Third Parties, Concerning licenses or other agreements related to each Work, Including any licenses or agreements with any authors or other copyright owners.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every license and agreement that is remotely related to a Copyrighted Work, in full or in part—which is duplicative of Request No. 4—as well as any document or communication with even the most tenuous connection to those licenses and agreements, and there is no limitation in time, scope, or licensee. Any license or other agreement executed between Plaintiff and a nonparty to this case is not at issue in the present case and has no

relevance to, nor bearing on, the claims and defenses asserted in this case. Moreover, the request is entirely overbroad in that it seeks "[a]ll Documents and Communications . . ." pertaining to any license or other agreement, as Plaintiff is a major textbook publisher that maintains relationships with various entities concerning all stages of the creation, manufacture, sale, and distribution of its copyrighted material. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent it seeks documents or information outside of Plaintiff's U.S. higher education business. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, production of which would not be justified even under an agreed-upon protective order. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, once Defendant has produced to Plaintiff information sufficient to identify the Shopify merchants who sold infringing copies of Plaintiff's Copyrighted Works, for any such Shopify merchants with whom Plaintiff has any licenses or agreements for the Copyrighted Works, Plaintiff will produce any communications with such merchants regarding such licenses or agreements, to the extent any such communications exist and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff

will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 6:**

For each Copyrighted Work, all Documents and Communications concerning Your registration of each Copyrighted Work with the U.S. Copyright Office in which You allege You possess an ownership interest, Including but not limited to all Documents Concerning any decision to file or not to file an application for registration and copies of all Documents submitted to or received from the U.S. Copyright Office in connection with such application.

**OBJECTIONS:**

This request is not proportional to the needs of the case because the proposed discovery has only marginal relevance to the claims and defenses of any party. The burden and/or expense of the proposed discovery outweighs any likely benefit. In addition, Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for its Copyrighted Works. Pursuant to the

foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 7:**

For each Copyrighted Work, all Documents and Communications Concerning Plaintiffs' registration of the Copyrighted Work with any governmental entity located outside of the United States, including but not limited to all Documents Concerning any decision to file or not to file an application for registration, and copies of all Documents submitted to or received from the governmental entity in connection with such application.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects that this this request is not proportional to the needs of the case because any registrations in other countries have only marginal, if any, relevance to the claims and defenses of any party, as Plaintiff has asserted claims under U.S. copyright law, and all "all Documents and Communications . . ." concerning foreign registrations have even less relevance. The burden and/or expense of the proposed discovery outweighs any likely benefit. Plaintiff further objects because the legal requirements associated with copyrights, such as registration, vary from country to country. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiff will not produce documents responsive to only this request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning the first publication for each Copyrighted Work, Including but not limited to Documents sufficient to show the date and nation of first publication.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document created by Plaintiff in distributing to the public each Copyrighted Work, regardless of relevance to the claims or defenses in the litigation. Complying with such a broad request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

Plaintiff further objects on the ground that this request is vague and ambiguous regarding "date . . . of first publication"; Plaintiff interprets "date of first publication" to mean, consistent with 17 U.S.C. § 101, "date of first distribution to the public."

Plaintiff further objects to this request as duplicative of Request Nos. 1, 6, and 10. Plaintiff

further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Copyrighted Works, which state the date and country of publication. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 9:**

For each Copyright Work [sic] first published outside of the United States, all Documents and Communications sufficient to show when the Copyrighted Work was first published in the United States or a treaty party, as defined by 17 U.S.C. §§ 101, 104.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request suffers from the same flaws as those of Request No. 8, except this request is even less relevant because of its international focus. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects on the ground that this request is vague and ambiguous regarding "first published"; Plaintiff interprets "first published" to mean, consistent with 17 U.S.C. § 101, "date of first distribution to the public." Plaintiff further objects to this

request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Copyrighted Works, which state the country of first publication. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications sufficient to show the author(s) for each Copyrighted Work.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff objects to this request on the grounds that it is unreasonably duplicative of other requests.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Copyrighted Works, which identify the

