# EXHIBIT 9

| | |
|---|---|
| **From:** | Stebbins Bina, Jessica (CC) |
| **Sent:** | Friday, April 15, 2022 2:12 PM |
| **To:** | Corey Miller; Schlossman, Nicholas (DC); Michele Murphy; Matt Oppenheim; Brian Stuart; Rebecca Weissman; Scott Zebrak; Jeff Kane |
| **Cc:** | Greenman, Elizabeth (CC); Damle, Sy (DC-NY); Gass, Andrew (Bay Area); Kurtz, Jess (NY); Nietes, Andrew (NY); Stillman, Alli (NY); Wetzel, Joe (Bay Area) |
| **Subject:** | RE: Bedford v. Shopify - Shopify's ROG and RFP Responses |

Corey,

We will include a note that you disagree, but that is simply not the case.  I specifically asked about foreign registrations, first publications, and works made for hire, and you stated that you believed all of that could be seen from the Copyright Office material you'd already agreed to produce, and you would not be producing anything else.  For RFP 12, you stated that you were standing on your objection and would only produce this information for works in which the registration lists someone other than plaintiff as a claimant.   We also provided, in writing on Tuesday, our intention to move on RFPs 1-14 this week, and you did not, at any of our subsequent meet and confers or by email prior to 2 p.m. today, suggest that there had been inadequate conferral with respect to those RFPs.  That said, to the extent plaintiffs intend to change their position with respect to any of those RFPs, please let me know immediately.

Best regards,

**Jessica Stebbins Bina**

**LATHAM & WATKINS** LLP
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5525 | M: +1.310.359.5372 | A: +1.424.653.5651

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Friday, April 15, 2022 11:06 AM
**To:** Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>
**Cc:** Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Jessica,

We respectfully disagree.  Even interpreting our conferrals broadly (such that, e.g., our discussion of author communications within the context of RFP 1 could apply as well to RFP 11), we have not conferred with you regarding foreign registrations (RFP 7), documents regarding first publication (RFPs 8/9), documents sufficient to show the authors (RFP 10), communications with other copyright owners (RFP 12), and documents sufficient to show whether a work is a work-for-hire (RFP 13).

If you move on these requests today, please include in your Rule 37(E) statement that Plaintiffs disagree that a good-faith effort has been made to resolve these requests.

Best,
Corey

---

**From:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>
**Date:** Friday, April 15, 2022 at 1:47 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman <Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>
**Cc:** Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Jess.Kurtz@lw.com <Jess.Kurtz@lw.com>, Andrew.Nietes@lw.com <Andrew.Nietes@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel,

Thank you for your email.  With respect to RFPs 7-14, your statement that we have not conferred regarding them is not accurate.  We conferred extensively regarding those RFPs.  For example, with respect to RFPs 11 and 12, we conferred regarding our request for communications with the authors and you stated you did not intend to produce such communications, other than a limited subset for works where plaintiffs are not listed as copyright claimants.  Similarly, with respect to RFPs 13 and 14, you stated that you would not produce agreements with or related to the authors, other than for works where plaintiff is not the copyright plaintiff.  As previously advised, we intend to move with respect to RFPs 1-14 today.  However, if plaintiffs' position changes with respect to any of those requests, we would of course be happy to continue the conferral process and update the court if we are able to reach agreement.

Best regards,

**Jessica Stebbins Bina**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5525 | M: +1.310.359.5372 | A: +1.424.653.5651

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Friday, April 15, 2022 10:39 AM
**To:** Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>
**Cc:** Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel,

We have received your emails regarding Plaintiffs' discovery objections.  Thank you for providing materials that you believe support Shopify's requested discovery.  Regarding affirmative defenses, Plaintiffs have never taken the position that, as a general matter, a defendant is not entitled to discovery on affirmative defenses.  Plaintiff's position, as we have repeatedly explained, is that the specific discovery Shopify seeks to support its affirmative defenses is not proportional to the needs of the case given the extensive burden involved and the lack of factual basis to expect the discovery sought will result in relevant information.  Regarding ownership, the materials you provided do not support the proposition that the works at issue in this case are works for hire.

Regarding your discovery requests related to enforcement against third parties (RFPs 15, 18, 19, 20, 40, 42, 76, and 77, and Interrogatories 4, 6, and 10), our conferrals Monday and yesterday were helpful to understand what you are seeking.  We are working with our clients to see if there is a reasonable and proportional scope of discovery we can provide and will get back to you soon.

Below, I've copied some of your other statements with our responses in red.

* * *

Based on our prior conversations, we understand that Plaintiffs are standing on their objections to Requests for Production 1-14 and Interrogatories 1-3.  If there are any of these requests upon which Plaintiffs will now respond in full as requested by Shopify, please let us know by COB today.  Otherwise, as noted in our prior communications, Shopify will have no recourse but to move to compel on these issues.

Plaintiffs are standing on their objections for RFPs 1-5, as discussed on our conferrals.  For RFPs 4-5, as we explained during our conferral, collecting all agreements with third parties is unduly burdensome, collecting all communications with those third parties is even more burdensome and unjustified, and this discovery is not proportional in that it is unlikely to lead to relevant evidence.  However, as we stated during our conferrals, if you are aware of any Shopify merchant who has claimed authorization from a third party to sell Plaintiffs' works on Shopify, let us know the third party from which the Shopify merchant claims authorization and, in such circumstance, we are willing to discuss a further production.  We note that Shopify is in a much better position than Plaintiffs to know whether any Shopify merchant has claimed to be authorized by a third party to sell Plaintiffs' works, as Shopify has or had a commercial relationship with those merchants.  Despite this, you did not identify any such merchants during our conferral, nor have you done so in any of your emails.

For RFP 6, following our conferral on Monday, we are discussing with our clients the feasibility of producing certain communications with the US Copyright Office and will get back to you shortly.

I don't think the parties have yet conferred about RFPs 7-14.

It is incorrect that Plaintiffs "have refused . . . to meaningfully respond" to Interrogatories 1-3.  Consistent with Rule 33, as we explained on our conferral, for interrogatories 1 and 3, Plaintiffs have directed Shopify to documents Plaintiffs will produce from which the requested information can be just as easily compiled by Shopify as by Plaintiffs.  For Interrogatory 2, consistent with Rule 33, Plaintiffs have identified to Shopify the categories of documents that form the basis of Plaintiffs' contentions, as called for by the Interrogatory.

**Shopify's RFPs and ROGs:**
·   **RFP 16:**  Plaintiffs agreed to provide a response as to whether communications with third parties about Shopify or this Action will be produced.  As we stated during our conferrals, Plaintiffs will not be producing communications about Shopify that are unrelated to infringement on Shopify's platform.  Plaintiffs will produce non-privileged communications with third parties about the Action, to the extent any such communications exist and can be found after a reasonable search.

· **RFP 17:** Plaintiffs agreed to produce non-privileged communications relating to internal and external communications related to infringement notices sent to Shopify, to the extent locatable after a reasonable search. This is correct.

· **RFP 18**: Plaintiffs stated that they would be willing to provide (1) an explanation for burden as to this request, and (2) a reasonable proposal to reduce burden, to the extent one exists. Shopify does not agree to your earlier proposal to reframe this RFP as an interrogatory. See above.

· **RFP 20:** Plaintiffs agreed to produce communications not just from BCGuardian, but also other third parties who sent infringement notices. This is correct.

· **RFP 29:** Plaintiffs agreed to search for documents responsive to this request, including how the alleged infringement affects the market for each of the works, to the extent that such documents exist. This is correct.

· **RFP 34:** Plaintiffs agreed that this request is not limited to just surveys and market research. This will also include any statistics to the extent such documents exist. This is correct.

· **RFP 44:** Plaintiffs are not limiting their production to this request and will produce all non-privileged documents and communications concerning its contentions. This is correct.

· **RFPs 45, 50, 57, 61, 62, 65, 66, 67, 68, 70, 72:** For these requests, plaintiffs stated that productions for these are covered by other requests. Plaintiffs agreed to identify which other requests are, in plaintiff's view, subsumed by these requests. Below, for each of these RFP, I have identified a non-exhaustive list of Plaintiffs' responses to other RFPs that subsume each response:

  - RFP 45: RFPs 17, 20, 22, 23, 29, 30, 33, 34, 35, 37, 38, 39, 43, 44
  - RFP 50: RFPs 30, 33, 34, 35, 37, 38, 39, 43.
  - RFP 57: RFPs 20, 23, 29, 30, 33, 34, 35, 37, 38, 39, 43.
  - RFP 61: RFPs 16, 17, 19, 20.
  - RFP 62: RFPs 16, 17, 19, 20.
  - RFP 65: RFPs 16, 17, 19, 20.
  - RFP 66: RFPs 16, 17, 19, 20.
  - RFP 67: RFPs 16, 17, 19, 20.
  - RFP 68: RFPs 16, 17, 19, 20.
  - RFP 70: RFPs 17, 20, 22, 23, 29, 30, 33, 34, 35, 37, 38, 39, 43, 44.
  - RFP 72: Given that Defendant has pled 24 affirmative defenses that touch on every part of Plaintiffs' claim as well as additional issues, this request is so broad that it could be interpreted to encompass Plaintiffs' response to every other RFP.

