# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

<table>
<tr>
<td>

BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC d/b/a
MACMILLAN LEARNING;
MACMILLAN HOLDINGS, LLC;
CENGAGE LEARNING, INC.;
ELSEVIER INC.; ELSEVIER B.V.;
MCGRAW HILL LLC; and PEARSON
EDUCATION, INC.,

Plaintiffs,

v.

SHOPIFY INC.,

Defendant.

</td>
<td>

Case No. 1:21-cv-01340

</td>
</tr>
</table>

### SHOPIFY INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT SHOPIFY INC.

Shopify Inc. ("Shopify"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, hereby provides these responses to Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Macmillan Holdings, LLC, Cengage Learning, Inc., Elsevier Inc., Elsevier B.V., McGraw Hill LLC, and Pearson Education, Inc.'s (collectively, "Plaintiffs") First Set of Requests for Production of Documents and Things ("Requests") as follows:

### PRELIMINARY STATEMENT

Shopify has and will continue to attempt in good faith to search for and provide documents responsive to the appropriate requests herein to the extent reasonably practicable at this stage of

these proceedings, based on information now known, as well as Shopify's present analysis of the case. Shopify has not completed its discovery and investigation in this action, and has not completed its preparation for trial. As a result, the documents produced in response to these requests, while based on diligent factual exploration, reflect only Shopify's current state of knowledge, understanding, and belief with regard to the matters about which requests have been made. Shopify's responses are given without prejudice to its right to amend or supplement its production after considering information obtained or reviewed through further discovery and investigation.

By responding to the requests herein, Shopify agrees to produce the responsive, relevant, non-privileged documents Shopify is able to locate after a reasonable search without undue burden or expense, but only to the extent (if any) indicated in the response to the particular Request. Shopify's responses and objections, including any agreement to produce responsive documents, should not be construed as confirming that any such responsive documents in fact exist.

Shopify will not produce any documents that are protected by the attorney-client privilege, common interest privilege, work-product doctrine, or any other applicable common law or statutory privilege, exemption, law, rule, or protection. To the extent any Request may be construed as calling for disclosure of information, documents, and/or things protected by any applicable privileges or doctrines ("Privileged Information"), nothing in Shopify's responses is intended to waive such privileges and Shopify's responses should not be construed as such a waiver. Shopify will produce responsive documents, to the extent any exist, which it believes are non-privileged and are otherwise properly discoverable. Shopify makes its production of documents on the condition that an inadvertent production of documents covered by such privileges or doctrines does not waive any of its rights to assert such privileges or doctrines and

2

that it may withdraw from production any such document inadvertently produced.

Shopify is producing documents without prejudice to Shopify's right to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on documents or information deemed appropriate by that expert in formulating the expert's opinion, whether or not produced in response to these requests. Shopify's responses to these Requests, and any corresponding productions, do not constitute either an admission that any definitions provided by Plaintiffs are factually correct or legally binding upon Shopify, or a waiver of any of Shopify's objections, including but not limited to objections regarding discoverability of documents or other evidence.

Notwithstanding responses to these requests or the production of any information, documents, or things in response to a Request, Shopify expressly reserves all objections as to authenticity, relevance, materiality, and admissibility of any such information, documents, or things.

Shopify previously served general and specific objections to Plaintiffs' Interrogatories on March 16, 2022. Shopify incorporates its general objections and specific objections herein, in italicized text, for ease of reference.

## GENERAL OBJECTIONS

1.    *Shopify objects to the Requests, and all Instructions and Definitions thereto, to the extent that they purport to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.*

2.    *Shopify objects to the Requests to the extent that they seek information that is not relevant to the claims or defenses of any party in this proceeding, or are not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party in this*

3

*proceeding.*

*3.        Shopify objects to the Requests to the extent they seek documents or information beyond the possession, custody, or control of Shopify or would require Shopify to spend an unreasonable amount of time, effort, and resources in order to respond.*

*4.        Shopify objects to the Requests to the extent they request "all" or "any" documents or impose similar obligations on Shopify.  Subject to its objections, Shopify will make reasonable efforts to search for relevant information from those individuals employed by or on behalf of Shopify whom Shopify reasonably believes are likely to have responsive information associated with this proceeding, but each and every employee has not been, and could not be, contacted and questioned, nor their documents searched, for information that would assist in answering the Requests.*

*5.        Shopify objects to the Requests to the extent they call for information the discovery of which is cumulative or duplicative.*

*6.        Shopify objects to the Requests to the extent they are vague and/or ambiguous.*

*7.        Shopify objects to the Requests to the extent they call for the disclosure of information or materials protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify will exclude from its responses all information or materials protected by any applicable privilege or doctrine.*

*8.        Shopify objects to the Requests to the extent that they seek the disclosure of information or documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party.*

*9.        Shopify objects to the Requests, and all Instructions and Definitions thereto, to the extent they request information and documents that are a matter of public record, in the possession*

of a third party, in the possession of the Plaintiffs, or otherwise available to the Plaintiffs through a source other than Shopify.

10.    Shopify objects to the Requests, and all Instructions and Definitions thereto, to the extent they incorporate, contain characterizations of, or call for legal conclusions.  A response to a Request or use of a defined term therein does not mean Shopify agrees with the definition of any defined term or any characterizations or legal conclusions contained therein.

11.    Shopify objects to the Instructions and Definitions to the extent they seek to impose obligations beyond those set forth in applicable law, including but not limited to the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

12.    Shopify objects to the Requests, and all Instructions and Definitions thereto, to the extent they call for the creation of new or voluminous documents, reports, spreadsheets, analyses, or data compilations that do not currently exist in the ordinary course of Shopify's business.

13.    Any statement below that responsive documents will be produced does not constitute a representation or acknowledgment by Shopify that any such documents in fact exist or are in Shopify's possession, custody, or control, but is intended to convey that, if such documents exist and can be located after a reasonable search and inquiry of documents in Shopify's possession, custody, or control, they will be produced subject to any applicable objections.

14.    Shopify anticipates the participants will agree to a common protocol for all productions of Electronically Stored Information ("ESI") in this proceeding.  Shopify objects to the production of any ESI until a final ESI protocol is agreed upon.

