# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; CENGAGE LEARNING, INC.; ELSEVIER INC.; ELSEVIER B.V.; MCGRAW HILL LLC; and PEARSON EDUCATION, INC.,

Plaintiffs,

v.

SHOPIFY INC.,

Defendant.

Case No. 1:21-cv-01340

**SHOPIFY INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Shopify Inc. ("Shopify"), pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, provides these responses to the First Set of Interrogatories of Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Macmillan Holdings, LLC, Cengage Learning, Inc., Elsevier Inc., Elsevier B.V., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

1. Shopify's investigation and development of all facts and circumstances relating to this action is ongoing. These responses are made without prejudice to, and are not a waiver of, Shopify's right to rely on other facts or documents at trial.

2. By making the accompanying responses to Plaintiffs' Interrogatories, Shopify does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Shopify makes these responses herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3. No response to any Interrogatory is intended to be, nor shall any response be construed as, an admission of the existence of any facts set forth in or assumed by any Interrogatory, or an admission that such response constitutes admissible evidence. Likewise, the production of any documents in response to the Interrogatories is not intended to be, and shall not be construed as, a waiver by Shopify of all or any part of any objection to any Interrogatory, an admission of the existence of any facts set forth in or assumed by any Interrogatory or any document produced in response thereto, or an admission that such response, objection, or document constitutes admissible evidence.

4. Shopify expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5. Shopify previously served general and specific objections to Plaintiffs' Interrogatories on March 16, 2022. Shopify incorporates its general objections and specific objections herein, in italicized text, for ease of reference.

## **GENERAL OBJECTIONS**

*1. Shopify objects to the Interrogatories, and all Instructions and Definitions thereto, to the extent they incorporate, contain characterizations of, or call for legal conclusions. The*

*inclusion of a Defined term in Shopify's objections or responses does not indicate Shopify's assent to that Definition nor any legal conclusions contained therein.*

*2. Shopify objects to the Interrogatories, and all Instructions and Definitions thereto, to the extent they call for the creation of new or voluminous analyses or data compilations that do not currently exist in the ordinary course of Shopify's business.*

*3. Shopify objects to the Interrogatories, and all Instructions and Definitions thereto, to the extent they request information and documents that are a matter of public record, in the possession of a third party, in the possession of the Plaintiffs, or otherwise available to the Plaintiffs through a source other than Shopify.*

*4. Shopify objects to the Interrogatories to the extent that they seek information that is not relevant to the claims or defenses of any party in this proceeding, or are not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party in this proceeding.*

*5. Shopify objects to the Interrogatories to the extent they are overbroad, unduly burdensome, or not proportional to the needs of this case.*

*6. Shopify objects to the Interrogatories to the extent they are compound and include discrete sub-parts, which count as separate Interrogatories. Shopify reserves the right to raise any deficiencies related to the Plaintiffs' attempts to issue improper Interrogatories pursuant to the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.*

*7. Shopify objects to the Interrogatories to the extent they seek documents or information beyond the possession, custody, or control of Shopify or that would require Shopify to spend an unreasonable amount of time, effort, and resources in order to respond. Shopify will make reasonable efforts to search for relevant information from those individuals employed by or*

*on behalf of Shopify whom Shopify reasonably believes are likely to have responsive information associated with this proceeding, but each and every employee has not been, and could not be, contacted and questioned, nor their documents searched, for information that would assist in answering the Interrogatories.*

*8. Shopify objects to the Interrogatories to the extent they call for information the discovery of which is cumulative or duplicative.*

*9. Shopify objects to the Interrogatories to the extent they are vague and/or ambiguous.*

*10. Shopify objects to the Interrogatories to the extent they call for the disclosure of information or materials protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Shopify will exclude from its responses all information or materials protected by any applicable privilege or doctrine.*

*11. Shopify objects to the Interrogatories to the extent that they seek the disclosure of information or documents that are controlled by or subject to an obligation of confidentiality owed by Shopify to any third party.*

*12. Shopify objects to the definition of "you," "your," "Shopify," or "Defendant" to the extent that they purport to impose duties beyond those imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Shopify further objects to these definitions as unduly burdensome and overbroad to the extent they purport to include entities other than Shopify. Shopify objects to these definitions to the extent they purport to include within their scope any "attorneys" for Shopify. For purposes of its responses, Shopify will construe "you," "your," "Shopify," or "Defendant" to mean only Shopify Inc., and not any "parents, subsidiaries, affiliates . . . and/or any other person or entity currently or previously acting or purporting to act*

*on its behalf" or any attorneys not employed by Shopify Inc. acting on its behalf.*

*13. Shopify objects to the definition of "Shopify Merchants" as overbroad, unduly burdensome, and not proportional to the needs of the case because Shopify has over two million merchants, the majority of which have no relevance to Plaintiffs' claims whatsoever.*

*14. Shopify objects to the definition of "Infringement Notices" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for communications not sent by Plaintiffs and not related to Plaintiffs' claims. Shopify further objects to this Definition as it includes characterizations of, and legal conclusions regarding, infringement of a copyright or a trademark and notifications pursuant to 17 U.S.C. § 512. Shopify further objects to the terms "processed" and "retained," as referenced in the definition, as vague and/or ambiguous because they could have multiple meanings in this context.*

*15. Shopify objects to the definitions of "DMCA Agent", "DMCA Notice", and "DMCA Policy" to the extent it includes characterizations of, and legal conclusions regarding any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Shopify's compliance with such obligations, duties, and requirements.*