authors; and (ii) pursuant to the terms of a Stipulated Protective Order entered by the Court, legitimate exemplars of Plaintiff's authentic Copyrighted Works, which identify their authors.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning Your relationship with the author(s) for each Copyrighted Work, Including but not limited to any Communications with the author(s) for each Copyrighted Work.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document and communication ever produced by Plaintiff related to the author of each Copyrighted Work, and there is no limitation in time or scope. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects that this request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks information that is not relevant to the claims or defenses in the litigation in that Plaintiff's relationship the author(s) for each Copyrighted Work, other than as necessary to establish Plaintiff's ownership of a Copyrighted Work for which Plaintiff is not listed as the claimant on the U.S. copyright registration, is not relevant to the claims or defenses in the litigation. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary

information concerning Plaintiff's author relationships, production of which would not be justified even under an agreed-upon protective order. Plaintiff further objects to this request as vague, ambiguous, and lacking particularity with respect to the term "Your relationship." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce, for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications between You and any other copyright owner(s) Concerning the Copyrighted Works.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document and communication between Plaintiff and any other person or entity who owns a copyright, regardless of relevance to the claims or defenses in the litigation. and there is no limitation in time or scope other than that the document or communication concerns one of the Copyrighted Works. Nor is there any way for Plaintiffs to know everyone who is a possible copyright owner. Complying with such a broad, patently

unreasonable request, to the extent if possible, would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, common interest privilege, or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce, for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents sufficient to show whether any of the Copyrighted Works are Works Made For Hire.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff objects to this request on the grounds that it is duplicative of Request Nos. 1 and 6, and it seeks information that is not relevant to the claims or defenses in the litigation. This request is further overly broad and unduly burdensome in that it seeks information as to all Copyrighted Works, rather than only those

20

Copyrighted Works, if any, for which such information is relevant to the issues in the case, such that the burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Copyrighted Works, which indicate whether a Copyrighted Work is a Work Made for Hire.

**REQUEST FOR PRODUCTION NO. 14:**

To the extent a Copyrighted Work is a Work Made for Hire, all Documents and Communications Concerning the Work Made for Hire agreement with the author(s) of each such work, Including without limitation the Work Made for Hire and/or employment agreement itself and any other license or agreement Relating to the Copyrighted Work.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document and communication ever produced related to any such agreement with the author(s) of a Copyrighted Work, regardless of relevance to the claims or defenses in the litigation. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs and scope of the case in that the U.S. copyright registrations for the Copyrighted Works establish a presumption of validity as to the facts

contained therein. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's author agreements, production of which would not be justified even under an agreed-upon protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Copyrighted Works, which indicate whether a Copyrighted Work is a Work Made for Hire; and (ii) for each Copyrighted Work for which the registration lists someone other than Plaintiff as the copyright claimant, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Copyrighted Work. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications Concerning Your efforts to enforce Your copyright interests in each of the Copyrighted Works, Including enforcement of any of the specific exclusive rights identified in 17 U.S.C. § 106.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request calls for vast amounts of irrelevant information relating to other litigations, as well as non-litigation enforcement efforts. Moreover, the request calls for all documents and communications concerning those enforcement efforts. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to this request as duplicative of multiple other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine, as well as highly confidential anti-piracy information.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce notices of infringement sent to Shopify and the Complaints, Temporary Restraining Orders, and Preliminary Injunctions referenced in Paragraph 80 of the Complaint. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications between You and any other Person Concerning Shopify or Concerning the Action, Including all Communications with Shopify.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document and communication ever produced by

Plaintiff remotely related to Shopify, regardless of whether those documents and communications relate to copyright or trademark infringement or the Copyrighted Works, and there is no limitation in time or scope. Complying with such a broad request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to this request for those responsive documents that are equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents related to infringement on Shopify's platform since January 1, 2017 that can be found after a reasonable search, including all infringement notices Plaintiff sent to Shopify and all communications with Shopify regarding infringement by Shopify merchants. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications Concerning any notices or notifications of claimed infringement of each of the Copyrighted Works sent by You to Shopify or the designated agent of Shopify pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including without limitation communications discussing any actions or inactions taken by Shopify and the notices themselves.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek every document ever produced by Plaintiff remotely related

to infringement notices to Shopify concerning the Copyrighted Works, and there is no limitation

in time or scope. Complying with such a broad request would take an enormous amount of time

and resources and require the production of a plethora of irrelevant information. Plaintiff objects

because this request is duplicative of Request No. 16. Plaintiff further objects to this request for

those responsive documents that are equally available to Defendant or not in Plaintiff's possession,

custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or

communications protected by the attorney-client privilege, the common interest privilege, or the

attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive,

non-privileged documents related to infringement on Shopify's platform since January 1, 2017

that can be found after a reasonable search, including all infringement notices Plaintiff sent to

Shopify and all communications with Shopify regarding infringement by Shopify merchants.

Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response

to only this request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Concerning any notices or notifications of claimed

infringement of each of the Copyrighted Works sent by You to any other Plaintiff or Third Party,

pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including the

notices themselves.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document ever produced by Plaintiff remotely related to infringement notices concerning the Copyrighted Works, with no connection to Shopify; infringement notices sent to a Third Party have no bearing on the claims or defenses in this case. Further, there is no limitation in time or scope. Complying with such a broad request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to the extent this request is duplicative of Request No. 16. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiff will not produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Concerning any claimed infringement of each of the Copyrighted Works or Trademarks sent between You and BCGuardian, Including any notices of infringement themselves.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document ever produced between Plaintiff and BCGuardian remotely related to infringement notices concerning the Copyrighted Works or Trademarks, regardless of any connection to Shopify, and there is no limitation in time or scope. Complying with such a broad request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects because this request is duplicative of Request No. 16. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents related to infringement on Shopify's platform since January 1, 2017 that can be found after a reasonable search, including all infringement notices Plaintiff sent to Shopify and non-privileged communications since January 1, 2017 between Plaintiff and BCGuardian concerning infringement on Shopify's platform. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning any notices or notifications of claimed infringement for each of the Copyrighted Works or Trademarks sent by BCGuardian to Shopify, its designated agent, or any third party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including the notices themselves.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document ever produced between Plaintiff and BCGuardian remotely related to infringement notices sent by BCGuardian concerning the Copyrighted Works or Trademarks, regardless of any connection to Shopify, and there is no limitation in time or scope. Complying with such a broad request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff objects because this request is duplicative of Request No. 16. Plaintiff further objects to this request for those responsive documents that are equally available to Defendant or not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents related to infringement on Shopify's platform since January 1, 2017 that can be found after a reasonable search, including all infringement notices BCGuardian sent to Shopify on Plaintiff's behalf and all communications since January 1, 2017 between BCGuardian and Shopify regarding infringement on Shopify's platform. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications sufficient to show Plaintiffs' valuation of each Copyrighted Work, Including any valuation reports or similar evaluative assessments conducted by Plaintiffs or third parties.

**OBJECTIONS:**

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as vague, ambiguous, and lacking particularity because of the undefined terms "valuation," "valuation reports," and "evaluative assessments." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged reports created since January 1, 2017, that show the valuation for a Copyrighted Work, to the extent any such reports exist and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning Your efforts, whether past or present, to market, sell, rent, distribute, or otherwise exploit each Copyrighted Work, Including without limitation Documents sufficient to show the revenue You receive for each Copyrighted Work for each such exploitation.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document ever produced by Plaintiff in conducting its business with respect to the Copyrighted Works, regardless of relevance to the claims or

defenses in the litigation, as Plaintiff is a major textbook publisher whose business includes all stages of the creation, manufacture, sale, and distribution of its copyrighted material, and there is no limitation in time or scope. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent it seeks documents or information outside of Plaintiff's U.S. higher education business. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. The scale and focus of this request appear intended to harass and/or unduly burden Plaintiff. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, production of which would not be justified even under an agreed-upon protective order. Plaintiff further objects to this request as vague, ambiguous, and lacking particularity because of the undefined terms "market," "sell," "rent," "distribute," "exploit," and "exploitation."

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) documents sufficient to show the prices at which the Copyrighted Works were sold in the United States since January 1, 2017, to the extent such information is available and can be found after a reasonable search; or (ii) if information showing the prices at which the Copyrighted Works were sold in the United States since January 1, 2017 cannot be found after a reasonable search, documents sufficient to show the prices at which the Copyrighted Works were sold in the United States prior to January 1, 2017, to the extent such information is available and can be found after

a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning the effect of any alleged copyright infringement on Your revenues or business prospects, Including any analysis conducted of each such effect.