· **RFP 54:** Plaintiffs agreed to produce responsive, non-privileged documents for this request. Plaintiffs are not excluding any documents under this request, as this request is, in plaintiff's view, subsumed by other requests. Plaintiffs will identify the other requests that are, in plaintiff's view, subsumed by this request. This is correct. Plaintiffs' response to this RFP is subsumed by, non-exhaustively, Plaintiffs' responses RFPs 16, 17, 19, 20, and 45.

· **RFPs 59 and 60:** Plaintiffs agreed they will produce responsive, non-privileged documents responsive to these requests. This is correct.

· **RFPs 76 & 78:** Counsel will discuss with plaintiffs what plaintiffs can produce that is reasonable and proportionate. See statement above.

1. <u>Elsevier B.V. and Macmillan Holdings.</u> We understand that Elsevier B.V. has no copyright claims in this case, and to the extent any responsive documents exist, Elsevier Inc. likely has and will be producing identical documents. You have stated that Elsevier BV should accordingly not have any unique documents, but you would confirm. Please confirm that this understanding is accurate. We also understand that Macmillan Holdings is just a holding company, and therefore has no responsive documents of its own, but rather, any responsive documents relating to Macmillan Holdings would be produced by Macmillan Learning. Please confirm this understanding.

This understanding is correct.

2. <u>Communications.</u>  You have identified a number of RFPs for which plaintiffs are refusing to produce communications.  <u>RFPs 1, 2, 15, 21, 23, 29, 30, 32, 33, 35, 37, 38, 39, 43, 44, 51, 56, 58, 73</u>.

   a. For the remaining RFPs we identified (RFPs 28, 46, 47, 48, 49, 52, 53, 55, 56, 58, 59, 60, 63, 64, 69), please confirm that you will be producing communications as requested in each RFP, or identify whether you are withholding a portion of the communications requested.

      As Plaintiffs stated, for those RFPs identified, Plaintiffs are not excluding communications from the scope of their response.  Plaintiffs have stated the documents, including communications, that Plaintiffs will produce for each such RFP in their responses to those RFPs.

   b. For the RFPs for which you are unwilling to produce communications, you objected primarily on the basis of burden.  You stated on our last call that you would provide details as to the alleged burden.  Please provide those details by COB on Wednesday.  As we stated on our call, once we understand the burden, we are willing to confer about a narrower subset of materials or sampling of authors/works for these categories of communications if it would be appropriate.  If your position remains that you will not produce any communications in response to these RFPs, we will have no recourse but to move to compel on these requests.

      Your statement does not accurately characterize Plaintiffs' position.  For these RFPs, we said that we have objections to producing communications on the grounds of both relevance and burden, and that the appropriateness of producing communications cannot be discussed as a general matter but has to be considered within the context of each individual request.  To the extent we have not already done so, we remain willing to have that discussion with you.

3. <u>Copyright Registrations / Documents Establishing Ownership</u> – please refer to our earlier email from this morning regarding this issue.  Please confirm no later than COB tomorrow whether you are willing to modify your position with respect to this discovery.  Otherwise, as stated below, Shopify will have no recourse but to move to compel on this issue, which relates to RFPs 1-3, 6-14, and Interrogatories 1-3.

   See statement above.

4. <u>RFPs 4, 5, 41</u> – please refer to our earlier email from this morning regarding this issue.  You have only agreed to produce licenses or agreements between plaintiffs and any accused Shopify merchant.  As we explained, we are entitled to understand when and to whom plaintiffs have licensed their works/trademarks, as well as how plaintiffs acquired the rights to these works/trademarks.  Please confirm no later than COB tomorrow whether you are willing to modify your position with respect to this discovery.  Otherwise, as stated below, Shopify will have no recourse but to move to compel on these requests.

   See statement above.

5. <u>RFP 6</u> – you have agreed only to produce the copyright registrations themselves.  Shopify is entitled to your communications with the US Copyright Office, and all copies of all documents submitted or received by the Copyright Office.

   See statement above.

Best,
Corey

**From:** Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Date:** Thursday, April 14, 2022 at 1:46 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim
<Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman
<Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>
**Cc:** Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, Jessica.StebbinsBina@lw.com
<Jessica.StebbinsBina@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com
<Andrew.Gass@lw.com>, Jess.Kurtz@lw.com <Jess.Kurtz@lw.com>, Andrew.Nietes@lw.com
<Andrew.Nietes@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Joe.Wetzel@lw.com
<Joe.Wetzel@lw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel:

As the parties have discussed during meet and confers on April 8, 11, and 13, 2022, plaintiffs have refused to produce
responsive documents or meaningfully respond to Shopify's Interrogatories, related to Plaintiffs' purported ownership
interests in each of the Copyrighted Works:  Requests for Production 1-14 and Interrogatories 1-3.

We have already sent over case law addressing several of Plaintiffs' bases for objecting to this discovery.   However,
further to our conversation yesterday and during the previous meet-and-confers, we are sending across additional
authority supporting Shopify's view – expressed both in its Answer and in meet and confers – that there are serious
questions about whether plaintiffs actually possess sufficient legal interests in the Copyrighted Works identified in
Exhibit A to maintain this suit.

We understand—and please let us know if you believe this is incorrect—that the publishing/copyright agreements the
Plaintiffs use are typically signed by the individual people/professors who wrote the textbooks, not the universities that
employ them. That is a problem under the law, because for at least some significant fraction of the universities at issue,
the rights in works like these created by professors vest in, and are generally not transferred away from, the university
itself, rather than the individuals in the university's employment.

While there used to be a 'teachers exception' in the law that effectively departed from the default work-for-hire rules
that dictate where rights like these vest in the first instance, the 1976 Copyright Act is widely understood to have
abrogated that exception.  *See Molinelli-Freytes v. Univ. of P.R.*, 792 F. Supp. 2d 164, 166-72 (D.P.R. 2010) (collecting
citations); 17 U.S.C. §§ 101, 201, 301(a); *see also Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751 (1989).  As
we have explained throughout the meet and confer process, we seek discovery to confirm that indeed the signatories to
the publishing/copyright agreements are the individual writers/professors, and to probe the diligence that the Plaintiffs
did or failed to do to confirm that, notwithstanding the default operation of law and numerous public sources indicating
that the universities own these rights (*e.g.*, University of North Texas; Florida State University; Navarro College), these
rights could be assigned by the individuals who wrote the textbooks.

Based on our prior conversations, we understand that Plaintiffs are standing on their objections to Requests for
Production 1-14 and Interrogatories 1-3.  If there are any of these requests upon which Plaintiffs will now respond in full
as requested by Shopify, please let us know by COB today.  Otherwise, as noted in our prior communications, Shopify
will have no recourse but to move to compel on these issues.

Best,

Nick

**Nicholas L. Schlossman**

**LATHAM & WATKINS** LLP

555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.3344

---

**From:** Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>
**Sent:** Thursday, April 14, 2022 12:59 AM
**To:** Jeff Kane <JKane@oandzlaw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Corey Miller <Corey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel:

Thank you for speaking with us today.  Below is an outline of what we understand both parties have agreed to during our meet and confer discussions to date.  Based on Shopify's current understanding of plaintiffs' position below, Shopify does not intend to move at this time on any of the RFPs specifically identified below.  To the extent you are not agreeing to produce the materials as noted below, Shopify reserves all rights.

Additionally, with respect to Shopify's RFPs not specifically discussed below, we understand that plaintiffs are standing by their objections and will not produce anything other than what is specifically identified in plaintiffs' written responses.  If plaintiff is otherwise willing to compromise on any other requests not listed below, please let us know no later than Thursday at COB.  Otherwise, Shopify intends to move to compel on a number of these requests.

Finally, we'd like to set a time to confer about the remaining open issues as to plaintiffs' responses to Shopify's interrogatories.  Please let us know a time on Monday, April 18, when plaintiffs are available to meet.