15.    No response or objection to any Request is intended to be, nor shall any response be construed as, an admission of the existence of any facts set forth in or assumed by any Request, or an admission that such response or objection constitutes admissible evidence.  Likewise, the

5

*production of any documents in response to the Requests is not intended to be, and shall not be construed as, a waiver by Shopify of all or any part of any objection to any Request, an admission of the existence of any facts set forth in or assumed by any Request or any document produced in response thereto, or an admission that such response, objection, or document constitutes admissible evidence.*

*16.    Shopify objects to the definition of "you," "your," "Shopify," or "Defendant" to the extent that they purport to impose duties beyond those imposed by the Federal Rules of Civil Procedure and the applicable Local Rules of the Court.  Shopify further objects to these definitions as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent they purport to include entities other than Shopify.  Shopify objects to these definitions to the extent they purport to include within their scope any "attorneys" for Shopify.  For purposes of its responses, Shopify will construe "you," "your," "Shopify," or "Defendant" to mean only Shopify Inc., and not any "parents, subsidiaries, affiliates . . . and/or any other person or entity currently or previously acting or purporting to act on its behalf" or any attorneys not employed by Shopify Inc. acting on its behalf.*

*17.    Shopify objects to the definition of "Shopify Merchant" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes all of Shopify's over two million merchants, the majority of which have no relevance to Plaintiffs' claims whatsoever.*

*18.    Shopify objects to the definition of "Plaintiffs' Copyrighted Work" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it refers to "any future additions or revisions to Exhibit A."*

*19.    Shopify objects to the definition of "Plaintiffs' Mark" as overbroad, unduly*

*burdensome, and not proportional to the needs of the case to the extent it refers to "any future additions or revisions to Exhibit B."*

20.     *Shopify objects to the definition of "Infringement Notices" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for communications not sent by Plaintiffs and not related to Plaintiffs' claims.  Shopify further objects to this definition as it includes characterizations of, and legal conclusions regarding infringement of a copyright or a trademark and notifications pursuant to 17 U.S.C. § 512.  Shopify further objects to the terms "processed" and "retained," as referenced in the definition, as vague and/or ambiguous because they could have multiple meanings in this context.*

21.     *Shopify objects to the definitions of "DMCA Policy" to the extent it includes characterizations of, and legal conclusions regarding any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Shopify's compliance with such obligations, duties, and requirements.*

22.     *Shopify objects to the definition of "Repeat Infringer Policy" to the extent it includes characterizations of, and legal conclusions regarding copyright infringement, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Shopify's compliance with such obligations, duties, and requirements.  Shopify further objects to the term "address," as referenced in the definition, as vague and/or ambiguous because it could have multiple meanings in this context.*

23.     *Shopify objects to the definition of "Acceptable Use Policy" to the extent it mischaracterizes or is inconsistent with Shopify's actual policy.*

24.     *Shopify objects to the definition of "Accused Shopify Merchant" to the extent it incorporates the previously objected definition of "Plaintiff Infringement Notice."*

7

25.    *Shopify objects to the instruction that "[u]nless otherwise specified, the relevant time frame for these Requests is January 1, 2017 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

26.    *Shopify reserves the right to modify, supplement, or amend any or all of these responses, if necessary or appropriate, and to produce additional non-privileged, responsive documents if any are located.*

## RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Your formation and status as a legal entity, the identity of each of Your affiliates, and the nature and scope of Your relationship with Shopify Payments (USA) Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to this Request to the extent it seeks "[d]ocuments sufficient to show [Shopify's] formation and status as a legal entity" and "the identity of each of [Shopify's] affiliates" because such information is public or readily available to Plaintiffs.  Shopify further objects to the Request because documents concerning "[Shopify's] formation and status as a legal entity, the identity of each of [Shopify's] affiliates, and the nature and scope of [Shopify's] relationship with Shopify Payments (USA) Inc." are not relevant to the claims or defenses of any party in this proceeding because Shopify's status as a legal entity is not in question and none of Shopify's affiliates are a*

8

*named party in this proceeding.  Shopify further objects to the time frame of January 1, 2017 as*

*overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of*

*limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit*

*its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to identify Shopify's formation and status as a legal entity, the identity of Shopify's principal affiliates, and the nature and scope of Shopify's relationship with Shopify Payments.

**REQUEST FOR PRODUCTION NO. 2:**

Organizational charts or other documents sufficient to show Your organizational structure for persons involved in receiving or addressing Infringement Notices, user terms of service, Acceptable Use Policies, privacy policies, eBook seller sites, promoting and creating eBook seller sites, the Digital Downloads app, the Digital Downloads by Uplinkly app, and finances, including the identity and title of each job occupant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client*

*privilege, attorney work product doctrine, or other privileges and protections.  Shopify further*

*objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the*

*case to the extent it purports to require Shopify to compile information in a manner that is not*

*maintained in the ordinary course of business, and thus imposes burdens beyond the scope*

*required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Shopify further objects to*

*the term "promoting," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires Shopify to compile information from third parties. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged organizational charts sufficient to show the organizational structure for persons in Trust & Safety (responsible for receiving or addressing Infringement Notices, user terms of service, Acceptable Use Policies, and privacy policies), Finance (responsible for finances), and SFN Engineering, Transportation Services (responsible for supporting the Digital Downloads app). Shopify does not have any persons whose job responsibilities specifically include eBook seller sites or promoting and creating eBook seller sites. It is the entire mission of Shopify to support seller sites. Accordingly, there is no specific person responsible for supporting seller sites. The Digital Downloads by Uplinkly is a third party product.

## REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to show, on a monthly, quarterly, and yearly basis, the number of Infringement Notices You received concerning copyright or trademark infringement by Shopify Merchants.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system. In response to this Request, Shopify will produce relevant, non-privileged information sufficient to show the number of tickets created from all Infringement Notices that Shopify received concerning alleged copyright or trademark infringement by Shopify Merchants as the records are kept in the ordinary course of business from December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show, on a monthly, quarterly, and yearly basis, the number of instances in which You warned, suspended, terminated, or otherwise took adverse action against the account of a Shopify Merchant based on that Shopify Merchant's copyright or trademark infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the phrase "otherwise took adverse action," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged information sufficient to show the number of instances in which Shopify terminated the account of a Shopify Merchant based on that Shopify Merchant's alleged copyright or trademark infringement as the records are kept in the ordinary course of business, for the period of December 1, 2018 through March 1, 2022. Shopify does not otherwise compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications discussing or considering what actions to take in

response to Infringement Notices, including whether to terminate, suspend, or take other adverse action against a Shopify Merchant's account for copyright or trademark infringement, or for violating Your policies regarding copyright or trademark infringement. This includes documents and communications discussing the payment history of, service level of, or future revenue from a Shopify Merchant in connection with potential termination, suspension, or other adverse action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to privileged documents regarding whether to terminate, suspend, or take other adverse action against a Shopify Merchant's account that were made in connection with the advice of counsel. Shopify further objects to the phrase "otherwise took adverse action," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to the term "Infringement Notices," as referenced in this Request, as overbroad, unduly burdensome, and not proportional to the needs of the case: given the scope and burden implicated by this request, Shopify will limit its response to the "Infringement Notices" at issue in connection with Plaintiffs' claims of infringement. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents and communications discussing or considering what actions to take in