*16. Shopify objects to the definition of "Repeat Infringer Policy" to the extent it includes characterizations of, any legal conclusions regarding copyright infringement, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Shopify's compliance with such obligations, duties, and requirements. Shopify further objects to the term "address," as referenced in the definition, as vague and/or ambiguous because it could have multiple meanings in this context.*

*17. Shopify objects to the relevant time frame of January 1, 2017 to the present as overbroad, unduly burdensome, and not proportional to the needs of the case because of the*

*relevant statute of limitations. Any responses provided by Shopify will be for the period of December 1, 2018 through December 1, 2022.*[1]

*18. Neither the fact that an objection is interposed to a particular interrogatory nor the fact that no objection is interposed necessarily means that responsive information exists.*

*19. All of these General Objections are incorporated into the Specific Objections set forth below as if repeated fully therein. The fact that Shopify may provide a response to an Interrogatory does not constitute a waiver of any general or specific objection.*

**RESPONSES TO PLAINTIFFS' INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons, including current and former employees, with responsibility for designing, developing, or implementing Your policies, procedures, and practices for addressing copyright violations by Shopify Merchants, including by identifying the roles each such person held and the dates during which they had such responsibility.

**RESPONSE TO INTERROGATORY NO. 1:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the terms "designing"; "developing"; and "implementing," as referenced in this Interrogatory, as vague and/or ambiguous because they could refer to multiple aspects and stages of Shopify's creation and application of its policies, procedures, and practices to address notices of alleged copyright infringement. For the purposes of its response, Shopify will construe these terms to refer to the*

[1] Subsequent to Shopify serving its Objections, the parties met and conferred on March 23, 2022 on Shopify's Objections, including the temporal scope of Shopify's Objections. Following this meet-and-confer process, Shopify has agreed to expand the temporal scope of its Responses herein to December 1, 2018 through March 1, 2022.

*creation of its policies, procedures, and practices for addressing alleged copyright violations by Shopify Merchants after receiving valid written notice of the alleged violation pursuant to the DMCA. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent it incorporates, contains characterizations of, or calls for legal conclusions with respect to copyright infringement. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other privileges and protections, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 1, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that Plaintiffs clarified during a meet-and-confer on March 23, 2022 that this Interrogatory seeks identification of Shopify personnel who were or are responsible for creating policies, procedures, and practices for addressing alleged copyright violations by merchants after receiving valid written notice of the alleged violation pursuant to the DMCA, or who have or had high-level managerial responsibility over implementation of those policies, procedures, and practices, but not lower-level employees responsible for day-to-day implementation thereof. Shopify identifies these individuals as:

1. Emily Hammond: Senior Manager, Trust & Safety Operations, February 2020 to

present; Manager of Trust & Safety Operations, February 2019 to February 2020; Manager, Legal Operations, December 2018 (and prior) to present.

2. Meghan Connolly: Senior Legal Counsel, Commercial, February 2022 to present; Legal Counsel, Product and Commercial, December 2018 to February 2022.

3. Monica Gallant: Director, Trust & Safety Operations, March 2019 to present; Director of Legal Operations, December 2018 (and prior) to March 2019.

4. Ryan Hubbard: Director, Litigation & Intellectual Property and Employment, February 2022 to present; Senior Legal Counsel – Litigation & Intellectual Property, August 2019 to February 2022.

5. Mike Bryan: Manager, Policy Operations, Intellectual Property Operations, Trust & Safety Operations, May 2021 to present; Manager, Trust & Safety Programs, January 2021 to May 2021; Senior Business Analyst, August 2020 to January 2021; Senior Intellectual Property Operations Specialist, December 2018 (and prior) to August 2020.

6. Anne Cobbett: Senior Manager, Trust & Safety Policy, January 2020 to present; Manager, Trust & Safety Policy, December 2018 (and prior) to December 2019.

7. Yolande Winegarden: Manager, Policy Operations, Trust & Safety, June 2021 to present; Team Lead, Intellectual Property Operations, Trust & Safety (Legal), January 2021 to June 2021; Intellectual Property Operations Specialist, Trust & Safety (Legal), January 2020 to January 2021.

8. Justin Howe: Manager, Trust & Safety Programs, February 2022 to present; Senior Technical Project Manager, May 2021 to February 2022; IP Operations Lead Operations Lead, February 2020 to May 2021; IP Operations Specialist - Trust & Safety, December 2018 (and prior) to February 2020.

9. Vivek Narayanadas: Vice President, Legal, Data Protection Officer, December 2018 (and prior) to December 2021.

**INTERROGATORY NO. 2:**

Identify all persons, including current and former employees, with responsibility for designing, developing, or implementing Your policies, procedures, and practices for addressing trademark violations by Shopify Merchants, including by identifying the roles each such person held and the dates during which they had such responsibility.

**RESPONSE TO INTERROGATORY NO. 2:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the terms "designing"; "developing"; and "implementing," as referenced in this Interrogatory, as vague and/or ambiguous because they could refer to multiple aspects and stages of Shopify's creation and application of its policies, procedures, and practices to address notices of alleged trademark infringement. For the purposes of its response, Shopify will construe these terms to refer to the creation of its policies, procedures, and practices for addressing alleged trademark violations by Shopify Merchants after receiving valid written notice of the alleged violation. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only to December 1, 2018. Shopify further objects to this Interrogatory to the extent it incorporates, contains characterizations of, or calls for legal conclusions with respect to trademark infringement. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other privileges and protections, including that which may be implicated through the disclosure of the name of any attorneys. For*

*the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 2, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that Plaintiffs clarified during a meet-and-confer on March 23, 2022 that this Interrogatory seeks identification of Shopify personnel who are or were responsible for creating Shopify's policies, procedures, and practices for addressing alleged trademark violations by merchants or who have or had high-level managerial responsibility over implementation of those policies, procedures, and practices, but not lower-level employees responsible for day-to-day implementation thereof. Shopify identifies these individuals as:

1. Emily Hammond: Senior Manager, Trust & Safety Operations, February 2020 to present; Manager of Trust & Safety Operations, February 2019 to February 2020; Manager, Legal Operations, December 2018 (and prior) to present.