**OBJECTIONS:**

While the effect of infringement on Plaintiff has been significant, Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent it seeks documents or information outside of Plaintiff's U.S. higher education business. Plaintiff further objects to this request as vague, ambiguous, and lacking particularity because of the undefined terms "effect," "business prospects," and "analysis." Plaintiff further objects to the extent that this request seeks information related to infringement not associated with this case. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-

privileged analyses of the effects of digital piracy on Plaintiff's business prepared since January 1, 2017, to the extent such analyses exist and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning royalty distributions resulting from sale, rental, distribution, or any other exploitation of the Copyrighted Work.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document or communication concerning in any manner any royalty distributions relating to the Copyrighted Works, regardless of relevance to the claims or defenses in the litigation. Plaintiff objects to this request to the extent that it seeks irrelevant, confidential information relating to individual financial compensation to authors. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent it seeks documents or information outside of Plaintiff's U.S. higher education business. Complying with such a broad, patently unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. The scale and focus of this request appear intended to harass and/or unduly burden Plaintiff.

Plaintiff further objects to this request as vague, ambiguous, and lacking particularity because of the undefined terms "royalty distribution," "sale," "rental," "distribution," and "exploitation." Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, production of which would not be justified even under an agreed-upon protective order. Plaintiff further objects because this request is unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiff will not produce any documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 25:**

For each Copyrighted Work, all Documents and Communications Concerning any decision by You to allow the public to use, copy, download, or otherwise access the Copyrighted Work without compensation to You.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek every document or communication concerning in any manner any decision to allow the public to use a Copyrighted Work in any way, regardless of relevance to the claims or defenses in the litigation. Complying with such a broad, patently

33

unreasonable request would take an enormous amount of time and resources and require the production of a plethora of irrelevant information. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff asserts that it is unaware of any document responsive to this request in its possession, custody, or control that can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications Concerning any of the Copyrighted Works for which You did not inform Shopify of alleged infringing activity prior to filing the Complaint.

**OBJECTIONS:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff objects because this request is duplicative of Request No. 16. Plaintiff further objects that this request is vague and confusing to the extent that what Defendant seeks are documents sufficient to identify whether each work in suit was contained in one or more infringement notices to Shopify prior to commencement of this action. Plaintiff further objects to the extent that this request ignores the language of 17 U.S.C. 512(c) that permits the use of a representative list of works in an infringement notice. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

Shopify's platform, to the extent such documents are within Plaintiff's possession, custody, or control and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

**REQUEST FOR PRODUCTION NO. 45:**

For each Copyrighted Work, all Documents and Communications Concerning Your contention that You suffered financial harm from the alleged infringement of the Copyrighted Work, as alleged in the Complaint.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as vague, ambiguous, and lacking in particularity as to the term, "financial harm." Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the stage of the litigation. A more complete picture of Plaintiff's financial harm will be determined during discovery and Plaintiff reserves the right to rely upon or assert claims thereupon. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to other requests. Pursuant to the foregoing objections, Plaintiff will not otherwise produce additional documents in response to only this

request.

**REQUEST FOR PRODUCTION NO. 46:**

For each Copyrighted Work, all Documents and Communications Concerning Your contention that Shopify knew whether Shopify's users had the underlying rights necessary to sell, rent, or otherwise distribute the Copyrighted Work, as alleged in the Complaint.

**OBJECTIONS:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request on the ground that the information this request seeks is equally available to Shopify. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the stage of the litigation. A more complete picture of Defendant's knowledge will be determined during discovery and Plaintiff reserves the right to rely upon or assert claims thereupon. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents since January 1, 2017 responsive to this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Concerning Your contention that Shopify does not

case. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce any subpoenas issued by Plaintiff in this litigation and any response to those subpoenas with accompanying documents. Pursuant to the foregoing objections, Plaintiff will not otherwise produce documents in response to only this request.

Dated:  April 1, 2022

Respectfully submitted,

  /s/ Scott A. Zebrak

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (38729)
Michele H. Murphy (*pro hac vice*)
Corey Miller (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
scott@oandzlaw.com
michele@oandzlaw.com
corey@oandzlaw.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of the foregoing was served via

Electronic Mail on the 1st day of April, 2022, upon counsel of record.

Dated: April 1, 2022

*/s/ Scott A. Zebrak*