**<u>Shopify's RFPs and ROGs</u>:**
- **RFP 16:**  Plaintiffs agreed to provide a response as to whether communications with third parties about Shopify or this Action will be produced.
- **RFP 17:**  Plaintiffs agreed to produce non-privileged communications relating to internal and external communications related to infringement notices sent to Shopify, to the extent locatable after a reasonable search.
- **RFP 18:**  Plaintiffs stated that they would be willing to provide (1) an explanation for burden as to this request, and (2) a reasonable proposal to reduce burden, to the extent one exists.  Shopify does not agree to your earlier proposal to reframe this RFP as an interrogatory.
- **RFP 20:**  Plaintiffs agreed to produce communications not just from BCGuardian, but also other third parties who sent infringement notices.
- **RFP 29:**  Plaintiffs agreed to search for documents responsive to this request, including how the alleged infringement affects the market for each of the works, to the extent that such documents exist.
- **RFP 34:**  Plaintiffs agreed that this request is not limited to just surveys and market research.  This will also include any statistics to the extent such documents exist.
- **RFP 44:**  Plaintiffs are not limiting their production to this request and will produce all non-privileged documents and communications concerning its contentions.
- **RFPs 45, 50, 57, 61, 62, 65, 66, 67, 68, 70, 72:**  For these requests, plaintiffs stated that productions for these are covered by other requests. Plaintiffs agreed to identify which other requests are, in plaintiff's view, subsumed by these requests.

- **RFP 54:** Plaintiffs agreed to produce responsive, non-privileged documents for this request. Plaintiffs are not excluding any documents under this request, as this request is, in plaintiff's view, subsumed by other requests. Plaintiffs will identify the other requests that are, in plaintiff's view, subsumed by this request.
- **RFPs 59 and 60:** Plaintiffs agreed they will produce responsive, non-privileged documents responsive to these requests.
- **RFPs 76 & 78:** Counsel will discuss with plaintiffs what plaintiffs can produce that is reasonable and proportionate.

**Plaintiffs' RFPs and ROGs:**
- **RFP 6:** To the extent that any drafts exist that are non-privileged, defendant will produce.
- **RFP 8:** Will clarify in a confirming note that defendant is producing internal communications regarding discussion of policies in a substantive way and communications involving accused merchants.
- **RFPs 20 & 21:** Shopify will discuss with the client the search term results, and if there is a way to reasonably provide this information to plaintiffs that protects the confidentiality of non-accused merchants.
- **RFP 24:** Shopify will produce all tickets for the accused merchants, all communications with the accused merchants, and all non-privileged communications about the accused merchants regarding infringement and IP issues, to the extent locatable after a reasonable search.
- **RFP 32:** Shopify will produce all tickets for the accused merchants, all communications with the accused merchants, and all non-privileged communications about the accused merchants regarding infringement and IP issues, to the extent locatable after a reasonable search.
- **RFP 33:** Counsel is investigating whether Shopify possesses data that would enable it to identify which, if any, of the accused merchants stored digital inventory on Shopify servers.
- **ROG 11:** Defendant will supplement its answer to explain creation and management of the eBooks page.

Best regards,

**Elizabeth A. Greenman**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5431

---

**From:** Greenman, Elizabeth (CC)
**Sent:** Tuesday, April 12, 2022 10:55 PM
**To:** 'Jeff Kane' <JKane@oandzlaw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Corey Miller <Corey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Jeff,

I will circulate a dial in shortly. In an effort to focus our discussion tomorrow, below is a summary of what we understand your positions to be with respect to Shopify's requests that we've discussed to date, as well as remaining issues to be discussed concerning plaintiffs' responses to Shopify's discovery.

**Open Issues Regarding Plaintiffs' Responses to Shopify's First Set of RFPs:**

1. <u>Elsevier B.V. and Macmillan Holdings.</u> We understand that Elsevier B.V. has no copyright claims in this case, and to the extent any responsive documents exist, Elsevier Inc. likely has and will be producing identical documents. You have stated that Elsevier BV should accordingly not have any unique documents, but you would confirm. Please confirm that this understanding is accurate. We also understand that Macmillan Holdings is just a holding company, and therefore has no responsive documents of its own, but rather, any responsive documents relating to Macmillan Holdings would be produced by Macmillan Learning. Please confirm this understanding.

2. <u>Communications.</u> You have identified a number of RFPs for which plaintiffs are refusing to produce communications, <u>RFPs 1, 2, 15, 21, 23, 29, 30, 32, 33, 35, 37, 38, 39, 43, 44, 51, 56, 58, 73</u>.

   a. For the remaining RFPs we identified (RFPs 28, 46, 47, 48, 49, 52, 53, 55, 56, 58, 59, 60, 63, 64, 69), please confirm that you will be producing communications as requested in each RFP, or identify whether you are withholding a portion of the communications requested.

   b. For the RFPs for which you are unwilling to produce communications, you objected primarily on the basis of burden. You stated on our last call that you would provide details as to the alleged burden. Please provide those details by COB on Wednesday. As we stated on our call, once we understand the burden, we are willing to confer about a narrower subset of materials or sampling of authors/works for these categories of communications if it would be appropriate. If your position remains that you will not produce any communications in response to these RFPs, we will have no recourse but to move to compel on these requests.

3. <u>Copyright Registrations / Documents Establishing Ownership</u> – please refer to our earlier email from this morning regarding this issue. Please confirm no later than COB tomorrow whether you are willing to modify your position with respect to this discovery. Otherwise, as stated below, Shopify will have no recourse but to move to compel on this issue, which relates to RFPs 1-3, 6-14, and Interrogatories 1-3.

4. <u>RFPs 4, 5, 41</u> – please refer to our earlier email from this morning regarding this issue. You have only agreed to produce licenses or agreements between plaintiffs and any accused Shopify merchant. As we explained, we are entitled to understand when and to whom plaintiffs have licensed their works/trademarks, as well as how plaintiffs acquired the rights to these works/trademarks. Please confirm no later than COB tomorrow whether you are willing to modify your position with respect to this discovery. Otherwise, as stated below, Shopify will have no recourse but to move to compel on these requests.

5. <u>RFP 6</u> – you have agreed only to produce the copyright registrations themselves. Shopify is entitled to your communications with the US Copyright Office, and all copies of all documents submitted or received by the Copyright Office.

**<u>Remaining Issues to Discuss:</u>**

6. <u>RFP 16</u> – this Request seeks documents and communications between plaintiffs and any person concerning Shopify or the Action. You have only agreed to produce documents related to infringement, including notices of infringement sent to Shopify, on Shopify's platform, and communications with Shopify regarding infringement by Shopify merchants. We'd like to confirm whether you are refusing to produce any other documents / communications with Shopify *other* than those concerning infringement by Shopify merchants, or whether no other documents and communications exist. Further, please be prepared to discuss your refusal to produce communications with third parties regarding Shopify or this Action.

7. <u>RFP 17</u> – please be prepared to discuss why you are refusing to produce communications related to any notices you sent to Shopify regarding infringement of each of the Works, other than communications with Shopify.

8. <u>RFPs 18, 24, 31, 36, 71</u> – please be prepared to discuss your refusal to produce documents responsive to these requests.

9. <u>RFP 20</u> – it does not appear that you have agreed to produce infringement notices sent by third parties *other* than BCGuardian to Shopify, or communications with those third parties.  Please clarify whether you intend to produce such documents and communications.

10. <u>RFP 22</u> – please be prepared to discuss whether you are refusing to produce the revenue you have received for each Copyrighted Work, or whether the "prices at which the Copyrighted Works were sold in the United States" will also include the revenue you received.

11. <u>RFP 27</u> – please be prepared to discuss your response to this request, including your limitation of this request to the infringement notices, and exclude reps/warranties in financings, mergers, or other agreements.

12. <u>RFP 29</u> – you have limited this request to analyses of the effect of digital piracy.  This request asks for the effects of the *specific* infringement at issue in this case on the market for each of the Works.  Please be prepared to discuss whether you will produce documents to this category, or whether no such documents exist.

13. <u>RFP 34</u> – please explain why this response is limited to surveys and market research.  Are there no statistics or consumer research, or are you refusing to produce such materials?  Additionally, please be prepared to explain the limitation to the surveys / market research, excluding communications related to these.

14. <u>RFP 40</u> – please be prepared to discuss your limitations to this request to just notices of suit incoming with the USPTO.

15. <u>RFP 42</u> – please be prepared to discuss the limitation of this request to infringement on Shopify's platform.

16. <u>RFP 44</u> – your response to this request suggests that you are limiting this request to only some documents showing that the Works were on Shopify's platform.  Please confirm you will produce all documents and communications supporting your contention.

17. For several requests (<u>RFPs 45, 50, 57, 61, 62, 65, 66, 67, 68, 70, 72</u>), you have identified that you have agreed to produce documents in response to other requests.  To the extent you believe responsive documents overlap, please identify the other requests so we can identify what you have agreed to produce with respect to each of these RFPs.