13

response to Infringement Notices associated with the Accused Shopify Merchants, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search. For the reasons stated in its objections, Shopify will not produce documents or communications related to Shopify Merchants that are not Accused Shopify Merchants in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning Your strategies, approaches, policies, or procedures concerning copyright or trademark infringement by Shopify Merchants, including all versions and drafts of Your Repeat Infringer Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, including but not limited to any privileged drafts of strategies, approaches, policies, procedures, or communications. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show Shopify's strategies, approaches, policies, or procedures during the limitations period. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show Shopify's strategies, approaches, policies, or procedures concerning alleged copyright or trademark infringement by Shopify Merchants for the period of December 1, 2018 through March 1, 2022. For the reasons stated in its objections, Shopify will not produce drafts of Shopify's strategies, approaches, policies, or procedures concerning alleged copyright or trademark infringement that were not adopted.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning implementation or analysis of Your strategies, approaches, policies, or procedures concerning copyright or trademark infringement by Shopify Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to privileged documents containing strategies, approaches, policies, and procedures concerning copyright or trademark infringement made in connection with advice of counsel. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show the relevant strategies, approaches, policies or procedures. Shopify further objects to the term "implementation," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through*

*December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show Shopify's strategies, approaches, policies, or procedures concerning alleged copyright or trademark infringement by Shopify Merchants, as were put in force by Shopify, and will produce non-privileged documents and communications analyzing those strategies, approaches, policies, or procedures, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 8:

All documents and communications concerning Your policies—whether directed to Shopify's employees or its customers—relating to copyright or trademark infringement by Shopify Merchants, including any policies discussing a graduated response program for copyright or trademark infringement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show Shopify's policies. Shopify further objects to this Request as vague and/or ambiguous to extent it seeks "any policies discussing a*

*graduated response program for alleged copyright or trademark infringement" because no program with that name exists and the term "graduated response program" could have multiple meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show (1) Shopify's policies relating to alleged copyright or trademark infringement by Shopify Merchants, and (2) communication(s) relaying these policies to Shopify employees and customers, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications supporting the allegations and affirmative defenses in Your Answer to the Complaint filed on January 28, 2022, including but not limited to all documents and communications concerning the following statements on pages 2 through 6 of Your Answer, whether supportive of or contrary to:

> The truth is that Shopify has promptly and appropriately responded to the notices of claimed infringement these textbook publishers have sent. It has appropriately responded to court orders and requests for information consistent with its legal obligations as an international company with customers in multiple jurisdictions. See Guidelines for Legal Requests for Information, https://www.shopify.com/legal/gvtaccesspolicy (last updated Dec. 8, 2021). And Shopify has aggressively enforced its policy of terminating Merchants who are the subject of repeat infringement notices. Indeed, less than 2 percent of the Shopify Merchants who have been targeted with Plaintiffs' takedown notices remain active on the platform today, amounting to less than 0.01 percent of all Shopify Merchants.
> . . .
>
> While Shopify does not control its Merchants' products or their business

17

decisions, Shopify is committed to respecting intellectual property rights, and vigorously enforces its policies accordingly. . . .

Shopify employs robust procedures for taking down copyright-infringing content in accordance with the DMCA, 17 U.S.C. § 512(c). . . . Promptly upon receiving a complete DMCA Takedown Notice (that is, one that contains all information required by the DMCA), Shopify removes or disables access to the content or materials claimed to be infringing. . . . Shopify does the same thing upon receiving a complete Trademark Infringement Notice. . . .

Furthermore, Shopify rigorously implements its repeat infringer policy by disabling and/or terminating the accounts of Merchants who have been repeatedly accused of offering copyright-infringing products for sale, in accordance with Section 512(i)(1)(a) of the DMCA. And Shopify does the same for Merchants who have been accused of trademark infringement.

. . . Consistent with its policies, Shopify promptly and appropriately responds to the notices it receives, disabling infringing content, and removing repeat infringers from its platform, as the circumstances require.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify cannot determine which documents *Plaintiffs* might view as important to Shopify's affirmative defenses and Answer, and cannot agree to produce documents that Plaintiffs have not identified with reasonable particularity

as required by the Federal Rules.  Shopify will produce relevant, non-privileged documents that Shopify views as supporting its Answer, including its affirmative defenses and the statements included in this Request.  This case remains in its early stages, and Shopify will exercise its right under the Federal Rules of Civil Procedure to supplement its production as it learns more information as the case progresses.

**REQUEST FOR PRODUCTION NO. 10:**

All documents constituting or concerning reports, studies, research, presentations, or analysis relating to copyright or trademark infringement by Shopify Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including, but not limited to, any privileged analyses made by counsel or for purposes of obtaining their advice. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged studies, research, or presentations relating to alleged copyright or trademark infringement by Shopify Merchants, including reports and analysis, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 11:

All documents concerning any system used for tracking Infringement Notices, including documents describing the technical abilities of that system to track violations of any infringement-related policy by its users and to otherwise track or process Infringement Notices.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request as vague and/or ambiguous to the extent it seeks "[a]ll documents concerning any system used for tracking Infringement Notices" and "documents describing the technical abilities of that system" because these phrases could have multiple meanings in this context. Shopify further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show the system used for tracking Infringement Notices. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents "describing the technical abilities of that system" about Shopify's current system used to handle notices of alleged infringement received by Shopify, regardless of the document's relation to the claims or defenses of any party in this proceeding. Shopify further objects to this Request to the extent it seeks confidential, personal, and/or proprietary information that is beyond the scope of this case, including to the extent the Request could be construed to call for proprietary and confidential technical details regarding Shopify's technical tracking system. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show the capabilities of Shopify's system used for tracking and processing Infringement Notices, including Shopify's policies and procedures for tracking and processing Infringement Notices, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning all policies, practices, procedures, or capabilities that You considered, formulated, rejected, or adopted concerning actions to take in response to Infringement Notices, including without limitation adverse actions (including suspending or terminating Your provision of products and/or services) against Shopify Merchants for infringement or alleged infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, including but not limited to policies, practices, procedures, or capabilities that were considered, formulated, and/or rejected in connection with the advice of counsel. Shopify further objects to this Request to the extent it seeks disclosure of "adopted" policies, practices, procedures, or capabilities as being unduly cumulative to the extent it seeks documents duplicative of those that Plaintiffs have already requested from Shopify in other Requests. Shopify further objects to this Request to the extent it seeks disclosure of "considered, formulated, [or] rejected" policies, practices, procedures, or capabilities as such information is not relevant to any claims or defenses in this action. Shopify further objects to this Request to the extent it seeks public information or information that is readily*