2. Meghan Connolly: Senior Legal Counsel, Commercial, February 2022 to present; Legal Counsel, Product and Commercial, December 2018 to February 2022.

3. Monica Gallant: Director, Trust & Safety Operations, March 2019 to present; Director of Legal Operations, December 2018 (and prior) to March 2019.

4. Ryan Hubbard: Director, Litigation & Intellectual Property and Employment, February 2022 to present; Senior Legal Counsel – Litigation & Intellectual Property, August 2019 to February 2022.

5. Mike Bryan: Manager, Policy Operations, Intellectual Property Operations, Trust & Safety Operations, May 2021 to present; Manager, Trust & Safety Programs, January 2021 to

May 2021; Senior Business Analyst, August 2020 to January 2021; Senior Intellectual Property Operations Specialist, December 2018 (and prior) to August 2020.

6. Anne Cobbett: Senior Manager, Trust & Safety Policy, January 2020 to present; Manager, Trust & Safety Policy, December 2018 (and prior) to December 2019.

7. Yolande Winegarden: Manager, Policy Operations, Trust & Safety, June 2021 to present; Team Lead, Intellectual Property Operations, Trust & Safety (Legal), January 2021 to June 2021; Intellectual Property Operations Specialist, Trust & Safety (Legal), January 2020 to January 2021.

8. Justin Howe: Manager, Trust & Safety Programs, February 2022 to present; Senior Technical Project Manager, May 2021 to February 2022; IP Operations Lead Operations Lead, February 2020 to May 2021; IP Operations Specialist - Trust & Safety, December 2018 (and prior) to February 2020.

9. Vivek Narayanadas: Vice President, Legal, Data Protection Officer, December 2018 (and prior) to December 2021.

**INTERROGATORY NO. 3:**

Identify all persons, including current and former employees, with responsibility for designing, developing, or implementing any system You used for tracking Infringement Notices or with knowledge of the technical abilities of any system You used to receive and process Infringement Notices and take steps in response to such notices.

**RESPONSE TO INTERROGATORY NO. 3:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the Interrogatory on the ground that it is compound. Shopify further objects to the terms "designing", "developing,"*

*"implementing"; and "technical abilities," as referenced in this Interrogatory, as vague and/or ambiguous because they could refer to a number of different tasks related to software development. Shopify further objects to the term "process," as referenced in this Interrogatory, as vague and/or ambiguous because it could have multiple different meanings in this context. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because as a software company many of Shopify's employees have knowledge of the technical abilities of its system used to track Infringement Notices. For the purposes of its response, Shopify will identify the employees who created the system used to handle notices of alleged infringement received by Shopify. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other privileges and protections, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 3, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that the following Shopify personnel were responsible for creating the system used to handle notices of alleged infringement received by Shopify: Jason Seger, Anthony Clark, Emily Hammond, Monica Gallant, Justin Howe, Sacha Saroop, Mike Bryan, Anne Cobbett, Charles Watty, and John Duff.

**<u>INTERROGATORY NO. 4</u>:**

Describe in detail Your current policies, procedures, and practices with respect to terminating or suspending the Shopify accounts of Shopify Merchants repeatedly identified in Infringement Notices, including by identifying when you put in place each such policy, procedure, and practice.

**<u>RESPONSE TO INTERROGATORY NO. 4:</u>**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including with respect to legal analysis performed in connection with Infringement Notices. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 4.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, non-work product documents in its possession, custody and control from which information responsive to Interrogatory No. 4 may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search. This will include, without limitation, Shopify's:

IP Takedown Playbook, implemented prior to December 2018;

Repeat Infringer Policy, implemented prior to December 2018;

Enhanced Repeat Infringer Policy Playbook, implemented in or around February 2020;

Subsequent Notice Playbook, implemented in or around February 2022;

Enhanced IP Vetting Playbook, implemented in or around December 2020;

Reused Terminated Domain Playbook, implemented in or around April 2021;

Acceptable Use Policy, implemented prior to December 2018, available at https://www.shopify.com/legal/aup;

Terms of Service, implemented prior to December 2018, available at https://www.shopify.com/legal/terms;

Online Infringement Form, implemented prior to December 2018, available at https://help.shopify.com/en/legal/dmca; and

Help Center Documentation, implemented in or around March 2022 (previously incorporated in the Online Infringement Form), available at https://help.shopify.com/en/manual/your-account/copyright-and-trademark.

**INTERROGATORY NO. 5:**

Describe in detail any changes over time to Your policies, procedures, and practices with respect to terminating the Shopify account of a Shopify Merchant repeatedly identified in Infringement Notices, including by identifying when those changes took place.

**RESPONSE TO INTERROGATORY NO. 5:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory to the extent it seeks public information or information that is readily available to Plaintiffs. Shopify further*

*objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 4. Shopify further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections, including with respect to legal analysis performed in connection with Infringement Notices. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 5.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, non-work product documents in its possession, custody and control from which information responsive to Interrogatory No. 5 may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search. This will include, without limitation, Shopify's:

IP Takedown Playbook;

Repeat Infringer Policy;

Enhanced Repeat Infringer Policy Playbook;

Subsequent Notice Playbook;

Enhanced IP Vetting Playbook;

Reused Terminated Domain Playbook;

Acceptable Use Policy;

Terms of Service;

Online Infringement Form; and

Help Center Documentation.