18. <u>RFP 54</u> – please explain your limitation of this request to "documents sufficient to show."

19. <u>RFPs 59 and 60</u> – your response to these requests unreasonably limits the documents you have agreed to produce.  Please confirm that you will produce all documents and communications supporting your contentions.

20. <u>Interrogatories</u>.  As we discussed during our meet and confers, plaintiffs have wholesale refused to meaningfully respond to any of Shopify's interrogatories.  Please confirm by COB tomorrow whether you intend to amend any of your responses, and if so, which responses.

    a.   For several of the interrogatories (<u>Rogs 4, 6</u>), Plaintiffs refer Shopify back to notices sent by Plaintiffs or on their behalf to Shopify, or other documents (agreements, or communications).  However, Plaintiffs have not identified any documents by name that would be responsive to these requests, nor does referring us to documents adequately answer these interrogatories.  For example, Plaintiffs have not identified all third party complainants who have submitted notices on Plaintiffs' behalf, nor the nature of Plaintiffs' relationship with these third parties (Rog 4), and Plaintiffs have not explained any steps

they take to monitor or identify alleged infringements (Rog 6).  Please explain Plaintiffs' refusal to produce this information.

    b.  Plaintiffs have refused to respond to a number of interrogatories (5, 7, 8, 10, 11, 12, 14, 15, 16).  Please be prepared to explain Plaintiffs' refusal to respond to these interrogatories, including Plaintiffs' refusal to respond with facts supporting material contentions contained in their complaint (e.g., 11, 15, 16).

    c.  For Interrogatory 9, Plaintiffs have stated that they do not have any valuation of any of their works.  Please be prepared to explain this answer.

21.  RFP 74:  Plaintiffs have refused to produce documents that support or refute Plaintiffs' responses to any interrogatory.  Further, Plaintiffs have stated that they will only produce documents specifically referenced in their interrogatories.  However, Plaintiffs' interrogatories vaguely refer to wholesale categories of documents.  Plaintiffs cannot both refuse to identify documents in Plaintiffs' interrogatory responses, and then refuse to produce documents to support their response.  Please be prepared to discuss.

22.  RFPs 76 & 77:  With respect to the copyrighted works and trademarks, Plaintiffs have refused to produce documents concerning any efforts to enforce or police these other than the notices themselves, and any agreements with third parties to engage in enforcement on Plaintiffs' behalf.  Please be prepared to discuss why Plaintiffs refuse to produce documents related to their enforcement efforts.

**Elizabeth A. Greenman**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5431

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Tuesday, April 12, 2022 11:35 AM
**To:** Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Corey Miller <Corey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Thanks, Jessica. Tomorrow from 1–3pm Pacific works for us. Can you please have someone send a dial-in?

Below is a summary of where we stand, based on discussions to date. Where the word "Accordingly" appears in bold and underline, that's a prompt for you for our next meet and confer this week.

A.  **Date Range for Discovery**:

As to many RFPs, Shopify's objections and responses indicate that Shopify refuses to search for any documents that predate December 1, 2018. In our meet and confers, L&W has reinforced that Shopify refuses to change that position, regardless of the availability of the documents and Plaintiffs' rationales for relevance. As a result, this will necessitate motions practice.

B.    L&W clarified that where Shopify agrees to produce the "responsive, relevant, non-privileged docs", inclusion of the word "relevant" is not an additional limiting factor. *See*, *e.g.*, RFP Responses 2, 4, 5. That is, responsive, non-privileged documents will be produced without an additional layer of filtering criteria for relevance.

C.    **RFPs 6 and 12:**

L&W indicated that Shopify was rethinking its objection to producing non-privileged drafts of policies and procedures concerning copyright or trademark infringement by Shopify Merchants (including Shopify's Repeat Infringer Policy). **Accordingly,** please provide Shopify's final response on this issue by our next meet and confer, and in no event later than close of business Wednesday. In that response, please also address whether Shopify will withdraw its refusal to produce documents concerning policies, practices, procedures, or capabilities concerning actions to take in response to Infringement Notices that Shopify considered or formulated but either rejected or did not adopt.

D.    **RFP 8:**

As to this request, Shopify has refused to produce communications concerning its copyright and trademark infringement policies, except for communications "relaying those policies". But Shopify's internal discussions explaining and interpreting these infringement policies are unquestionably relevant to this case. Absent a change in position from Shopify, this issue will necessitate motions practice.

E.    **RFPs 20 and 21 / Rogs 9 and 10:**

For these RFPs and Rogs, L&W agreed to tell us if, notwithstanding Shopify's objections and responses, Shopify will agree to conduct keyword searches across pertinent custodians. **Accordingly,** please provide Shopify's final response on this issue by our next meet and confer, and in no event later than close of business Wednesday. In terms of the specifics: O+Z already provided some suggested keywords such as "resubmit", "reformat", "properly formatted", "clickable links", "individual Shopify store", "single notice". Of course, Shopify has access to more emails that we do in which Shopify refused to action a valid DMCA notice. We expect that a reasonable search would include not just the terms we've identified above, but additional terms that Shopify encounters during its review. As to custodians, in the example email we provided last week, the email rejecting the notice came from "legal@shopify.com". We thus expect that the legal@shopify.com email account contains responsive documents. If Shopify has other centralized mailboxes or generic email addresses from which communications like these are sent, we expect that Shopify would search those account(s) as well. As to what other custodians would have documents relevant to this request, we expect that the individuals listed in Shopify's response to ROG 15 could have responsive documents. We expect that the individuals listed in your responses to ROGs 1, 2, 3, 14 would have responsive documents as well. But, again, Shopify has more knowledge of its personnel and systems than do Plaintiffs. We expect that Shopify would add any other custodians or systems which may have documents responsive to these requests. For example, we're aware of emails from individuals named "Jeff" and "Mark" within "Shopify Legal Operations" rejecting infringement notices. We expect that those individuals (and apparently "Shopify Legal Operations" more generally) also would have responsive documents.

F.    **RFPs 24 and 32:**

In yesterday's call, L&W seemed to indicate that Shopify's non-custodial search for responsive communications with or concerning Shopify Merchants identified in Plaintiffs' infringement notices is not limited to Shopify's "ticketing system" alone but rather will extend to other systems, including, for

instance, whatever system houses Customer Service communications. But Shopify's written responses to Plaintiffs' RFP appear to limit Shopify's production to documents concerning *tickets*, as opposed to documents concerning Plaintiff Infringement Notices concerning communications with Accused Shopify Merchants. *See* Response to RFP 24 ("Shopify will produce responsive, non-privileged information *from its ticketing system* for the tickets associated with each Accused Shopify Merchant…which will include communications with the Accused Shopify Merchant." (emphasis added); Response to RFP 32 ("Shopify will also produce Shopify's communications *regarding the tickets* of the Accused Shopify Merchants") (emphasis added). **Accordingly**, by our next meet and confer, and in no event later than close of business Wednesday, please confirm that Shopify's search for responsive communications is not limited to its ticketing system but rather (a) will extend to other systems, including whatever system houses Customer Service communications, and (b) will not be limited to communications regarding infringement notices or related tickets.

G. **RFP 29**:

Will Shopify run reports or produce data sufficient from which one can discern the extent to which the Shopify Merchants identified in Plaintiffs' infringement notices utilized each of the Shopify products or services available to that merchant within their Shopify plan? It seems implausible to us that such data wouldn't be reasonably accessible to Shopify. As discussed, absent a stipulation that moots the need for this discovery, Shopify will need to produce what is necessary. **Accordingly**, we request you consult with Shopify on this issue and confirm Shopify's position on what it has and can reasonably produce.

H. **RFP 33**:

With respect to the Shopify Merchants identified in Plaintiffs' infringement notices, apart from receiving the listings of what they were selling, Plaintiffs need to receive (1) records of the digital files (*i.e.*, eBooks) those infringers provided to Shopify for Shopify to fulfill for customers, and (2) copies of the files that Shopify has stored on its servers. You indicated that Shopify will produce inventory lists describing what those merchants were selling via Shopify and that, after reviewing those lists, Plaintiffs should identify particular merchants or listings for which Plaintiffs would like to receive copies of the underlying digital files. But, as discussed, that process is flawed. There is no reason for Shopify to delay production of data that identifies the digital files that the infringing merchants provided to Shopify for fulfillment to customers.  Moreover, because of how Shopify has indicated it intends to defend this case, we need to be able to review all copies of the digital files that those merchants provided to Shopify for Shopify to fulfill for customers. **Accordingly**, by our next meet and confer, and in no event later than close of business Wednesday, as to the Shopify Merchants identified in Plaintiffs' infringement notices, please tell us whether Shopify (a) will identify the merchants and listings for which the digital files were stored on Shopify's servers for fulfillment, and (b) will identify which digital files Shopify still has in its possession, custody or control. Upon receiving that information, we can then have a further discussion on whether Shopify will agree to produce copies of some or all of those digital files. As discussed, absent a stipulation that moots the need for this discovery, Shopify will need to produce what is necessary.