*available to Plaintiffs.  Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents concerning all policies, practices, procedures, or capabilities," as opposed to documents sufficient to show Shopify's actually adopted policies, procedures, or capabilities concerning actions to take in response to Infringement Notices.  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show its policies, practices, procedures, and capabilities concerning actions to take in response to Infringement Notices, including its policies with respect to adverse actions, for the period of December 1, 2018 through March 1, 2022.  For the reasons stated in its objections, Shopify will not produce drafts of Shopify's policies, practices, procedures, and capabilities concerning actions to take in response to Infringement Notices that were considered, formulated, or rejected, but not adopted.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning the impact or effectiveness of any policies, practices, or procedures You adopted, including any graduated response program, DMCA Policy, or Repeat Infringer Policy, in stopping Shopify Merchants' infringement through use of Shopify's products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including to the extent it implicates any legal analysis performed by or on behalf of Shopify. Shopify further objects to this Request as vague and/or ambiguous to the extent it refers to the "impact or effectiveness" of its polices, practices, or procedures regarding its DMCA Policy or Repeat Infringer Policy because this phrase could have multiple meanings in this context. Shopify further objects to this Request as vague and/or ambiguous to extent it seeks documents related to "any graduated response program" because no program with that name exists and the term "graduated response program" could have multiple meanings in this context. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents concerning the impact or effectiveness of any policies, practices, or procedures Shopify adopted in reducing or eliminating allegations of purported copyright or trademark infringement, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 14:

All documents, including summaries, reports, or analyses, concerning Your handling of and response to Infringement Notices and/or "tickets" created in response thereto, including documents relating to Your closing of Infringement Notices and/or tickets, and data or analyses concerning Your handling and processing of Infringement Notices and/or efforts to improve Your processes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, including but not limited to "all documents, including summaries, reports, or analyses," and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Moreover, it is unclear whether Plaintiffs are literally looking for every document related to every infringement notice ever received by Shopify; to the extent that is requested, Shopify objects on the grounds that the request is overbroad, unduly burdensome, and not proportional to the needs of the case as it has created hundreds of thousands of tickets associated with every infringement notice Shopify has ever received. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged summaries, including reports and analyses, concerning Shopify's handling of, and response to, Infringement Notices, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist and are in Shopify's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 15:

All summaries, reports, or analyses of Infringement Notices You received, any tickets You generated in response, and/or any actions You took in response to such Infringement Notices or in connection with such tickets.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, including but not limited to "all summaries, reports, or analyses of Infringement Notices You received," and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Moreover, it is unclear whether Plaintiffs are literally looking for every document related to every infringement notice ticket ever created by Shopify; to the extent that is requested, Shopify objects on the grounds that the request is overbroad, unduly burdensome, and not proportional to the needs of the case as it has created hundreds of thousands of tickets. Shopify further objects to the time frame of January*

25

1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged summaries, including reports and analyses, of Infringement Notices it received, any tickets it generated in response, and/or any actions it took in response to such Infringement Notices or in connection with such tickets, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist and are in Shopify's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show all circumstances in which You would ignore, or otherwise take no action in response to the receipt of, an Infringement Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to the phrase "ignore, or otherwise take no  action," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context, including innocent misplacement.  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

26

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringing Notice. There are thus no circumstances in which Shopify would, pursuant to policy, "ignore, or otherwise take no action in response to the receipt of, an Infringement Notice," and accordingly, there are no responsive documents to this Request. To the extent the Request seeks information regarding *what* actions Shopify may take in response to receipt of an Infringement Notice (such as sending an email requesting additional information from the complainant), Shopify will produce documents sufficient to show its policies concerning what actions Shopify may take in response to receipt of an Infringement Notice, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning the reactivation of service for any Shopify Merchant whose service You terminated for violation of any policy relating to copyright or trademark infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to any legal advice concerning the reactivation of service for any Shopify Merchant. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents," as opposed to documents sufficient to show Shopify's policies and processes for reactivating the service for any Shopify Merchant*

*whose service Shopify terminated for violation of any policy relating to copyright or trademark*

*infringement." Shopify further objects to the term "reactivation," as referenced in this Request,*

*as vague and/or ambiguous because it could have multiple meanings in this context. Shopify*

*further objects to this Request to the extent that it seeks the disclosure of information or documents*

*that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third*

*party because service reactivation information may include a Shopify Merchant's or a third*

*party's confidential, personal, and/or proprietary information. Shopify further objects to the time*

*frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of*

*the case: the statute of limitations extends only from December 1, 2018 through December 1,*

*2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-

privileged documents sufficient to show Shopify's policies and processes for, and any actual

reactivation of, Shopify Merchants whose service Shopify terminated for violation of any policy

relating to copyright or trademark, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications reflecting Your consideration of the validity, accuracy,

or reliability of Infringement Notices You received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client*

*privilege, attorney work product doctrine, or other privileges and protections. Shopify further*

*objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the*

*case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show Shopify's policies, procedures, and/or practices for considering "the validity, accuracy, or reliability of Infringement Notices [Shopify] received." "[A]ll documents and communications" related to Shopify's consideration of every "Infringement Notice" it has ever received, would be overbroad, unduly burdensome, and not proportional to the needs of the case as such notices have resulted in hundreds of thousands of tickets: Shopify will limit its response to the "Infringement Notices" at issue in connection with Plaintiffs' claims of infringement. Shopify further objects to the phrase "consideration of the validity, accuracy, or reliability," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system. Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice. Shopify will also produce relevant, non-privileged communications concerning Infringement Notices associated with the Accused Shopify Merchants, for the period of December 1, 2018 through March 1, 2022, to the extent such