**<u>INTERROGATORY NO. 6</u>:**

Identify the person(s) most knowledgeable about or responsible for Your current or former policies, procedures, and practices with respect to terminating or suspending the Shopify account of a Shopify Merchant repeatedly identified in Infringement Notices.

**<u>RESPONSE TO INTERROGATORY NO. 6</u>:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects that the phrase "most knowledgeable or responsible for" as used in this Interrogatory, is vague and/or ambiguous because there are many discrete topics within Shopify's policies, procedures, and practices for which various person(s) have different degrees of knowledge. Shopify will use reasonable efforts to identify persons with relevant information regarding Shopify's policies, procedures, and practices enacted pursuant to the DMCA. Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories 1 and 2. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other privileges and protections, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 6, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify responds that the following individuals have relevant information regarding Shopify's policies, procedures, and practices with respect to terminating or suspending the Shopify account of a merchant repeatedly identified in Infringement Notices: Mike Bryan, Emily Hammond, Yolande Winegarden, and Monica Gallant.

**INTERROGATORY NO. 7:**

Where You terminate an account of a Shopify Merchant repeatedly identified in Infringement Notices, describe in detail any continued access to or use of the account, or digital files stored on Your computer servers in connection with the account, that You permit, support, or do not preclude thereafter.

**RESPONSE TO INTERROGATORY NO. 7:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information of any kind. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 7.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, non-work product documents in its possession, custody and control from which information responsive to Interrogatory No. 7 may be

ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search. This will include, without limitation, Shopify's:

IP Takedown Playbook;

Repeat Infringer Policy;

Enhanced Repeat Infringer Policy Playbook;

Subsequent Notice Playbook;

Enhanced IP Vetting Playbook;

Reused Terminated Domain Playbook;

Acceptable Use Policy;

Terms of Service;

Online Infringement Form; and

Help Center Documentation.

**INTERROGATORY NO. 8:**

When Shopify terminates an account of a Shopify Merchant repeatedly identified in Infringement Notices, describe in detail any steps Shopify takes to (i) identify and suspend or terminate any other Shopify accounts held by that same Shopify Merchant, and (ii) prevent that Shopify Merchant from opening a new account.

**RESPONSE TO INTERROGATORY NO. 8:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the*

*attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including with respect to the involvement of attorneys in the suspension or termination process. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 8.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, non-work product documents in its possession, custody and control from which information responsive to Interrogatory No. 8 may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search. This will include, without limitation, Shopify's:

Enhanced Repeat Infringer Policy Playbook;

Subsequent Notice Playbook;

Enhanced IP Vetting Playbook; and

Reused Terminated Domain Playbook.

**INTERROGATORY NO. 9:**

State how many Infringement Notices You received via email but, rather than processing the notice, responded with an email informing the submitter that the notice was not proper because it was submitted via email rather than through an online interface on Shopify.com.

**RESPONSE TO INTERROGATORY NO. 9:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the terms "processing" and "not proper," as referenced in this Interrogatory, as vague and/or ambiguous because they could have*

*multiple meanings in this context. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile, given Shopify's information management system. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33 because it calls for Shopify to perform additional legal and qualitative data analysis outside the scope of the Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent it incorporates, contains characterizations of, or calls for legal conclusions regarding what constitutes a "proper" notice. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information of any kind. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 9.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice—thereby processing each

notice. There are thus no circumstances under which Shopify, "rather than processing the notice, responded with an email informing the submitter that the notice was not proper because it was submitted via email rather than through an online interface on Shopify.com," and therefore, the number of Infringement Notices responsive to this Interrogatory is zero.

To the extent this Interrogatory seeks information regarding the reason certain tickets were actioned in a certain manner, including by emailing the complainant, as stated in Shopify's objections, this Interrogatory seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33, and would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue—totaling hundreds of thousands.

Shopify further responds pursuant to Fed. R. Civ. P. 33(d) that Shopify will produce non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, from which information regarding the reason these tickets were actioned in a particular manner (including by emailing the complainant) may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search.

**INTERROGATORY NO. 10:**

State how many Infringement Notices You received via email but, rather than processing the notice, responded with an email informing the submitter that the notice was not proper because it reported infringements involving multiple Shopify Merchants.

**RESPONSE TO INTERROGATORY NO. 10:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the terms "processing" and "not proper," as referenced in this Interrogatory, as vague and/or ambiguous because they could have multiple meanings in this context. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile, given Shopify's information management system. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33 because it calls for Shopify to perform additional legal and qualitative data analysis outside the scope of the Rules of Civil Procedure. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent it incorporates, contains characterizations of, or calls for legal conclusions regarding what constitutes a "proper" notice. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information of any kind. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 10.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice—thereby processing each notice. There are thus no circumstances under which Shopify, "rather than processing the notice, responded with an email informing the submitter that the notice was not proper because it reported infringements involving multiple Shopify Merchants," and therefore, the number of Infringement Notices responsive to this Interrogatory is zero.

To the extent this Interrogatory seeks information regarding the reason certain tickets were actioned in a certain manner, including by emailing the complainant, as stated in Shopify's objections, this Interrogatory seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33, and would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue—totaling hundreds of thousands.