I. **RFP 37**:

L&W indicated: (1) Shopify's policies (to be produced) address the extent to which a Shopify Merchant whose account is terminated due to copyright or trademark infringement can access or use that account

following termination; (2) and Shopify's forthcoming document production regarding each Shopify Merchant identified in Plaintiffs' infringement notices will contain both the date, if any, when Shopify terminated their account due to copyright or trademark infringement, and logs indicating the login dates to such accounts—including as to any logins following termination. L&W further indicated that the logs will include the login dates, but that it's not possible to include identification of the specific events / activities associated with each login. Based upon L&W's representations, Plaintiffs will await Shopify's forthcoming document productions, without including this in the motion to compel we intend to file this Friday.

J. **RFP 43:**

L&W indicated that Shopify cannot identify which Shopify Merchants were (or are) selling ebooks and, thus, cannot identify revenues, costs and profits associated with Shopify Merchants who sell ebooks. Based upon L&W's representation, Plaintiffs will await Shopify's forthcoming document productions, without including this in the motion to compel we intend to file this Friday. To be clear, however, we find it implausible that Shopify does not assess its revenues, costs and profits across associated with the digital downloads aspect of its business, with breakdowns by media type. We request that Shopify rethink whether it does indeed have responsive documents to produce.

K. **RFP 44 / Rogs 17 and 18:**

L&W indicated that, notwithstanding Plaintiffs' arguments regarding relevance, Shopify stands on its refusal to produce any documents concerning unlawful use of Shopify services for activity other than copyright or trademark infringement, and its refusal to address how many merchants it terminated for failing to pay amounts owed to Shopify. As a result, this will necessitate motions practice.

L. **Rog 11:**

Shopify has failed to identify each individual who has had responsibility for promoting Shopify Merchants' use of Shopify's products and services to market and sell digital copies of books. Shopify acknowledges that it has engaged in such promotional activity but not "distinct from Shopify's general marketing function." As discussed, that is not sufficient. **Accordingly**, please confirm that Shopify will identify who initiated such promotional activity, who approved it, and who implemented it. By way of one example, see https://www.shopify.com/sell/ebooks.

M. **Rog 16:**

As discussed last week, Shopify has failed to provide an answer to this interrogatory. The thrust of the interrogatory is clear, and we've confirmed with you that "receive by email but do not process" is meant as interchangeable with "receive by email but do not action". Accordingly, please confirm that Shopify will provide an answer to this interrogatory that addresses the question asked—including, if there are no such measures, by confirming that.

In addition, below are some items yet to be addressed.

1.  Interrogatory No. 14 squarely calls for Shopify to provide information as to the number of terminations it made in response to infringement notices. However, Shopify did not address that in its answer. Shopify provided figures that it indicates are terminations pursuant to Shopify's "Repeat Infringer Policy" and Shopify's "Enhanced Repeat Infringer Policy." Accordingly, please confirm that Shopify will supplement its answer to Interrogatory No. 14 by specifically addressing terminations in response to Infringement Notices.

2.  For individuals that Shopify named, either in its Rule 26 disclosures or these interrogatories, we'd like to confirm that Shopify will make them available for deposition, and where, should Plaintiffs choose to notice them. More broadly, we're interested in conferring with you about whether, from your perspective, there are any aspects of Canadian law that the parties will need to address, or navigate, in order to ensure the orderly progress of this action.

3.  Please confirm that the "Risk Operations Team at Shopify" is part of Shopify Inc. and that emails like the one below (found at the link below), to the extent sent to any Shopify Merchants identified in Plaintiffs' infringement notices, will be produced in discovery.

    -------- Oorspronkelijk bericht --------
    Van: Shopify <risk-management@shopify.com>
    Datum: 23-09-21 19:40 (GMT+01:00)
    Aan:
    Onderwerp: [Shopify Risk Operations Support] Your Shopify Payments Account

    Hello,

    Raoul from the Risk Operations Team at Shopify. We are writing to you in regards to your account serieusvrij.myshopify.com.

    We are constantly monitoring the products and types of business who are using the Shopify Payments gateway. We have found you are currently selling a product, or products, that we cannot continue to support through this gateway. This is captured in our Shopify Payments Terms of Service, Section B.5.

    Specifically, your store is selling name brand, copyright or IP protected products. Our banking partners, who power Shopify Payments, require authorized reseller status, or permissions in order to continue supporting the processing of payments through the gateway.

    Please note that while you will no longer be permitted to use Shopify Payments as your payment gateway, this does not affect your use of Shopify, which you can continue to use. Rest assured your remaining payouts, for orders processed, will be sent per the normal payout schedule to the bank account on file.

    While we sincerely apologize for the inconvenience, you will need to select a new payment gateway in order to continue selling on Shopify. We understand that changing your payment gateway can be a major adjustment, and we are here to guide you through this process as best as we can.

    There are many options to consider, however we recommend Pinwheel, which integrates directly with Shopify - more information can be found here. Authorize.net may also be a solution for your business, more information can be found here.

    Alternatively, for a complete list of integrated payment gateway options please have a look here.

    Changing payment gateway can be tricky to navigate, and we're here to answer any questions you may have about anything in this email. We'll be your best point of contact for everything mentioned here, so we recommend replying back to this email directly. Our Support Advisor team is great for solving more general questions you might have, but when it comes to this we'll have more context and information.

    We note that all Shopify merchants are responsible for complying with Shopify's Terms of Service and Acceptable Use Policy. This includes complying with all applicable laws in your jurisdiction and your customers' jurisdiction(s).

Thank you,
Raoul
Risk Analyst | Shopify

https://community.shopify.com/c/shopify-discussions/urgent-question-about-someone-who-poses-as-a-shopify-risk/td-p/1372794

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw

---

**From:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>
**Date:** Tuesday, April 12, 2022 at 1:49 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, Jess.Kurtz@lw.com <Jess.Kurtz@lw.com>, Andrew.Nietes@lw.com <Andrew.Nietes@lw.com>, Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman <Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel:

I am writing to set up an additional time to meet and confer regarding the parties' discovery responses, as we have a number of outstanding issues to discuss.  Our team is available this Wednesday between 1-3 pm PT.  Please let us know if that works for you.

Additionally, as we have discussed during our meet and confers on April 8 and 11, 2022, plaintiffs have refused to produce various categories of responsive documents or meaningfully respond to Shopify's Interrogatories, related to each of the copyrighted works in question for the following requests:  Requests for Production 1-14 and Interrogatories 1-3.  This discovery is relevant to both Plaintiffs' statutory standing to sue for infringement under the Copyright Act and several of Shopify's affirmative defenses, including its First Defense, Tenth Defense, Thirteenth Defense, Seventeenth Defense, and Twenty-Fourth defense.  Shopify is certainly entitled to discovery on these issues.  As Shopify has explained—both in its Answer and in meet and confers, it has serious questions about whether plaintiffs have the rights to a number of the copyrighted works identified in Exhibit A, as plaintiffs have made a pattern and practice of acquiring the rights to these works from the authors themselves, and in many instances, these authors were employed by universities, making the works works-made-for-hire unless an agreement exists that exempts the works from such an arrangement.  Shopify is entitled to know whether any such agreements exists.  Additionally, Shopify is entitled to know if plaintiffs have licensed their works to any third party, who may have provided a sublicense to the accused merchants.

On our calls, you have indicated that plaintiffs would not agree to produce these materials unless Shopify presented authority that it is entitled to discovery on its affirmative defenses and factual support for these defenses.  Attached is case law to support that Shopify is indeed entitled to discovery on its affirmative defenses, including discovery to rebut the presumption of validity of any copyright registrations related to the copyrighted works.  *See SoundExchange, Inc. v.*

16

*Muzak, LLC*, No. 15-CV-0476-RCL, 2019 WL 3997468, at *4 (D.D.C. Aug. 23, 2019); *see also LendingTree, LLC v. Zillow, Inc.*, No. 3:10-CV-439-FDW-DCK, 2013 WL 6385297, at *9 (W.D.N.C. Dec. 6, 2013), *Arista Records LLC v. Myxer Inc.*, No. CV 08-3935 GAF(JCx), 2009 U.S. Dist. LEXIS 132668, at *1-2 (C.D. Cal. Nov. 30, 2009); *Tapscan, Inc. v. Friberg*, No. 2:04CV696 DB, 2005 WL 8174972, at *1 (D. Utah June 21, 2005); *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1099-1100 (N.D. Cal. 2002). Shopify does not believe it needs to make a factual showing to be entitled to such discovery, as such evidence rests almost exclusively in plaintiffs' possession, custody, or control.