documents exist in Shopify's possession, custody, or control and can be located after a reasonable search. Shopify will also produce documents sufficient to show Shopify's policies, procedures, and/or practices for considering the validity, accuracy, or reliability of Infringement Notices. For the reasons stated in its objections, Shopify will not produce documents related to Shopify Merchants that are not Accused Shopify Merchants in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All public statements and all documents concerning public statements by any Shopify employee, agent, or other person speaking on Shopify's behalf concerning Shopify's policies and/or practices concerning copyright or trademark infringement by Shopify Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to any legal advice related to public statements by Shopify or its agents. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents concerning public statements," rather than documents sufficient to show such statements. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant public statements identified in Plaintiffs' Complaint, made by senior executives, made in regulatory filings, or made by a reasonable set of custodians, as well as relevant, non-privileged documents concerning those public statements, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify how many Infringement Notices You received via email but, rather than processing the Infringement Notice, responded with an email informing the submitter that the Infringement Notice was not proper because it was submitted via email rather than through an online interface on Shopify.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice.  For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice—thereby processing each notice.  There are thus no circumstances under which Shopify, "rather than processing the Infringement Notice, responded with an email informing the submitter the Infringement Notice was not proper because it was submitted via email rather than through an online interface on Shopify.com," and therefore, no documents responsive to this Request exist.  To the extent this Request seeks information regarding the reason certain tickets were actioned in a certain manner, including by emailing the complainant, as stated in Shopify's objections, this Request seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33.   Such manual review would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue.  Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, from which this information may be ascertained.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify how many Infringement Notices You received but did not process, including documents sufficient to identify how many Infringement Notices You received via email but, rather than processing the Infringement Notice, responded with an email informing

the submitter that the Infringement Notice was not proper because it reported infringements involving multiple Shopify Merchants or multiple copyrights or trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the terms "process" and "processing," as referenced in this Request, as vague and/or ambiguous because they could have multiple meanings in this context; for example, reviewing and responding with an email with a notice could be described as "processing" the email. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice or the information contained in the notice—thereby processing each notice. There are thus no circumstances under which Shopify, "rather than processing the Infringement Notice, responded with an email informing the

submitter that the Infringement Notice was not proper because it reported infringements involving multiple Shopify Merchants or multiple copyrights or trademarks," and therefore, no documents responsive to this Request exist.  To the extent this Request seeks information regarding the reason certain tickets were actioned in a certain manner, including by emailing the complainant, as stated in Shopify's objections, this Request seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33.  Such manual review would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue.  Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, from which this information may be ascertained.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify how many DMCA-compliant Infringement Notices that You received by email but did not process were resubmitted via Your online reporting tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for documents related to Shopify's monitoring of resubmissions of*

34

*Infringement Notices because Shopify has no obligation to do such monitoring under the DMCA and thus such information is irrelevant to any party's claims or defenses in this proceeding. Shopify further objects to this Request to the extent it incorporates, contains characterizations of, or calls for legal conclusions regarding what constitutes a "DMCA-compliant" notice. Shopify further objects to the term "process," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context; for example, reviewing and responding to an email with a notice could be described as "processing" the email. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, as stated in Shopify's objections, this Request seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33. Such manual review would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue. Accordingly, there are no documents sufficient to respond to this Request.

## **REQUEST FOR PRODUCTION NO. 23:**

All logs or other documents that track the Infringement Notices sent to You by any person concerning any Accused Shopify Merchant. This includes logs or other documents sufficient to show, as to each such Infringement Notice, all of the following information:

- the Subscriber ID
- Merchant name
- ticket number
- date and time of alleged infringement as set forth in the Infringement Notice
- each URL involved
- IP address
- each action You took or determined not to take with respect to such Infringement Notice
- the date and time of each such action or determination

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to legal advice regarding what action to take or not to take with respect to an Infringement Notice. Shopify further objects to this Request as vague and/or ambiguous to the extent it seeks "each action [Shopify] took or determined not to take with respect to such Infringement Notice" because the phrase "determined not to take" could have multiple meanings in this context. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, including but not limited to "IP address," "each URL involved," and "date and time of alleged infringement as set forth in the Infringement Notice," and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of logs or documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because Merchant name, IP address, and other fields may include an Accused Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only

36

*from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system. Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, including the data fields requested to the extent they exist, *i.e.*, are maintained by Shopify in the ordinary course of business and were included on the relevant Infringement Notices, subject to the parties' agreement in their Stipulated Protective Order that the parties may redact personally identifiable information.

**REQUEST FOR PRODUCTION NO. 24:**

All communications between You and any Accused Shopify Merchant, including but not limited to those concerning any Infringement Notice or violation of any Acceptable Use Policy or other policy regarding infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all communications between You and any Accused Shopify*

37

*Merchant," as routine communications with Merchants are not at issue in this Action. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all communications" relating to "violation of any Acceptable Use Policy," as such policies, other than as related to alleged copyright and trademark infringement, are not at issue in this Action. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system. Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, which will include communications with the Accused Shopify Merchant.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and internal communications discussing any Plaintiff Infringement Notice, including any ticket generated in response to such Plaintiff Infringement Notice and any internal communications concerning any actual or potential adverse action against any Accused Shopify Merchant's account with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to legal advice regarding any Plaintiff Infringement Notice. Shopify further objects to the phrase "any actual or potential adverse action," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify will interpret this portion of the Request to seek non-privileged documents and communications regarding whether Shopify should terminate or suspend an Accused Shopify Merchant. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Plaintiff Infringement Notice for the period of December 1, 2018 through March 1, 2022. Shopify will also produce relevant, non-privileged communications concerning the tickets associated with any Plaintiffs Infringement Notice, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show any instance in which You terminated, suspended, or

otherwise took adverse action against the account of any Accused Shopify Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including but not limited to documents related to advice from counsel in connection with Shopify's termination, suspension, or adverse action against an account. Shopify further objects to the phrase "otherwise took adverse action," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce documents sufficient to show any instance in which Shopify terminated the account of any Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022. Shopify does not otherwise compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show all Infringement Notices (from any rights holder) that identify or reference an Accused Shopify Merchant. Such documents should show at least the following infringement details:

- Date infringement detected
- Date notice sent
- Submitter
- Rights holder
- Details of infringing work (i.e., title, artist, author, etc.)
- Each URL identified
- Merchant name
- Merchant address

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as unduly burdensome and not proportional to the needs in this case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, including but not limited to "Date infringement detected" and "Details of infringing work (i.e., title, artist, author, etc.)," and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because Merchant name, Merchant address, and other fields may include an Accused Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than

by notice.  For all Infringement Notices it receives, Shopify creates tickets in its ticketing system.