Shopify further responds pursuant to Fed. R. Civ. P. 33(d) that Shopify will produce non-privileged information from its ticketing system for the tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, regardless of whether the ticket is associated with Plaintiffs' Infringement Notice or a third party's Infringement Notice, from which information regarding the reason these tickets were actioned in a particular manner (including by emailing the complainant) may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search.

**INTERROGATORY NO. 11:**

Identify all persons, including current and former employees, with responsibility for promoting Shopify Merchants' use of Your products and services to market and sell digital copies of books.

**RESPONSE TO INTERROGATORY NO. 11:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information of any kind. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 11.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that there is no team or person(s) at Shopify specifically responsible for "promoting Shopify Merchants' use of Shopify's products and services to market and sell digital copies of books." That is, Shopify does not have a specific team or specific employees responsible for promoting merchants' use of Shopify to market e-books, as distinct from Shopify's general marketing function. Shopify further responds that the following individual has relevant information regarding the lack of Shopify personnel with responsibility for promoting Shopify Merchants' use of Shopify's products and

services to market and sell digital copies of books: Niree Noel Perian.

**INTERROGATORY NO. 12:**

State the number of Infringement Notices You received concerning Shopify Merchants, including DMCA Notices, each month January 1, 2017 to the present, and identify the person(s) most knowledgeable about such notices or communications.

**RESPONSE TO INTERROGATORY NO. 12:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as compound with at least two subparts because it asks both for (1) the number of infringement notices and (2) the person most knowledgeable about such notices. Shopify further objects that the phrase "most knowledgeable about such notices or communications" as used in this Interrogatory, is vague and/or ambiguous because given the high volume of notices and communications at issue—totaling hundreds of thousands received annually—no person(s) can be said to be "most knowledgeable" about all such notices and communications. For the purpose of its response, Shopify will construe this phrase to mean the person(s) with primary responsibility for Shopify's policies, procedures, and practices regarding handling of notices of alleged infringement generally. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories Nos. 1 and 2. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other*

*privileges and protections to the extent it calls for privileged information, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 12, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice—thereby processing each notice. In total, 179,889 tickets related to alleged infringement of copyrighted works or trademarks were created by Shopify from December 1, 2018 through March 1, 2022. For each month, the number of tickets were as follows:

| | |
|---|---|
| December 2018 | 1740 |
| January 2019 | 2098 |
| February 2019 | 1894 |
| March 2019 | 2375 |
| April 2019 | 2444 |
| May 2019 | 2797 |
| June 2019 | 2789 |
| July 2019 | 3347 |
| August 2019 | 3224 |
| September 2019 | 3928 |
| October 2019 | 4829 |
| November 2019 | 4916 |
| December 2019 | 4837 |
| January 2020 | 4266 |
| February 2020 | 3777 |
| March 2020 | 4455 |
| April 2020 | 5285 |
| May 2020 | 6345 |

| | |
|---|---|
| June 2020 | 6073 |
| July 2020 | 6155 |
| August 2020 | 5358 |
| September 2020 | 7249 |
| October 2020 | 7145 |
| November 2020 | 5686 |
| December 2020 | 6057 |
| January 2021 | 6173 |
| February 2021 | 6048 |
| March 2021 | 5366 |
| April 2021 | 5267 |
| May 2021 | 4453 |
| June 2021 | 5152 |
| July 2021 | 4984 |
| August 2021 | 5055 |
| September 2021 | 5514 |
| October 2021 | 4940 |
| November 2021 | 4819 |
| December 2021 | 4611 |
| January 2022 | 4479 |
| February 2022 | 3959 |

Shopify further states that the following person(s) had primary responsibility for Shopify's policies, procedures, and practices regarding handling of notices of alleged infringement generally during this time period: Mike Bryan, Emily Hammond, Monica Gallant, and Yolande Winegarden.

**INTERROGATORY NO. 13:**

State the number of notices or communications You sent to a Shopify Merchant notifying such Shopify merchant of any claim contained in an Infringement Notice, including any DMCA Notice, each month from January 1, 2017 to the present, and identify the person(s) most knowledgeable about such notices or communications.

**RESPONSE TO INTERROGATORY NO. 13:**

*Shopify incorporates its General Objections, including with respect to Instructions and*

*Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as compound with at least two subparts because it asks both for (1) the number of infringement notices or communications sent to a Shopify Merchant and (2) the person most knowledgeable about such notices. Shopify further objects that the phrase "most knowledgeable" as used in this Interrogatory, is vague and/or ambiguous because given the high volume of notices and communications at issue—totaling hundreds of thousands received annually—no person(s) can be said to be "most knowledgeable" about all notices and communications. For the purpose of its response, Shopify will construe this phrase to mean the person(s) with primary responsibility for Shopify's policies, procedures, and practices regarding handling of notices of alleged infringement generally. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile given Shopify's information management system. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33 because it calls for Shopify to perform additional legal and qualitative data analysis outside the scope of the Rules of Civil Procedure. Shopify further objects to this Interrogatory to the extent it incorporates, contains characterizations of, or calls for legal conclusions regarding what constitutes a "DMCA Notice." Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories Nos. 1 and 2. Shopify further objects to this Interrogatory to the extent*

*that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 13, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, as stated in Shopify's objections, this Interrogatory seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Shopify's ticketing system does not compile the number of "notices or communications [Shopify] sent to a Shopify merchant notifying such merchant of any claim contained in an Infringement Notice." Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33, and would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue—totaling hundreds of thousands.