Please confirm you will produce these materials as requested for each of the RFPs listed. As Shopify indicated on our meet and confers, Shopify is willing to confer about ways to reduce any burden concerns plaintiffs may have. Otherwise, Shopify will have no recourse but to move to compel on these issues.

Best regards,

**Jessica Stebbins Bina**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5525 | M: +1.310.359.5372 | A: +1.424.653.5651

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Monday, April 11, 2022 11:19 AM
**To:** Jeff Kane <JKane@oandzlaw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Kurtz, Jess (NY) <Jess.Kurtz@lw.com>; Nietes, Andrew (NY) <Andrew.Nietes@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel,

Of the RFPs for which you asked whether Plaintiffs will produce communications, Plaintiffs' response does not exclude non-privileged communications for the following: RFPs 28, 46, 47, 48, 49, 52, 53, 55, 56, 58, 59, 60, 63, 64, 69.

Best,
Corey

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Date:** Friday, April 8, 2022 at 9:00 PM
**To:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, Jess.Kurtz@lw.com <Jess.Kurtz@lw.com>, Andrew.Nietes@lw.com <Andrew.Nietes@lw.com>, Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Corey Miller <Corey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman

<[Rebecca@oandzlaw.com](mailto:Rebecca@oandzlaw.com)>, Scott Zebrak <[Scott@oandzlaw.com](mailto:Scott@oandzlaw.com)>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

All,

The attachment referenced below is attached here.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
[jkane@oandzlaw.com](mailto:jkane@oandzlaw.com) | www.oandzlaw.com
    Follow us @OandZLaw

---

**From:** Jeff Kane <[JKane@oandzlaw.com](mailto:JKane@oandzlaw.com)>
**Date:** Friday, April 8, 2022 at 8:59 PM
**To:** [Jessica.StebbinsBina@lw.com](mailto:Jessica.StebbinsBina@lw.com) <[Jessica.StebbinsBina@lw.com](mailto:Jessica.StebbinsBina@lw.com)>, [Sy.Damle@lw.com](mailto:Sy.Damle@lw.com) <[Sy.Damle@lw.com](mailto:Sy.Damle@lw.com)>, [Andrew.Gass@lw.com](mailto:Andrew.Gass@lw.com) <[Andrew.Gass@lw.com](mailto:Andrew.Gass@lw.com)>, [Elizabeth.Greenman@lw.com](mailto:Elizabeth.Greenman@lw.com) <[Elizabeth.Greenman@lw.com](mailto:Elizabeth.Greenman@lw.com)>, [Jess.Kurtz@lw.com](mailto:Jess.Kurtz@lw.com) <[Jess.Kurtz@lw.com](mailto:Jess.Kurtz@lw.com)>, [Andrew.Nietes@lw.com](mailto:Andrew.Nietes@lw.com) <[Andrew.Nietes@lw.com](mailto:Andrew.Nietes@lw.com)>, [Nicholas.Schlossman@lw.com](mailto:Nicholas.Schlossman@lw.com) <[Nicholas.Schlossman@lw.com](mailto:Nicholas.Schlossman@lw.com)>, [Alli.Stillman@lw.com](mailto:Alli.Stillman@lw.com) <[Alli.Stillman@lw.com](mailto:Alli.Stillman@lw.com)>, [Sarah.Tomkowiak@lw.com](mailto:Sarah.Tomkowiak@lw.com) <[Sarah.Tomkowiak@lw.com](mailto:Sarah.Tomkowiak@lw.com)>, [Joe.Wetzel@lw.com](mailto:Joe.Wetzel@lw.com) <[Joe.Wetzel@lw.com](mailto:Joe.Wetzel@lw.com)>
**Cc:** Corey Miller <[Corey@oandzlaw.com](mailto:Corey@oandzlaw.com)>, Michele Murphy <[michele@oandzlaw.com](mailto:michele@oandzlaw.com)>, Matt Oppenheim <[Matt@oandzlaw.com](mailto:Matt@oandzlaw.com)>, Brian Stuart <[Brian@oandzlaw.com](mailto:Brian@oandzlaw.com)>, Rebecca Weissman <[Rebecca@oandzlaw.com](mailto:Rebecca@oandzlaw.com)>, Scott Zebrak <[Scott@oandzlaw.com](mailto:Scott@oandzlaw.com)>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel,

Thank you for speaking with us earlier today.

Following up on two items:

**First,** you'll recall we discussed Plaintiffs' RFP 20 and 21, and the related Interrogatories 9 and 10. Those items ask about instances where Shopify refused to action a notice either because the notice was submitted via email or because the notice listed multiple storefronts. You indicated that Shopify would consider conducting a reasonable search for such documents if we shared with you an example where this occurred. To that end, please see the attached PDF (correspondence re a June 4, 2018 notice). Shopify should be able to search the appropriate mailboxes/custodians/systems for terms like "resubmit", "reformat", "properly formatted", "clickable links", "individual Shopify store", "single notice", etc. Please advise promptly whether Shopify will conduct such a search.

**Second**, to reiterate, we believe that what Shopify knew about these Pirate Merchants and when is squarely discoverable. We understand that you're searching Shopify's "ticketing system." But what about other systems? For instance, emails or chats with Customer Service may prove revealing (e.g., questions about ebooks). Why wouldn't Shopify produce those communications involving or regarding the Pirate Merchants? By way of another example, we're aware of Shopify's Risk Management team reaching out to merchants

because the merchants were "selling name brand, copyright or IP protected products". *See* email pasted below (obtained from link shown below). As we asked in our call: are emails like these (and any responses) going to be produced? Are they captured within a system? If so, is that being searched? We are concerned because your responses to requests such as RFPs 24 and 30 appear to refuse to produce communications such as those below with respect to Pirate Merchants.

https://community.shopify.com/c/shopify-discussions/urgent-question-about-someone-who-poses-as-a-shopify-risk/td-p/1372794

>-------- Oorspronkelijk bericht --------
>Van: Shopify <risk-management@shopify.com>
>Datum: 23-09-21 19:40 (GMT+01:00)
>Aan:
>Onderwerp: [Shopify Risk Operations Support] Your Shopify Payments Account

>Hello,

>Raoul from the Risk Operations Team at Shopify. We are writing to you in regards to your account serieusvrij.myshopify.com.

>We are constantly monitoring the products and types of business who are using the Shopify Payments gateway. We have found you are currently selling a product, or products, that we cannot continue to support through this gateway. This is captured in our Shopify Payments Terms of Service, Section B.5.

>Specifically, your store is selling name brand, copyright or IP protected products. Our banking partners, who power Shopify Payments, require authorized reseller status, or permissions in order to continue supporting the processing of payments through the gateway.

>Please note that while you will no longer be permitted to use Shopify Payments as your payment gateway, this does not affect your use of Shopify, which you can continue to use. Rest assured your remaining payouts, for orders processed, will be sent per the normal payout schedule to the bank account on file.

>While we sincerely apologize for the inconvenience, you will need to select a new payment gateway in order to continue selling on Shopify. We understand that changing your payment gateway can be a major adjustment, and we are here to guide you through this process as best as we can.

>There are many options to consider, however we recommend Pinwheel, which integrates directly with Shopify - more information can be found here. Authorize.net may also be a solution for your business, more information can be found here.

>Alternatively, for a complete list of integrated payment gateway options please have a look here.

>Changing payment gateway can be tricky to navigate, and we're here to answer any questions you may have about anything in this email. We'll be your best point of contact for everything mentioned here, so we recommend replying back to this email directly. Our Support Advisor team is great for solving more general questions you might have, but when it comes to this we'll have more context and information.

>We note that all Shopify merchants are responsible for complying with Shopify's Terms of Service and Acceptable Use Policy. This includes complying with all applicable laws in your jurisdiction and your customers' jurisdiction(s).

>Thank you,
>Raoul
>Risk Analyst | Shopify

As always, this is not an exhaustive list; we reserve all rights. We look forward to speaking with you on Monday.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw

---

**From:** Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Date:** Friday, April 8, 2022 at 10:37 AM
**To:** Jeff Kane <JKane@oandzlaw.com>, Katheryn Jarvis Enters <Katheryn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman <Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>
**Cc:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Jess.Kurtz@lw.com <Jess.Kurtz@lw.com>, Andrew.Nietes@lw.com <Andrew.Nietes@lw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Jeff,

In addition to the issues we have identified with Plaintiffs' responses to Shopify's First Set of RFPs, we'd like to discuss the following issues during our meet and confer today in relation to the discovery responses Plaintiffs served late last night.