Shopify will produce responsive, non-privileged information from its ticketing system for all

tickets associated with Infringement Notices from any rights holder that identify or reference an

Accused Shopify Merchant, including the requested data fields, for the period of December 1,

2018 through March 1, 2022, to the extent such data fields exist, *i.e.*, are maintained by Shopify in

the ordinary course of business and were included on the relevant Infringement Notices, subject to

the parties' agreement in their Stipulated Protective Order that the parties may redact personally

identifiable information.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning Shopify's business and financial relationship with any Accused

Shopify Merchant, including, without limitation, any agreements and billing and payment records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client*

*privilege, attorney work product doctrine, or other privileges and protections.  Shopify further*

*objects to this Request to the extent it seeks the disclosure of documents that are controlled by or*

*subject to an obligation of confidentiality owed by Shopify to any third party.  Shopify further*

*objects to the phrase "business and financial relationship," as referenced in this Request, as vague*

*and/or ambiguous because it could have multiple meanings in this context.  Shopify will interpret*

*"business and financial relationship" to refer to its own relationship with the Accused Shopify*

*Merchant, and not, for example, the Accused Shopify Merchant's relationship with a third party*

*company.  Shopify further objects to this Request as overbroad, unduly burdensome, and not*

*proportional to the needs of the case to the extent it calls for all business and financial relationship*

*documents with Accused Shopify Merchants with no limitation based on relevance to the claims*

*and defenses of any party in this proceeding. Shopify further objects to the time frame of January*

*1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the*

*statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify*

*will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce Shopify's billing and payment records for the Accused Shopify Merchants sufficient to determine their payments, if any, to Shopify, and documents sufficient to identify Shopify's business relationship with any Accused Shopify Merchant, for the period of December 1, 2018 through March 1, 2022, to the extent such documents are within Shopify's possession, custody, or control and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify Shopify's provision of products or services to any Accused Shopify Merchant and the extent of the Accused Shopify Merchant's utilization of those products and services.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further*

*objects to this Request to the extent that it seeks documents protected by the attorney-client*

*privilege, attorney work product doctrine, or other privileges and protections. Shopify further*

*objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the*

*case to the extent it purports to require Shopify to compile information in a manner that is not*

*maintained in the ordinary course of business, and thus imposes burdens beyond the scope*

*required by Rules 26 and 34 of the Federal Rules of Civil Procedure . Shopify further objects to the Request because documents concerning "Shopify's provision of products or services to any Accused Shopify Merchant and the extent of the Accused Shopify Merchant's utilization of those products and services" are not relevant to the claims or defenses of any party in this proceeding. Shopify further objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent "the extent of the Accused Shopify Merchant's utilization of those products and services" requires manual review of every Accused Shopify Merchant's usage of every Shopify product and service. Shopify further objects to the terms "products" and "services," as referenced in this Request, as vague and/or ambiguous because they could have multiple meanings in this context. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because utilization of such products and services may include an Accused Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce documents sufficient to identify the Accused Shopify Merchants' Shopify plan(s), which specifies the types of products or services that are made available to each merchant by Shopify, along with the extent of time during which the Accused Shopify Merchant utilized the plan(s), for the period of December 1, 2018 through March 1, 2022. Shopify will also produce documents sufficient to

show the products or services available to its merchants for the period of December 1, 2018 through March 1, 2022.  For the reasons stated in its objections, Shopify will not provide documents sufficient to identify each and every product or service that an Accused Shopify Merchant has ever utilized.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning any warnings, ratings, risk assessments, flags, or other fraud, security or infringement risk concerning any Accused Shopify Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to the phrase "security . . . risk," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context.  Shopify further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims or defenses of any party in this proceeding to the extent it calls for documents concerning "fraud" or "security . . . risk."  Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents," as opposed to documents sufficient to show any warnings, ratings, risk assessments, flags, or other fraud, security or infringement risk.  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify will produce responsive, non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, which will include information sufficient to show warnings, ratings, risk assessments, or flags for the Accused Shopify Merchants to the extent it exists in the ordinary course of business, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Shopify's receipt of revenue, payments, fees, or other compensation in connection with any Accused Shopify Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party. Shopify objects to the phrase "Shopify's receipt of" as vague and ambiguous; Shopify will interpret this to refer to monies earned by or paid to Shopify by or on behalf of the Accused Shopify Merchant. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for all financial transactions between Shopify and Accused Shopify Merchants with no limitation based on relevance to the claims and defenses of any party in this proceeding. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only*

46

*from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce documents sufficient to show monies earned by or paid to Shopify by or on behalf of the Accused Shopify Merchants or Shopify's Shopify Payment processor in relation to the Accused Shopify Merchants' accounts for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, including notes, comments, or communications, concerning Shopify's communications with any Accused Shopify Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims or defenses of any party in this proceeding to the extent it calls for "all documents, including notes, comments, or communications," as opposed to documents sufficient to show Shopify's communications with the Accused Merchants. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce responsive, non-

privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, which will include Shopify's communications with the Accused Shopify Merchants. Shopify will also produce Shopify's communications regarding the tickets of the Accused Shopify Merchants, for the period of December 1, 2018 through March 1, 2022. For the reasons stated in its objections, Shopify will not produce "all documents, including notes, comments, or communications," concerning Shopify's communications with the Accused Shopify Merchants unrelated to alleged copyright or trademark infringement.

**REQUEST FOR PRODUCTION NO. 33:**

All information or digital files provided to You by or on behalf of any Accused Shopify Merchant, including, without limitation, all information listing items for sale and the digital copies of books they uploaded for sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll information . . . provided to [Shopify] by or on behalf of any Accused Merchant." Shopify will not provide "all information." Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all information listing items for sale and the digital copies of books they uploaded for sale." Shopify further objects to this Request as overbroad, unduly burdensome, and*

*not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because product listings and digital copies of books may include an Accused Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce responsive, non-privileged documents sufficient to show items listed for sale by an Accused Shopify Merchant, for the period of December 1, 2018 through March 1, 2022, to the extent they exist, *i.e.*, are maintained by Shopify in the ordinary course of business, subject to the parties' agreement in their Stipulated Protective Order that the parties may redact personally identifiable information. For the reasons stated in its objections, Shopify will not produce copies of any digital files or digital copies of books that any Accused Shopify Merchant uploaded for sale or otherwise provided to Shopify.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show all listings on Your site offering for sale Plaintiffs' Copyrighted Work(s) by Shopify Merchants that are not Accused Shopify Merchants and all sales on Your site of Plaintiffs' Copyrighted Work(s) by Shopify Merchants that are not Accused