Shopify further responds that within its ticketing system, various actions that Shopify may take on a ticket result in a "pass" of the ticket. Actions that result in a "pass" means that Shopify notifies the merchant of a claim contained in an Infringement Notice (*i.e.*, "passes" along the claim to the merchant). Actions that result in a "pass" are Shopify's standard business record of notices or communications that Shopify sends to merchants notifying merchants of any claim contained in an Infringement Notice. Shopify took 120,440 actions that resulted in a "pass" related to alleged infringement of copyrighted works or trademarks from December 1, 2018 through March 1, 2022.

For each month, the number of actions resulting in a "pass" were as follows:

| | |
|---|---|
| December 2018 | 1173 |
| January 2019 | 1357 |
| February 2019 | 1248 |
| March 2019 | 1551 |
| April 2019 | 1608 |
| May 2019 | 1804 |
| June 2019 | 1933 |
| July 2019 | 2348 |
| August 2019 | 2258 |
| September 2019 | 2552 |
| October 2019 | 3109 |
| November 2019 | 3513 |
| December 2019 | 3083 |
| January 2020 | 2868 |
| February 2020 | 2724 |
| March 2020 | 3037 |
| April 2020 | 3418 |
| May 2020 | 4376 |
| June 2020 | 4125 |
| July 2020 | 4252 |
| August 2020 | 3636 |
| September 2020 | 5043 |
| October 2020 | 5057 |
| November 2020 | 3947 |
| December 2020 | 4061 |
| January 2021 | 4311 |
| February 2021 | 4254 |
| March 2021 | 3415 |
| April 2021 | 3738 |
| May 2021 | 3105 |
| June 2021 | 3467 |
| July 2021 | 3394 |
| August 2021 | 3367 |
| September 2021 | 3558 |
| October 2021 | 3040 |
| November 2021 | 3131 |
| December 2021 | 2572 |
| January 2022 | 2689 |
| February 2022 | 2318 |

Shopify further states that the following person(s) had primary responsibility for Shopify's

policies, procedures, and practices regarding handling of notices of alleged infringement generally during this time period: Mike Bryan, Emily Hammond, Monica Gallant, and Yolande Winegarden.

**INTERROGATORY NO. 14:**

State, on a per penalty basis, the number of Shopify Merchants whose services You terminated, temporarily suspended, or otherwise adversely affected in response to Infringement Notices, including a DMCA Notice(s), for each month from January 1, 2017 to the present, and identify the person(s) most knowledgeable about such penalties and the person(s) responsible for the implementation of such penalties.

**RESPONSE TO INTERROGATORY NO. 14:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as compound with at least three subparts because it asks for (1) "the number of Shopify Merchants whose services You terminated, temporarily suspended, or otherwise adversely affected in response to Infringement Notices"; (2) the person most knowledgeable about such penalties; and (3) the person(s) responsible for the implementation of such penalties. Shopify further objects that the phrases "on a per penalty basis"; "otherwise adversely affected"; and "most knowledgeable," as used in this Interrogatory, are vague and/or ambiguous because these phrases could have many different meanings in this context, and because within Shopify's policies, procedures, and practices regarding termination and temporary suspension of merchants in response to notices of alleged infringement, there are many discrete topics for which various person(s) have different degrees of knowledge. For the purpose of its response, Shopify will construe "person(s) most knowledgeable" to mean person(s) with primary responsibility for Shopify's policies, procedures,*

*and practices regarding termination and temporary suspension of merchants in response to notices of alleged infringement generally. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories Nos. 1 and 2. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including that which may be implicated through the disclosure of the name of any attorneys. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 14, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that Shopify terminated 2,855 Shopify Merchants pursuant to Shopify's Repeat Infringer Policy from December 1, 2018 through March 1, 2022. For each month, the number of Shopify Merchants were as follows:

| | |
|---|---:|
| December 2018 | 20 |
| January 2019 | 37 |

| | |
|---|---|
| February 2019 | 21 |
| March 2019 | 22 |
| April 2019 | 25 |
| May 2019 | 23 |
| June 2019 | 22 |
| July 2019 | 29 |
| August 2019 | 44 |
| September 2019 | 49 |
| October 2019 | 67 |
| November 2019 | 51 |
| December 2019 | 51 |
| January 2020 | 73 |
| February 2020 | 66 |
| March 2020 | 55 |
| April 2020 | 77 |
| May 2020 | 138 |
| June 2020 | 166 |
| July 2020 | 118 |
| August 2020 | 138 |
| September 2020 | 151 |
| October 2020 | 99 |
| November 2020 | 78 |
| December 2020 | 94 |
| January 2021 | 85 |
| February 2021 | 47 |
| March 2021 | 61 |
| April 2021 | 51 |
| May 2021 | 59 |
| June 2021 | 75 |
| July 2021 | 67 |
| August 2021 | 89 |
| September 2021 | 119 |
| October 2021 | 96 |
| November 2021 | 79 |
| December 2021 | 88 |
| January 2022 | 118 |
| February 2022 | 107 |

Shopify further responds that Shopify terminated 58,551 Shopify Merchants pursuant to its Enhanced Repeat Infringer Policy from December 1, 2018 through March 1, 2022. For each month, the number of Shopify Merchants were as follows:

| | |
|---|---:|
| February 2020 | 8491 |
| March 2020 | 2470 |
| April 2020 | 4341 |
| May 2020 | 3029 |
| June 2020 | 3986 |
| July 2020 | 11,833 |
| August 2020 | 8518 |
| September 2020 | 1657 |
| October 2020 | 8439 |
| November 2020 | 946 |
| December 2020 | 182 |
| January 2021 | 1146 |
| February 2021 | 446 |
| March 2021 | 508 |
| April 2021 | 414 |
| May 2021 | 83 |
| June 2021 | 79 |
| July 2021 | 94 |
| August 2021 | 136 |
| September 2021 | 115 |
| October 2021 | 41 |
| November 2021 | 119 |
| December 2021 | 163 |
| January 2022 | 118 |
| February 2022 | 1197 |

Shopify further responds that its ticketing system does not compile "the number of Shopify Merchants whose services [Shopify] . . . temporarily suspended . . . in response to Infringement Notices[.]" As stated in Shopify's objections, this Interrogatory seeks information to be compiled in a manner that is not maintained in the ordinary course of business by Shopify, and thus imposes burdens beyond the scope required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Such a compilation would also require legal and qualitative data analysis outside the scope of Fed. R. Civ. P. 33, and would be particularly burdensome and disproportionate in light of the high volume of notices and communications at issue—totaling hundreds of thousands.