### Issues

- Plaintiffs have wholesale refused to meaningfully respond to any of Shopify's interrogatories. Specifically, nearly all of Plaintiffs' responses fall into the following categories:

    o For several of the interrogatories (Rogs 1, 2, 3), Plaintiffs refer Shopify back to Exhibit A to the Complaint or to the U.S. Copyright Office's registration certificates or publicly available database entries. Please be prepared to explain why Plaintiffs are refusing to produce the requested information related to their alleged registration of and ownership in each of the copyrighted works, including chain of title.

    o For several of the interrogatories (Rogs 4, 6), Plaintiffs refer Shopify back to notices sent by Plaintiffs or on their behalf to Shopify, or other documents (agreements, or communications). However, Plaintiffs have not identified any documents by name that would be responsive to these requests, nor does referring us to documents adequately answer these interrogatories. For example, Plaintiffs have not identified all third party complainants who have submitted notices on Plaintiffs' behalf, nor the nature of Plaintiffs' relationship with these third parties (Rog 4), and Plaintiffs have not explained any steps they take to monitor or identify alleged infringements (Rog 6). Please explain Plaintiffs' refusal to produce this information.

- o Plaintiffs have refused to respond to a number of interrogatories (5, 7, 8, 10, 11, 12, 14, 15, 16). Please be prepared to explain Plaintiffs' refusal to respond to these interrogatories, including Plaintiffs' refusal to respond with facts supporting material contentions contained in their complaint (e.g., 11, 15, 16).

- o For Interrogatory 9, Plaintiffs have stated that they do not have any valuation of any of their works. Please be prepared to explain this answer.

- RFP 74: Plaintiffs have refused to produce documents that support or refute Plaintiffs' responses to any interrogatory. Further, Plaintiffs have stated that they will only produce documents specifically referenced in their interrogatories. However, Plaintiffs' interrogatories vaguely refer to wholesale categories of documents. Plaintiffs cannot both refuse to identify documents in Plaintiffs' interrogatory responses, and then refuse to produce documents to support their response. Please be prepared to discuss.

- RFPs 76 & 77: With respect to the copyrighted works and trademarks, Plaintiffs have refused to produce documents concerning any efforts to enforce or police these other than the notices themselves, and any agreements with third parties to engage in enforcement on Plaintiffs' behalf. Please be prepared to discuss why Plaintiffs refuse to produce documents related to their enforcement efforts.

Best,

Nick

**Nicholas L. Schlossman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.3344

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Wednesday, April 6, 2022 9:32 PM
**To:** Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Johnson, David (DC) <David.Johnson@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Katheryn Jarvis Enters <Katheryn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Thanks, Jessica. That time works for us.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw

**From:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>
**Date:** Wednesday, April 6, 2022 at 6:51 PM
**To:** Jeff Kane <JKane@oandzlaw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, David.Johnson@lw.com <David.Johnson@lw.com>, Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Katheryn Jarvis Enters <Katheryn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart Murphy <Brian@oandzlaw.com>, Rebecca Weissman <Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Bedford v. Shopify - Shopify's ROG and RFP Responses

Jeff,

I apologize for the delay; I was unexpectedly in court the past two days.  We are available to meet and confer regarding discovery on Friday between 9 and 11 Pacific.  In addition to the topics you list below, we'd also like to discuss the issues identified below regarding Plaintiffs' April 1 Responses to Shopify's First Set of RFPs.  Additionally, to the extent we identify additional topics of discussion regarding Plaintiffs' Responses to Shopify's First Set of Interrogatories—which are due tomorrow—we reserve the right to add these topics after we have received these responses as well.

**Issues Regarding Plaintiffs' Responses to Shopify's First Set of RFPs**:

1.  Elsevier B.V. – there are 31 RFPs for which Elsevier B.V. has stated it will not produce documents, in addition to 18 RFPs for which all plaintiffs have stated it will not produce documents (which are discussed separately).  Please be prepared to discuss why Elsevier BV has declined to produce documents for these 31 RFPs (RFP Nos. 1-6, 8-15, 17, 21-23, 25,-29, 44-46, 52, 62, 65-66, 68-69) or whether there are simply no responsive documents to these requests for Elsevier BV.

2.  Macmillan Holdings LLC – Macmillan Holdings has stated that it does not have responsive documents or will not produce documents with respect to 65/73 of the RFPs, including several RFPs for which Macmillan Holdings refers Shopify to Macmillan Learning's responses (in addition to the 18 RFPs for all plaintiffs).  With respect to the former, we'd like to understand if no such documents exist.  With respect to the latter, we'd like to understand whether this means that Macmillan Holdings will in fact be producing documents, and if so, whether such documents will be simply the same as documents produced by Macmillan Learning's (*see* RFP Nos. 1, 3-15, 17-18, 21-24, 26-29, 34-35, 37-38, 42-49, 52-53, 55-56, 58, 62-66).

3.  In several instances, Plaintiffs have limited the production to "documents" and excluded "communications."  Please be prepared to discuss Plaintiffs' exclusion of "communications" related to, e.g., RFPs 1, 2, 15, 21, 23, 28, 29, 30, 32, 33, 35, 37, 38, 39, 43, 44, 46, 47, 48, 49, 51, 52, 53, 55, 56, 58, 59, 60, 63, 64, 69, 73.

4.  RFP 2 – please be prepared to discuss why Plaintiffs believe there are no documents or communications sufficient to identify the ownership percentage of each Copyright Work for works authored by multiple persons.

5.  RFP 3 – please be prepared to discuss why Plaintiffs refuse to produce a proper chain of title for works for which Plaintiffs are not listed on the copyright registration certificates, including whether no such chain of title exists, or whether Plaintiffs have simply acquired the rights directly from the persons listed on the copyright registration certificates.

6.  RFPs 4, 5, 41 – Plaintiffs have only agreed to produce licenses or agreements of each Copyrighted Works or trademarks with respect to the Accused Merchants. We have requested "all license and agreements" for each Copyright Work or trademark with any person. Please be prepared to discuss why you believe limiting these request is appropriate.

7.  RFP 6 – you have agreed only to produce the copyright registrations themselves. Shopify is entitled to your communications with the US Copyright Office, and all copies of all documents submitted or received by the Copyright Office.

8.  RFPs 7, 8, 9 – for each Work that was originally published/registered outside of the U.S., please be prepared to discuss why you are refusing to produce documents and communications responsive to these request, or otherwise limiting these requests to U.S. copyright registrations.

9.  RFPs 11, 12 – please be prepared to discuss your responses to these requests, including your limitation to "documents sufficient to establish Plaintiffs' ownership of or exclusive rights in that Copyrighted Work." Specifically, you have not agreed to produce any communications with the actual authors or other owners of the Works.

10. RFP 14 – please be prepared to discuss your limitation of this request to only the US Copyright registrations and documents sufficient to show Plaintiffs' ownership of or exclusive rights in that Work.

11. RFP 16 – we'd like to understand whether you are refusing to produce any other documents / communications with Shopify *other* than those concerning infringement by Shopify merchants, or whether no other documents and communications exist.

12. RFP 17 – please be prepared to discuss why you are refusing to produce communications related to any notices you sent to Shopify regarding infringement of each of the Works, other than communications with Shopify.

13. RFPs 18, 24, 31, 36, 71 – please be prepared to discuss your refusal to produce documents responsive to these requests.

14. RFP 20 – it does not appear that you have agreed to produce infringement notices sent by third parties *other* than BCGuardian to Shopify, or communications with those third parties. Please clarify whether you intend to produce such documents and communications.

15. RFP 22 – please be prepared to discuss whether you are refusing to produce the revenue you have received for each Copyrighted Work, or whether the "prices at which the Copyrighted Works were sold in the United States" will also include the revenue you received.

16. RFP 27 – please be prepared to discuss your response to this request, including your limitation of this request to the infringement notices, and exclude reps/warranties in financings, mergers, or other agreements.

17. RFP 29 – you have limited this request to analyses of the effect of digital piracy. This request asks for the effects of the *specific* infringement at issue in this case on the market for each of the Works. Please be prepared to discuss whether you will produce documents to this category, or whether no such documents exist.

18. RFP 34 – please explain why this response is limited to surveys and market research. Are there no statistics or consumer research, or are you refusing to produce such materials? Additionally, please be prepared to explain the limitation to the surveys / market research, excluding communications related to these.