Shopify Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because Shopify has no obligation under the DMCA to affirmatively search for all Shopify Merchants for certain works, and a search of the inventory and sales records of more than 2 million Merchants is extraordinarily burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because product listings and sale information may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify's site does not contain listings for or otherwise offer for sale Plaintiffs' Copyrighted Works. To the extent this Request refers to copies of Plaintiffs' Works offered for sale by Shopify Merchants, Shopify does not compile information in a manner that is requested by this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. For this reason and for the reasons stated in its objections, Shopify will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

For each Accused Shopify Merchant, documents sufficient to show:

- the identity and geographic location of any owner or operator of the account;
- all information or marketing listing items, including digital copies of books, for sale;
- all sales and any associated product fulfillment by that Shopify Merchant; and
- the digital files downloaded from Shopify's computer servers, whether in connection with a sale or otherwise, including the dates and geographic locations of such downloads.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, including but not limited to "information or marketing listing items" and "dates and geographical locations" of downloads, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party*

because identity, geographic, and sale information, as well as product listings and digital files, may include an Accused Shopify Merchant's or a third party's confidential, personal, and/or proprietary information.  Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs.  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not compile all information requested in this Request in the ordinary course of business, including but not limited to "information or marketing listing items" and "dates and geographical locations" of downloads, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Shopify will produce responsive, non-privileged documents sufficient to show the requested information about Accused Shopify Merchants, for the period of December 1, 2018 through March 1, 2022, to the extent they exist, *i.e.*, are maintained by Shopify in the ordinary course of business, subject to the parties' agreement in their Stipulated Protective Order that the parties may redact personally identifiable information.  For the reasons stated in its objections, Shopify will not produce digital files associated with any Accused Shopify Merchant.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show any common identity, common or related ownership, or other connection or relationship between any Accused Shopify Merchant and another Shopify Merchant, including, as may be applicable, records from account creation, registration, account usage, payments, transfers of funds, or other related or linked accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the terms "common identity," "common or related ownership," and "other connection or relationship," as referenced in this Request, as vague and/or ambiguous because they could have multiple meanings in this context. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because documents showing connections between Shopify Merchants may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify considers whether certain shops may be "connected" when they share identical

53

payment or billing information. Shopify will produce relevant, non-privileged documents sufficient to show the identity of Accused Shopify Merchants' connected shops, as kept in the ordinary course of business for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 37:**

With respect to any Shopify Merchant account that Shopify terminated due to copyright or trademark infringement, all documents showing any access to or use of that account after termination. This includes but is not limited to any retrieval of information or files from Shopify's computer servers by or on behalf of any owner or operator of the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the terms "any access to" and "use of," as referenced in this Request, as vague and/or ambiguous because they could have multiple meanings in this context; for example, "any access to" could mean access by persons other than the terminated Merchant, for example, Shopify employee access for investigation purposes. Shopify will interpret this term to mean access to the account by the terminated Merchant. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because "retrieval of information" from Shopify's servers may include a Shopify*

*Merchant's or a third party's confidential, personal, and/or proprietary information.  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Shopify will produce relevant, non-privileged documents sufficient to show access by a terminated Accused Shopify Merchant to a terminated account after termination due to copyright or trademark infringement, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.  For the reasons stated in its objections, Shopify will not produce documents related to Shopify Merchants that are not Accused Shopify Merchants in response to this Request.

## REQUEST FOR PRODUCTION NO. 38:

All documents, including reports, studies, research, presentations, analysis, or communications, concerning Your plans or strategies, actual or considered, for promoting, supporting, or profiting from the sale of digital copies of books.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further*

*objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents and communications," as opposed to documents sufficient to show Shopify's strategies for promoting, supporting, or profiting from the sale of digital copies of books. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not believe it has responsive documents to this request, but will conduct a reasonable search and will produce relevant, non-privileged documents sufficient to show Shopify's adopted strategies for promoting the sale of digital copies of books to the extent they exist, for the period of December 1, 2018 through March 1, 2022.

**REQUEST FOR PRODUCTION NO. 39:**

All draft copies of the webpage at the URL https://www.shopify.com/sell/ebooks and all communications concerning those drafts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all draft copies of" and "all communications concerning th[e] drafts" of the URL https://www.shopify.com/sell/ebooks. Shopify further objects*

56

*to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents sufficient to show all prior versions of the webpage at the URL https://www.shopify.com/sell/ebooks and communications concerning those prior versions, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.  For the reasons stated in its objections, Shopify will not produce "all draft copies" or "all communications concerning th[e] drafts" of the URL https://www.shopify.com/sell/ebooks.

## REQUEST FOR PRODUCTION NO. 40:

All internal communications concerning the performance of the webpage at the URL https://www.shopify.com/sell/ebooks, including as to drawing views, free trial participants, and customers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Shopify further objects to*

*the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:   the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  Shopify will produce relevant, non-privileged internal communications concerning the performance of the webpage at the URL https://www.shopify.com/sell/ebooks, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 41:

Documents sufficient to show the performance of the webpage at https://www.shopify.com/sell/ebooks, including, without limitation, concerning (a) the number of views of the webpage, (b) how those views compare to views of other webpages at Your website, (c) the numbers of free trials signed up for from this webpage, (d) the number of Accused Shopify Merchants who signed up for your service from this webpage, and (e) the number of Accused Shopify Merchants who expanded their listings to include digital copies of books after viewing this webpage.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further*

*objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify does not compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify will produce relevant, non-privileged, non-public documents relating to the performance of the webpage at the URL https://www.shopify.com/sell/ebooks for the period of December 1, 2018 through March 1, 2022, including any documents comparing the performance of that webpage to any other Shopify webpage(s), to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search. For the reasons stated in its objections, Shopify will not produce documents identifying the number of Accused Shopify Merchants who viewed or signed up through this webpage, as that information is not compiled in the manner requested in the Request in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 42:**

All advertising or marketing materials, including marketing reports, plans, studies, or consumer research materials, discussing the use or potential use of Your products and services for the sale of digital copies of books.