Shopify further responds that within its ticketing system, Shopify may take a "Pass & Hide

Final" action on a ticket. "Pass & Hide Final" actions are Shopify's standard business record of instances in which a ticket may have resulted in the temporary suspension of a merchant's account. Shopify took 12,292 "Pass & Hide Final" actions related to alleged infringement of copyrighted works or trademarks from December 1, 2018 through March 1, 2022. For each month, the number of "Pass & Hide Final" actions were as follows:

| | |
|---|---|
| December 2018 | 342 |
| January 2019 | 321 |
| February 2019 | 276 |
| March 2019 | 326 |
| April 2019 | 160 |
| May 2019 | 139 |
| June 2019 | 185 |
| July 2019 | 206 |
| August 2019 | 194 |
| September 2019 | 217 |
| October 2019 | 277 |
| November 2019 | 356 |
| December 2019 | 298 |
| January 2020 | 359 |
| February 2020 | 325 |
| March 2020 | 301 |
| April 2020 | 310 |
| May 2020 | 489 |
| June 2020 | 490 |
| July 2020 | 457 |
| August 2020 | 431 |
| September 2020 | 444 |
| October 2020 | 376 |
| November 2020 | 324 |
| December 2020 | 310 |
| January 2021 | 280 |
| February 2021 | 404 |
| March 2021 | 332 |
| April 2021 | 326 |
| May 2021 | 250 |
| June 2021 | 300 |
| July 2021 | 275 |
| August 2021 | 382 |

| | |
|---|---|
| September 2021 | 420 |
| October 2021 | 270 |
| November 2021 | 349 |
| December 2021 | 305 |
| January 2022 | 266 |
| February 2022 | 220 |

Shopify further states that the following person(s) had primary responsibility for Shopify's policies, procedures, and practices regarding termination and temporary suspension of merchants in response to notices of alleged infringement generally during this time period: Mike Bryan, Emily Hammond, Monica Gallant, and Yolande Winegarden.

**<u>INTERROGATORY NO. 15</u>:**

Identify all persons, including current and former employees, who have reviewed, monitored, or taken any action with respect to any of the Shopify Merchants listed in Infringement Notices sent from or on behalf of Plaintiffs and, for each such person You identify, describe any such action(s) that person took.

**<u>RESPONSE TO INTERROGATORY NO. 15</u>:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to this Interrogatory as compound with at least two subparts because it asks both for (1) all persons who have reviewed, monitored, or taken any action with respect to any Shopify Merchants listed in Infringement Notices and (2) descriptions of such action(s) that person took. Shopify further objects that the words "reviewed"; "monitored"; and "taken any action" as used in this Interrogatory, are vague and/or ambiguous because they could have many different meanings in this context. Shopify will construe these phrases to mean persons who have actioned any of the tickets created from Infringement Notices submitted on behalf of Plaintiffs. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed*

*through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories Nos. 1 and 2. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other privileges and protections, including that which may be implicated through the disclosure of the name of any attorneys or otherwise. For the avoidance of doubt, should Shopify identify attorneys in its Response to Interrogatory No. 15, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with those attorneys.*

Subject to and without waiving its general and specific objections and only for purposes of fulfilling its discovery obligations in the current proceeding, Shopify responds that the following persons have actioned the tickets created from Infringement Notices submitted on behalf of Plaintiffs from December 1, 2018 through March 1, 2022: Mitchell Hamlyn, Justin Howe, Lia Cox, Mike Bryan, Emily Hammond, Matt Poirier, Yolande Winegarden, Abdulla Khatib, Kali Tripodis, Ollie Raskovsky, Brendan Holsberry, Carmen Morales, and Sage Johnston. Persons who have "actioned" a ticket means persons who were assigned in Shopify's ticketing system to review the ticket in question to determine what, if any, action should be taken in response to the Infringement Notice(s) reflected therein.

Shopify further states that each Infringement Notice is processed in a ticket. In turn, each ticket may be subject to multiple actions by Shopify employees (such as reviewing a ticket,

communicating with the sender of the Notice, communicating with the merchant, or dispositioning the ticket, including by terminating a merchant). Plaintiffs' request for identification of any and all "action(s)" that any Shopify employees took on any Infringement Notices sent from or on behalf of Plaintiffs is unduly burdensome and disproportionate, because it would require the identification of thousands of discrete actions taken on thousands of tickets recording thousands of Notices.