19. RFP 40 – please be prepared to discuss your limitations to this request to just notices of suit incoming with the USPTO.

20. RFP 42 – please be prepared to discuss the limitation of this request to infringement on Shopify's platform.

21. RFP 44 – your response to this request suggests that you are limiting this request to only some documents showing that the Works were on Shopify's platform.  Please confirm you will produce all documents and communications supporting your contention.

22. For several requests (RFPs 45, 50, 57, 61, 62, 65, 66, 67, 68, 70, 72), you have identified that you have agreed to produce documents in response to other requests.  To the extent you believe responsive documents overlap, please identify the other requests so we can identify what you have agreed to produce with respect to each of these RFPs.

23. RFP 54 – please explain your limitation of this request to "documents sufficient to show."

24. RFPs 59 and 60 – your response to these requests unreasonably limits the documents you have agreed to produce.  Please confirm that you will produce all documents and communications supporting your contentions.

Best,

**Jessica Stebbins Bina**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5525 | M: +1.310.359.5372 | A: +1.424.653.5651

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Wednesday, April 6, 2022 9:59 AM
**To:** Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Greenman, Elizabeth (CC) <Elizabeth.Greenman@lw.com>; Johnson, David (DC) <David.Johnson@lw.com>; Schlossman, Nicholas (DC) <Nicholas.Schlossman@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Katheryn Jarvis Enters <Katheryn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brian Stuart <Brian@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Bedford v. Shopify - Shopify's ROG and RFP Responses

Hi All,

We wanted to follow up on the below. Please let us know when you are available to talk. Thanks.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw

**From:** Jeff Kane <JKane@oandzlaw.com>
**Date:** Tuesday, April 5, 2022 at 3:55 PM
**To:** Jessica.StebbinsBina@lw.com <Jessica.StebbinsBina@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Elizabeth.Greenman@lw.com <Elizabeth.Greenman@lw.com>, David.Johnson@lw.com <David.Johnson@lw.com>, Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Katheryn Jarvis Enters <Katheryn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Brian Stuart <Brian@oandzlaw.com>, Rebecca Weissman <Rebecca@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Bedford v. Shopify - Shopify's ROG and RFP Responses

Counsel,

We write to request that the parties meet and confer regarding Shopify's March 31 Responses to Plaintiffs' First Sets of Interrogatories and Requests for Production. We are available anytime Wednesday except for between 4–6 pm Eastern Time.  Please let us know what time works for you.

**Issues**

1. In several instances, Shopify limited its response to Accused Shopify Merchants, as opposed to Shopify Merchants. *See* RFP Responses 17, 20, 21, 37; ROG Responses 9, 10. These responses must address all Shopify Merchants.

2. A number of Shopify's responses seem limited to data contained within the ticketing system Shopify uses for infringement notices. *See, e.g.*, Response to RFP 24, 30. Please be preared to discuss: a) what information is included in this system; b) what information responsive to the RFPs is not included in this system; and c) what other systems are likely to have responsive information about infringers and infringement notices. Please be prepared to address in what systems Shopify is searching for responsive documents, including those used by Shopify Customer Support and/or Shopify Trust & Safety (a/k/a, Shopify Trust and Security).

3. ROGs 9, 10, 16 – We need to understand in how many instances Shopify "actioned" a notice by contacting the sender to say that the notice was not valid by virtue of being sent via email or including multiple storefronts. And we need to understand in how many instances did the sender resubmit the notice. These same issues arise in RFP 20, 21, 22.

4. Shopify limited a number of its responses to the period December 1, 2018 through March 1, 2022. While in some instances we are able to agree to this period, a number of items will require an earlier start date. In particular, we would like to discuss Responses to RFP 3, 6, 11, 12, 14, 20, 21, 25, 30; Responses to ROGs 1, 2, 3, 4, 9, 10, 15, 17, 18.

5. RFP 11 – Please be prepared to discuss your limiting this response to "documents sufficient to show".  For instance, we'd like to discuss whether Shopify's response will include materials such as: user guides; data keys; and training materials.

6.  RFP 23 – We are confused as to what you will be producing, and as to what information you are concerned may be confidential, including as to the bulleted fields of information in the request.

7.  RFP 26 – We are confused by this response. Shopify limited its response to alleged terminations, excluding any instances of suspensions or other adverse actions. Is it the case that Shopify does not take those actions and thus there are no documents? Or do documents exist but Shopify does not intend to produce them?

8.  RFP 29 – Please be prepared to discuss your statement that you will not identify the products that the Accused Shopify Merchants used and the extent to which such Merchants used those products.

9.  RFP 33 – Please be prepared to discuss the reason for your refusal to provide digital copies of books that Accused Shopify Merchants uploaded.

10. In several instances, Shopify's Responses state that it will produce "relevant" documents. *See, e.g.*, RFP Responses p. 2 ("Shopify agrees to produce the responsive, relevant, non-privileged documents"); Responses to RFP 4, 5. Does "relevant" mean something different from "responsive"? If so, please explain how Shopify is limiting its response.

11. Please explain what you will be producing with respect to Shopify Payments so that we can determine whether we need to subpoena that entity separately.

12. Several of Shopify's ROG responses identify by name individuals with knowledge about Shopify. *See, e.g.*, ROG Responses 1–3, 6, 11–13, 15. Shopify did not provide "the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment," as required by ¶ 20 of the instructions to Plaintiffs' ROGs (and to which Shopify did not object). To the extent that these individuals are Shopify employees, please indicate whether Shopify will make these personnel available for deposition, should Plaintiffs choose to notice them. More broadly, please let us know if there are any peculiarities under Canadian law that may interfere with the orderly progress of this action.

13. ROG 11 – Shopify has encouraged merchants to use Shopify's services to sell ebooks. Shopify must identify the person(s) at Shopify involved in deciding to promote, and in promoting, that activity. There is no basis for to refuse to answer on the basis that those involved did so as part of their responsibilities in Shopify's "general marketing function." Relatedly, as to RFP 39, please be prepared to discuss your refusal to provide draft copies and communications related to drafts.

14. RFP 43 – You stated you wanted to meet and confer about this request. Please be prepared to explain how Shopify tracks financial information in connection with an individual Shopify Merchant.

15. RFP 44 – Please be prepared to discuss your limiting your response to copyright and trademark infringement.

16. ROGs 17 & 18 – As you objected that the information these interrogatories request "is not maintained in the ordinary course of business and [] would be unduly burdensome to compile, given Shopify's information management system," please be prepared to discuss how Shopify maintains the information requested by these interrogatories.

17. RFP 6 – Please be prepared to discuss your position that you will not produce drafts of policies and procedures concerning copyright and trademark infringement.

18. RFP 8 – Please be prepared to discuss your limiting your response to communications "relaying those policies". In particular, please explain which communications your response excludes from production. For instance, Shopify must produce communications concerning the design, interpretation, effectiveness, potential changes, etc.

19. RFP 12 – Please be prepared to discuss your limiting this response only to policies actually adopted, as opposed also to those considered or rejected.

20. ROG 1 – The inclusion of "after receiving a *valid* written notice" (emphasis added) unduly narrows the response to the interrogatory.

21. RFP 25 – Please be prepared to discuss your apparent limitation of this response to communications concerning *tickets*, as opposed also to Plaintiffs' Infringement Notices more broadly.

22. RFP 32 – Please be prepared to discuss your limiting this response to "communications regarding the *tickets* of the Accused Shopify Merchants" (emphasis added).

23. RFP 45 – You asked us to identify the lawsuits referenced in this Request. Such suits include:

   a. *Cengage Learning, Inc. et al. v. Does 1-30 d/b/a acemalls.com et al.*, Case No. 19-cv010524-LAK (S.D.N.Y)
   b. *Cengage Learning, Inc. et al. v. Does 1-48 d/b/a allebooksvital.com, et al.* Case No. 20-cv-00769-JGK (S.D.N.Y)
   c. *McGraw Hill LLC et al. v. Does 1-63 d/b/a 1stebooks.com et al.*, Case No. 20-cv-06368-GHW (S.D.N.Y)
   d. *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning et al. v. Does 1-28 d/b/a alltextbookpro.com et al.*, Case No. 21-cv-06691-ER (S.D.N.Y)
   e. *Elsevier Inc. et al. v. Does 1-86 d/b/a 7yec.com et al.*, Case No. 20-cv-08438-LLS (S.D.N.Y)
   f. *Pearson Education, Inc. et al. v. Does 1-39 d/b/a abooks.org et al.*, Case No. 21-cv-03486-RA (S.D.N.Y).

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.480.2999
jkane@oandzlaw.com | www.oandzlaw.com
   Follow us @OandZLaw

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.