59

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged, non-public marketing materials concerning the use of Shopify's products for the sale of digital copies of books, for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to show Your revenues, costs, and profits, actual and forecasted, in connection with Shopify Merchants who sell digital copies of books.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to the Request as overbroad, overly burdensome, and not proportional to the needs of the*

*case to the extent it purports to require Shopify to compile information in a manner that is not maintained in the ordinary course of business, and thus imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because revenues, costs, and profits may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for information on all financial transactions between Shopify and all Shopify Merchants related to digital copies of books with no limitation based on relevance of the Shopify Merchant to the claims and defenses of any party in this proceeding. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states it does not compile information in the manner requested in this Request in the ordinary course of business, and thus this Request imposes burdens beyond the scope required by Rules 26 and 34 of the Federal Rules of Civil Procedure. For these reasons and the reasons stated in its objections, Shopify will not produce documents responsive to this Request. Shopify is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents constituting or concerning reports, studies, research, presentations, or

analysis concerning fraud or other illegal activity by Shopify Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims or defenses of any party in this proceeding to the extent it calls for documents concerning "fraud."  Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case:  the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged reports, studies, research, presentations, or analysis, concerning any alleged illegal activity pertaining to copyright or trademark infringement by Shopify Merchants for the period of December 1, 2018 through March 1, 2022, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search.  For the reasons stated in its objections, Shopify will not produce documents concerning fraud or illegal activity that is not alleged copyright and trademark infringement.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning communications between You and Shopify Merchants or any other third-party concerning any lawsuits any of the Plaintiffs in this action commenced in the past against any Shopify Merchants. The foregoing includes any communications with any Shopify

Merchants or any third-party concerning the existence of the lawsuit, the claims asserted, any subpoenas, and any temporary, preliminary, or permanent injunctive relief or other court orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all documents concerning communications," as opposed to documents sufficient to show Shopify's communications with Shopify Merchant regarding any lawsuits Plaintiffs have previously brought against any Shopify Merchant. Shopify further objects to the phrase "any lawsuits any of the Plaintiffs in this action commenced in the past against any Shopify Merchant," as referenced in this Request, as vague and/or ambiguous because it could have multiple meanings in this context and the identity of such lawsuits is not readily ascertainable by Shopify. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify will produce responsive, non-privileged documents sufficient to show communications with Shopify Merchants concerning Plaintiffs' lawsuits and subpoenas for the period of December 1, 2018 through March 1, 2022. Shopify is also willing to meet and confer with Plaintiffs regarding the identity of the specific lawsuits in question referenced in this Request, as this information is more readily ascertainable to

Plaintiffs than Shopify.

**REQUEST FOR PRODUCTION NO. 46:**

All documents supporting, refuting, or otherwise concerning Your affirmative defenses or any other defenses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as being unduly cumulative to the extent it seeks documents duplicative of those that Plaintiffs have already requested from Shopify in other Requests. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because they may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs, or documents that are in Plaintiff's possession, custody, or control. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify cannot determine which documents *Plaintiffs* might view as supporting, refuting, or otherwise concerning Shopify's affirmative defenses or any other defenses, and cannot agree to produce documents that Plaintiffs

64

have not identified with reasonable particularity as required by the Federal Rules. Shopify will produce relevant, non-privileged documents that Shopify views as supporting, refuting, or otherwise concerning its affirmative defenses or any other defenses. This case remains in its early stages, and Shopify will exercise its right under the Federal Rules of Civil Procedure to supplement its production as it learns more information as the case progresses.

**REQUEST FOR PRODUCTION NO. 47:**

All documents You identify in responding to any interrogatories or requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify further objects to this Request as being unduly cumulative to the extent it seeks documents duplicative of those that Plaintiffs have already requested from Shopify in other Requests. Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because they may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs, or documents that are in Plaintiff's or a third party's possession, custody, or control. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Request to the limitations period.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify will produce relevant, non-privileged documents that Shopify identifies in responding to interrogatories to the extent such documents are in Shopify's possession, custody, or control and can be located after a reasonable search.  Shopify notes that no requests for admission have yet been served in this case, and thus this request is premature with respect to requests for admission.  This case remains in its early stages, and Shopify will exercise its right under the Federal Rules of Civil Procedure to supplement its production as it learns more information as the case progresses.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning any subpoena You issue in this lawsuit, including all communications with the subpoena recipient concerning the subpoena and all documents You receive in response to a subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

*Shopify incorporates its General Objections as if fully set forth herein.  Shopify further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Shopify further objects to this Request as being unduly cumulative to the extent it seeks documents duplicative of those that Plaintiffs have already requested from Shopify in other Requests.  Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs.  Shopify further objects to this Request to the extent it seeks the disclosure of documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party because they may include a Shopify Merchant's or a third party's confidential, personal, and/or proprietary information.  Shopify further objects to this Request because it is premature: Shopify has not yet issued any subpoenas to third parties in this action.*

66

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that Plaintiffs' Request is premature because Shopify has not yet issued any subpoenas to third parties in this proceeding. In the event that Shopify serves subpoenas in this matter, Shopify will produce documents relating to subpoenas to the extent required by the Federal Rules of Civil Procedure and the parties' Joint Discovery Plan.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that You may use as exhibits in the trial or any hearing in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

*Shopify incorporates its General Objections as if fully set forth herein. Shopify further objects to this Request as being unduly cumulative to the extent it seeks documents duplicative of those that Plaintiffs have already requested from Shopify in other Requests. Shopify further objects to this Request to the extent it calls for the production of portions of documents that are in the possession of Plaintiffs or a third party. Shopify further objects to this Request to the extent it seeks public information or information that is readily available to Plaintiffs.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that Plaintiffs' Request is premature because discovery is ongoing and Shopify has not yet chosen its exhibits for trial or any hearing in this proceeding. In addition, Shopify will not produce documents in the possession of Plaintiffs or a third party, or that are public, but it reserves all rights to use such documents in the trial or at any hearing in this lawsuit. Shopify will produce relevant, non-privileged documents that Shopify plans to use as exhibits in trial or in any hearing, to the extent such documents exist in Shopify's possession, custody, or control and can be located after a reasonable search, at a time

after Shopify determines to use such documents in trial or any hearing of this proceeding to the extent required by the Federal Rules of Civil Procedure and as required in accordance with the Court's scheduling orders.

Dated:  March 31, 2022

/s/ *Jessica Stebbins Bina*

David L. Johnson (VSB No. 89289)
Sarang Vijay Damle (*pro hac vice*)
Sarah A. Tomkowiak (*pro hac vice*)
Elana Nightingale Dawson (*pro hac vice*)
Nicholas L. Schlossman (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax
Email: david.johnson@lw.com
Email: sy.damle@lw.com
Email: sarah.tomkowiak@lw.com
Email: elana.nightingaledawson@lw.com
Email: nicholas.schlossman@lw.com

Andrew M. Gass (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison L. Stillman (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200 / (212) 751-4864 Fax
Email: alli.stillman@lw.com

Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5000 / (424) 653-5501 Fax
Email: jessica.stebbinsbina@lw.com
Email: elizabeth.greenman@lw.com

*Attorneys for Defendant Shopify, Inc.*