Shopify further states that actions taken in response to notices of alleged infringement are stated in Shopify's policies and procedures, as well as in the tickets created upon receipt of Infringement Notices. Pursuant to Fed. R. Civ. P. 33(d), Shopify will produce non-privileged, non-work product documents in its possession, custody and control from which information responsive to Interrogatory No. 15 may be ascertained, to the extent such documents exist and have been located after a good-faith, reasonable search. These include, without limitation, tickets associated with each Accused Shopify Merchant for the period of December 1, 2018 through March 1, 2022, along with Shopify's:

IP Takedown Playbook;

Repeat Infringer Policy;

Enhanced Repeat Infringer Policy Playbook;

Subsequent Notice Playbook;

Enhanced IP Vetting Playbook;

Reused Terminated Domain Playbook;

Acceptable Use Policy;

Terms of Service;

Online Infringement Form; and

Help Center Documentation.

**INTERROGATORY NO. 16:**

Describe in detail all measures You have undertaken to confirm whether DMCA-compliant Infringement Notices that you receive by email but do not process are re-submitted via your online reporting tool.

**RESPONSE TO INTERROGATORY NO. 16:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects to the term "process," as referenced in this Interrogatory, as vague and/or ambiguous because it could have many different meanings in this context. Shopify further objects to this Interrogatory as it imposes obligations and duties outside the scope of Fed. R. Civ. P. 33, and is more appropriately addressed through the production of business records pursuant to Fed. R. Civ. P. 33(d). Shopify further objects to the Interrogatory to the extent it is cumulative and duplicative of other Interrogatories, including, for example, Interrogatories Nos. 4, 5, 9 and 10. Shopify further objects to the extent this Interrogatory is unlimited in time, as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only from December 1, 2018 through December 1, 2021, and Shopify will limit its response to this Interrogatory to the limitations period. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including with respect to legal analysis with respect to infringement claims. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 16.*

Subject to and without waiving its general and specific objections and only for purposes of

fulfilling its discovery obligations in the current proceeding, Shopify states that as part of its standard business practices, it tracks Infringement Notices through a ticketing system rather than by notice. For all Infringement Notices it receives, Shopify creates tickets in its ticketing system, regardless of the manner in which it receives the Infringement Notice—thereby processing each notice. There are thus no "measures" that could be undertaken with respect to "Infringement Notices that [Shopify] receive[s] by email but do[es] not process."

**INTERROGATORY NO. 17:**

State, on a per penalty basis, the number of Shopify Merchants whose services You terminated, temporarily suspended, or otherwise adversely affected for violation(s) of Your Acceptable Use Policy other than copyright or trademark infringement for each month from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 17:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects that this Interrogatory seeks information not relevant to the claims or defenses of any party in this proceeding to the extent it seeks information regarding topics "other than copyright or trademark infringement" because this information falls squarely outside of Plaintiffs' claims and is thus overbroad, unduly burdensome, and not proportional to the needs of the case. Shopify further objects that the phrases "on a per penalty basis" and "otherwise adversely affected" as used in this Interrogatory, are vague and/or ambiguous because these phrases could have multiple different meanings in this context. Shopify further objects to the time frame of January 1, 2017 as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only to December 1, 2018. Shopify further objects to this Interrogatory to the extent it incorporates,*

*contains characterizations of, or calls for legal conclusions regarding potential violation(s) of Shopify's Acceptable Use Policy. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile, given Shopify's information management system. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including to the extent the bases for termination could implicate privileged communications. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 17.*

Based on its objections, Shopify will not respond to this Interrogatory.

**INTERROGATORY NO. 18:**

State the number of Shopify Merchants whose services You terminated for failing to pay amounts owing on the Shopify Merchant's account for each month from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 18:**

*Shopify incorporates its General Objections, including with respect to Instructions and Definitions, as if fully set forth herein. Shopify further objects that this Interrogatory seeks information not relevant to the claims or defenses of any party in this proceeding to the extent it seeks information regarding termination for "failing to pay" because this information falls squarely outside of Plaintiffs' claims and is thus overbroad, unduly burdensome, and not proportional to the needs of the case. Shopify further objects to the time frame of January 1, 2017*

*as overbroad, unduly burdensome, and not proportional to the needs of the case: the statute of limitations extends only to December 1, 2018. Shopify further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case because it requires Shopify to compile and analyze data in a manner that is not maintained in the ordinary course of business and which would be unduly burdensome to compile, given Shopify's information management system. Shopify further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections to the extent it calls for privileged information, including to the extent the bases for termination could implicate privileged communications. For the avoidance of doubt, Shopify does not intend to waive, and is not waiving, its protections under the work product doctrine, attorney-client privilege, or any applicable privilege in connection with Interrogatory No. 18.*

Based on its objections, Shopify will not respond to this Interrogatory.

* * * * * *

Dated: March 31, 2022

Objections and Responses by:

/s/ *Jessica Stebbins Bina*

David L. Johnson (VSB No. 89289)
Sarang Vijay Damle (*pro hac vice*)
Sarah A. Tomkowiak (*pro hac vice*)
Elana Nightingale Dawson (*pro hac vice*)
Nicholas L. Schlossman (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax
Email: david.johnson@lw.com
Email: sy.damle@lw.com
Email: sarah.tomkowiak@lw.com

Email: elana.nightingaledawson@lw.com
Email: nicholas.schlossman@lw.com

Andrew M. Gass (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison L. Stillman (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200 / (212) 751-4864 Fax
Email: alli.stillman@lw.com

Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5000 / (424) 653-5501 Fax
Email: jessica.stebbinsbina@lw.com
Email: elizabeth.greenman@lw.com

*Attorneys for Defendant Shopify, Inc.*

**VERIFICATION OF INTERROGATORY RESPONSES**

I, Monica Gallant, am the Director, Trust & Safety Operations at Shopify Inc. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed March 31, 2022

Monica Gallant

Monica Gallant
Director, Trust & Safety Operations